UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Y.A., A MINOR CHILD BY
NEXT FRIEND, IBRAHIM
ALZANDANI, W.A., A MINOR
CHILD BY NEXT FRIEND,
NADHEM ALNAJAR, AND A.M., A
MINOR CHILD BY NEXT FRIEND,
ABRAHAM MUZIB, Personally and
on behalf of all similarly situated
persons,

     Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS,
WAYNE COUNTY REGIONAL
EDUCATIONAL SERVICE AGENCY,
AND MICHIGAN DEPARTMENT OF
EDUCATION,

     Defendants.

No.: 2:23-cv-12817-DML-DRG

HON. DAVID M. LAWSON

MAG. DAVID R. GRAND

**DEFENDANT MICHIGAN
DEPARTMENT OF EDUCATION'S
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION
COMPLAINT**

---

Kassem M. Dakhlallah (P70842)
Hammoud, Dakhlallah & Associates,
PLLC
Attorney for Plaintiffs
6050 Greenfield Rd., Ste. 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Jennifer L. McManus (P65976)
Fagan McManus, P.C.
Attorney for Plaintiffs
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Brandon S. Corcoran (P85673)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational Service
Agency
500 Woodward#2800
Detroit, MI 48226
(313) 672-6946
corcoranb@millerjohnson.com

Kevin T. Sutton (P65364)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational Service
Agency
I409 E. Jefferson, Fifth Floor
Detroit, MI 48226
(248) 258-2850
suttonk@millerjohnson.com

Robert A. Dietzel (P67567)
Erin H. Walz (P55484)
Kelly S. Bowman (P87014)
Thrun Law Firm, P.C.
Attorneys for Defendant Hamtramck
Public Schools
2900 West Road, Suite 400
P.O. Box 2575
East Lansing, Michigan 48826-2575
(517) 484-8000
rdietzel@thrunlaw.com
ewalz@thrunlaw.com
kbowman@thrunlaw.com

Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Health, Education & Family Services
Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

---

### DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S
### MOTION TO DISMISS PLAINTIFF'S
### FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Michigan Department of Education (MDE) moves for the

dismissal of Plaintiffs' First Amended Class Action Complaint pursuant to Fed. R.

Civ. P. 12(b)(1) and (6), for the reasons that Plaintiffs' claims are not ripe for

adjudication and administrative remedies were not exhausted; Plaintiffs have failed

to state a claim for which relief may be granted; immunity bars Plaintiffs' ADA

1

and state law claims; and Plaintiffs Y.A. and W.A. lack standing to seek injunctive or prospective relief.

For these reasons and the reasons stated more fully in the accompanying brief in support, MDE respectfully requests that this Honorable Court enter an order dismissing all claims asserted against MDE with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), in addition to any other relief this court deems just and equitable under the circumstances.

Pursuant to Local Rule 7.1(a), MDE's counsel sought opposing counsel's concurrence with this motion and the relief requested on January 26, 2024, but concurrence was not obtained.  A conference between the attorneys was held on that same day.  Counsel for MDE explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,

*/s/ Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Health, Education & Family Services
Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  February 14, 2024

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Y.A., A MINOR CHILD BY
NEXT FRIEND, IBRAHIM
ALZANDANI, W.A., A MINOR
CHILD BY NEXT FRIEND,
NADHEM ALNAJAR, AND A.M., A
MINOR CHILD BY NEXT FRIEND,
ABRAHAM MUZIB, Personally and
on behalf of all similarly situated
persons,

      Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS,
WAYNE COUNTY REGIONAL
EDUCATIONAL SERVICE AGENCY,
AND MICHIGAN DEPARTMENT OF
EDUCATION,

      Defendants.

No.: 2:23-cv-12817-DML-DRG

HON. DAVID M. LAWSON

MAG. DAVID R. GRAND

**BRIEF IN SUPPORT OF DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Kassem M. Dakhlallah (P70842)
Hammoud, Dakhlallah & Associates,
PLLC
Attorney for Plaintiffs
6050 Greenfield Rd., Ste. 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Jennifer L. McManus (P65976)
Fagan McManus, P.C.
Attorney for Plaintiffs
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Brandon S. Corcoran (P85673)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational Service
Agency
500 Woodward#2800
Detroit, MI 48226
(313) 672-6946
corcoranb@millerjohnson.com

Kevin T. Sutton (P65364)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational Service
Agency
I409 E. Jefferson, Fifth Floor
Detroit, MI 48226
(248) 258-2850
suttonk@millerjohnson.com

Robert A. Dietzel (P67567)
Erin H. Walz (P55484)
Kelly S. Bowman (P87014)
Thrun Law Firm, P.C.
Attorneys for Defendant Hamtramck
Public Schools
2900 West Road, Suite 400
P.O. Box 2575
East Lansing, Michigan 48826-2575
(517) 484-8000
rdietzel@thrunlaw.com
ewalz@thrunlaw.com
kbowman@thrunlaw.com

Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Health, Education & Family Services
Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

---

# TABLE OF CONTENTS

Page

Table of Contents ......................................................................... ii

Index of Authorities ...................................................................... iv

Concise Statement of the Issue Presented .......................................... x

Controlling or Most Appropriate Authority For Relief Sought .............. xii

Introduction ................................................................................. 1

Statement of Facts ......................................................................... 2

     A.    IDEA's Regulatory Background. ........................................ 2

     B.    MDE's funding and general supervision responsibilities. ......... 2

     C.    Individualized education program (IEP) to provide FAPE in the least restrictive environment. ............................................ 4

     D.    Child Find. ................................................................... 5

     E.    Complaints. ................................................................. 6

     F.    Plaintiffs' Amended Complaint. ...................................... 7

Standard of Review ........................................................................ 9

Argument .................................................................................... 10

II.    Plaintiffs' Amended Complaint is premature as it is not ripe; Nor have Plaintiffs exhausted administrative remedies. ............................ 10

     A.    laintiffs' claims as to Defendant MDE are not ripe for judicial review because there has been no determination that HPS denied FAPE ................................................................. 10

     B.    Plaintiffs failed the IDEA's administrative exhaustion requirements requiring dismissal of Count I ......................... 12

          1.    Counts II and III are also subject to dismissal to the extent they seek relief permitted under the IDEA. ............. 15

2.      Plaintiffs failed to exhaust administrative procedures for their state law claims...................................................................16

III.    Plaintiffs failed to state a claim against MDE for which relief can be granted, and this case should be dismissed. ...................................16

A.      Plaintiffs fail to state a claim for violation of the IDEA.....................16

B.      Plaintiffs' ADA and Rehabilitation Act claims fail as a matter of law because they do not plead the necessary facts to sustain any statutory violation. ........................................................................19

C.      Plaintiffs have not plead any facts establishing a violation of the MMSEA. ...........................................................................................22

IV.     MDE is immune from Plaintiffs' ADA claims. ...........................................22

V.      Plaintiffs Y.A. and W.A. cannot seek declaratory or injunctive relief because they are no longer enrolled at HPS. ..................................................25

Conclusion and Relief Sought ................................................................................25

# INDEX OF AUTHORITIES

Page

## Cases

*Anderson v. City of Blue Ash,*
798 F.3d 338 (6th Cir. 2015).................................................................21

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................... 9, 10, 19, 22

*Babcock v. Michigan,*
812 F.3d 531 (6th Cir. 2016)........................................................ 23, 24

*Bd. of Trs. v. Garrett,*
531 U.S. 356 (2001) .........................................................................23

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .........................................................................17

*Bigelow v. Mich. Dep't of Natural Res.,*
970 F.2d 154 (6th Cir. 1992)...........................................................10

*Campbell v. Bd. of Educ. of the Centerline Sch. Dist.,*
58 F. App'x 162 (6th Cir. 2003)................................................. 19, 21

*Cave v. E. Meadow Union Free Sch. Dist.,*
514 F.3d 240 (2d Cir. 2008) ............................................................15

*Corey H. by Shirley P. v. Board of Educ.,*
995 F. Supp. 900 (N.D. Ill. 1998)....................................................17

*Covington v. Knox County Sch. Sys.,*
205 F.3d 912 (6th Cir. 2000)...........................................................14

*Crocker v. Tennessee Secondary Sch. Athletic Ass'n,*
873 F.2d 933 (6th Cir. 1989)...........................................................14

*Doe v. Arizona Dep't of Educ.,*
111 F.3d 678 (9th Cir. 1997)..................................................... 17, 18

*Ernst v. Rising,*
427 F.3d 351 (6th Cir. 2005)...........................................................24

*Ex parte Young*,
    209 U.S. 123 (1908) ........................................................................23

*F.C. v. Tenn. Dep't of Educ.*,
    745 F. App'x 605 (6th Cir. 2018).....................................................15

*Fetto v. Sergi*,
    181 F. Supp. 2d 53 (D. Conn. 2001) ...............................................17

*Fry v. Napoleon Cmty. Sch.*,
    580 U.S. 154 (2017) ................................................................ 12, 15

*Gohl v. Livonia Pub. Schs.*,
    134 F. Supp. 3d 1066 (E.D. Mich. 2015) .........................................19

*Grace Cmty. Church v. Lenox Twp.*,
    544 F.3d 609 (6th Cir. 2008)............................................................11

*Honig v. Doe*,
    484 U.S. 305 (1988) ........................................................................13

*J.M. v. Tenn Dep't of Ed.*,
    358 F. Supp. 3d 736 (M.D. Tenn. 2018) .........................................17

*Jackie S. v. Connelly*,
    442 F. Supp. 2d 503 (S.D. Ohio 2006)............................................14

*Jenkins v. Carney-Nadeau Pub. Sch.*,
    201 Mich. App. 142 (1993) .............................................................16

*K.D. ex rel. J.D. v. Starr*,
    55 F. Supp. 3d 782 (D. Md. 2014) ..................................................20

*Kalliope R. v. N.Y. State Dep't of Educ.*,
    827 F. Supp. 2d 130 (E.D.N.Y. 2010)..............................................17

*Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*,
    927 F.3d 396 (6th Cir. 2019)...........................................................25

*Ky. Press Ass'n, Inc. v. Ky.*,
    454 F.3d 505 (6th Cir. 2006)...........................................................10

*Lawson v. Shelby Cnty.*, Tenn.,
    211 F.3d 331 (6th Cir. 2000)..................................................... 22, 23

*Luna Perez v. Sturgis Pub. Sch.*,
   598 U.S. 142 (2023) ........................................................................................15

*M.O. ex rel. Ondrovic v. Indiana Dep't of Educ.*,
   No. 2:07-CV-175-TS, 2008 WL 4056562 (N.D. Ind. Aug. 29, 2008)...............14

*Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n.
   Inc.*,
   287 F.3d 568 (6th Cir. 2002) ..............................................................................9

*Monahan v. Nebraska*,
   687 F.2d 1164 (8th Cir. 1982) ...........................................................................20

*Motyka v. Howell Pub. Sch. Dist.*,
   No. 14-10559, 2014 WL 2804349 (E.D. Mich. June 20, 2014).........................14

*NicSand, Inc. v. 3M Co.*,
   507 F.3d 442 (6th Cir. 2007) .............................................................................19

*Pachl v. Seagren*,
   453 F.3d 1064 (8th Cir. 2006) ...........................................................................17

*Pennhurst State School & Hosp v. Halderman*,
   465 U.S. 89 (1984) ..................................................................................... 23, 24

*Rumburg v. Sec'y of the Army*,  No. 10-11670, 2011 WL 1595067 (E.D.
   Mich. Apr. 27, 2011) .........................................................................................20

*S.S. v. E. Ky. Univ.*,
   532 F. 3d 445 (6th Cir. 2008) ............................................................................19

*Sellers ex rel. Sellers v. School Board of Manassas, Virginia*,
   141 F.3d 524 (4th Cir. 1998) .............................................................................20

*United States v. Georgia*,
   546 U.S. 151 (2006) ...........................................................................................23

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) .............................................................................................22

*Woolcott v. State Bd. of Educ.*,
   134 Mich. App. 555 (1984) ................................................................................16

*Zdrowski v. Rieck*,
  119 F. Supp. 3d 643 (E.D. Mich. 2015) ..............................................................20

**Statutes**

20 U.S.C. § 1411(a) ..........................................................................................................3

20 U.S.C. § 1411(b) ..........................................................................................................3

20 U.S.C. § 1412 ..............................................................................................................3

20 U.S.C. § 1412(2) ..........................................................................................................2

20 U.S.C. § 1412(4) ..........................................................................................................2

20 U.S.C. § 1412(a)(1) ......................................................................................................2

20 U.S.C. § 1412(a)(3)(A) ................................................................................................5

20 U.S.C. § 1412(a)(4) ......................................................................................................4

20 U.S.C. § 1413 ..............................................................................................................3

20 U.S.C. § 1414 ..........................................................................................................4, 5

20 U.S.C. § 1414(a)-(c) ....................................................................................................5

20 U.S.C. § 1414(b) ..........................................................................................................5

20 U.S.C. § 1414(d) ..........................................................................................................4

20 U.S.C. § 1414(d)(1)(A)(i) ............................................................................................4

20 U.S.C. § 1414(d)(1)(B) ................................................................................................4

20 U.S.C. § 1415 ..............................................................................................................6

20 U.S.C. § 1415(b)(6) ....................................................................................................12

20 U.S.C. § 1415(b)(6)(A) ..............................................................................................12

20 U.S.C. § 1415(f) ..........................................................................................................12

20 U.S.C. § 1415(i)(2) ......................................................................................................12

20 U.S.C. § 1415(l) ............................................................ 11, 12, 14

20 U.S.C. § 1416 ...................................................................3, 16

Mich. Comp. Laws § 380.1701 ...................................................22

Mich. Comp. Laws § 380.1701, *et seq.* ....................................8, 22

Mich. Comp. Laws § 381.1 *et seq.* ...............................................3

Mich. Comp. Laws § 388.1651a .....................................................3

**Rules**

Fed. R. Civ. P. 12(b)(1) ...........................................................9, 11

**Regulations**

34 C.F.R. § 300.111(c)(1) .............................................................5

34 C.F.R. § 300.149 ..................................................................3, 4

34 C.F.R. § 300.300 .....................................................................5

34 C.F.R. § 300.301 .....................................................................5

34 C.F.R. § 300.301(b) .................................................................5

34 C.F.R. § 300.500 .....................................................................6

34 C.F.R. § 300.600, et seq. .........................................................3

34 C.F.R. § 300.608 .....................................................................3

34 C.F.R. § 300.700 .....................................................................3

34 C.F.R. § 300.705 .....................................................................3

34 C.F.R. § 303.120 .....................................................................4

34 C.F.R. §§ 300.151-300.153 ......................................................6

Mich. Admin. Code R. 340.1721 ...................................................5

Mich. Admin. Code R. 340.1721, *et seq* ......................................5

Mich. Admin. Code R. 340.1721-.1725e, *et seq.* .................................................16

Mich. Admin. Code R. 340.1721a .........................................................................6

Mich. Admin. Code R. 340.1721e ......................................................................4, 5

Mich. Admin. Code R. 340.1724f(2) ......................................................................6

Mich. Admin. Code R. 340.1724f(6) ......................................................................6

Mich. Admin. Code R. 340.1724f(7) ......................................................................6

Mich. Admin. Code R. 340.1801, *et seq*..................................................................3

Mich. Admin. Code R. 340.1851, *et seq*..................................................................6

Mich. Admin. Code R. 340.1853 ...........................................................................7

## Constitutional Provisions

U.S. Const. amend. XI ......................................................................................22

**CONCISE STATEMENT OF THE ISSUE PRESENTED**

1.   Are Plaintiffs' claims not ripe for judicial review because there has

     not been a determination as to whether any of the Plaintiffs were

     denied FAPE by Hamtramck Public Schools (HPS)?

     Defendant MDE's answer:          Yes.

     Plaintiffs' presumed answer:    No.

2.   Are Plaintiffs' claims alleging denial of Free Appropriate Public

     Education (FAPE) barred due to Plaintiffs' failure to exhaust their

     administrative remedies?

     Defendant MDE's answer:          Yes.

     Plaintiffs' presumed answer:    No.

3.   Should all of Plaintiffs' claims against the Michigan Department of

     Education (MDE) be dismissed for failure to state a claim?

     Defendant MDE's answer:          Yes.

     Plaintiffs' presumed answer:    No.

4.   Are Plaintiffs' Americans with Disabilities Act (ADA) claims against

     the MDE barred by Eleventh Amendment immunity?

     Defendant MDE's answer:          Yes.

     Plaintiffs' presumed answer:    No.

5.    Are Plaintiffs' state law claims against the MDE barred by Eleventh

Amendment immunity?

Defendant MDE's answer:        Yes.

Plaintiffs' presumed answer:    No.

6.    Are Plaintiffs Y.A.'s and W.A.'s requests for injunctive and

declaratory relief barred because they no longer attend HPS?

Defendant MDE's answer:        Yes.

Plaintiffs' presumed answer:    No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

- *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154 (6th Cir. 1992).

- *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 137 S. Ct. 743 (2017).

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

- *Campbell v. Bd. of Educ. of the Centerline Sch. Dist.*, 58 Fed. App'x 162 (6th Cir. 2003).

- *United States v. Georgia*, 546 U.S. 151 (2006).

- *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005).

## INTRODUCTION

Plaintiffs Y.A., W.A., and A.M. filed this putative class action lawsuit premised on allegations that students have received inadequate special education services while enrolled in the Hamtramck Public Schools (HPS).  They bring claims under both state and federal law against Defendants HPS, the Wayne County Regional Educational Service Agency (WRESA), and the Michigan Department of Education (MDE).  Plaintiffs allege violations of the Individuals with Disabilities Act (IDEA), § 504 of the Rehabilitation Act (Rehabilitation Act), the Americans with Disabilities Act (ADA), and Michigan law.  The claims' premise is that MDE allegedly failed to appropriately monitor and oversee HPS and WRESA, and did not provide HPS and WRESA with sufficient resources.  Even so, Plaintiffs' Amended Complaint does not state a cause of action against MDE for four reasons.

First, Plaintiffs' claims are premature and not ripe for adjudication.  Plaintiffs failed to engage in the well-establish administrative procedures to remedy purported violations of the IDEA against HPS before initiating this litigation.  Without completing these procedures, Plaintiffs have not established they were denied special education services by HPS, and thus cannot establish that HPS's alleged failures were caused by a purported lack of oversight or resources

by MDE.  Plaintiffs' failure permeates the Amended Complaint, leading to vague and conclusory allegations against MDE.

Second, Plaintiffs fail to allege specific actions (or inactions) of MDE that could impute liability; instead, Plaintiffs' claims rest on conclusory statements and recitations of law.  Third, Eleventh Amendment immunity bars Plaintiffs' ADA and state law claims.  Fourth, Plaintiffs Y.A. and W.A. lack standing to seek prospective relief.  For all these reasons, this Court should dismiss all claims against MDE.

## STATEMENT OF FACTS

### A.     IDEA's Regulatory Background.

The IDEA provides federal money to assist states in educating children with disabilities.  To qualify, a state education agency (SEA) establishes federally-approved policies and procedures to ensure that all children with disabilities in the state have access to a free appropriate public education (FAPE), in the least restrictive environment, and tailored to the unique needs of each child by means of an individualized education program (IEP).  See, 20 U.S.C. §§ 1412(a)(1), (2), (4). The SEA in Michigan is MDE.

### B.     MDE's funding and general supervision responsibilities.

As a general matter, the SEA provides general oversight to the system, and local education agencies (LEAs or school districts) are responsible for providing the education directly to students.  An LEA (here, HPS) is eligible for funding

under the IDEA if it submits a plan to the SEA (here, MDE) that ensures (a) the LEA has policies, procedures, and programs in effect providing for the education of children with disabilities within its jurisdiction, consistent with the SEA's policies and procedures, and (b) assures the funds provided will be properly expended.  20 U.S.C. §§ 1412, 1413.  In Michigan, there is an entity between the SEA and the LEAs:  the Intermediate School Districts (ISD) (here, WRESA).  The ISDs ensures the provision of FAPE through their LEAs.  Mich. Comp. Laws § 381.1, *et seq*.

Funding under the IDEA is set by a formula.  See, 20 U.S.C. § 1411(a), (funding formula for the States), 1411(b) (funding formula for LEAs); see also, 34 C.F.R. §§ 300.700, 705.  In Michigan, the federal funding for special education flows through the ISDs to the LEAs, again based on a formula.  Mich. Comp. Laws § 388.1651a; MARSE, Mich. Admin. Code R. 340.1801, *et seq*.

As the SEA, MDE only has general supervisory and monitoring responsibilities under the IDEA.  See, 20 U.S.C. § 1416.  Under Part B of the IDEA, SEAs must implement a general supervisory system to ensure that (a) Part B requirements are implemented and (b) educational program for children with disabilities meets the SEA's educational standards.  See, 34 C.F.R. §§ 300.149, 300.600 through 300.604, and 300.608.  While each SEA has the flexibility to develop its own model, SEAs must ensure that the general supervision systems

3

include policies, procedures, and practices that are reasonably designed to consider

and address areas of concern in a timely manner.  34 C.F.R. §§ 300.149 and

303.120.

   **C.   Individualized education program (IEP) to provide FAPE in the least restrictive environment.**

A federally approved state plan also ensures that all children with disabilities

have access to an IEP that meets the requirements of 20 U.S.C. § 1414.  This plan

is developed, reviewed, and revised for each child with a disability in accordance

with 20 U.S.C. § 1414(d).  20 U.S.C. § 1412(a)(4).   If an LEA determines that a

child has an enumerated disability under the IDEA, the IEP team must develop an

IEP for the child.  20 U.S.C. § 1414(d).  An IEP is "a written statement for each

child with a disability that is developed, reviewed, and revised in accordance with

[§ 1414(d)]." 20 U.S.C. § 1414(d)(1)(A)(i).  Each IEP is developed by an IEP

team that is composed of the child's parents, at least one of the child's regular

education teachers, at least one of the child's special education teachers, a qualified

representative of the LEA, an individual who can interpret the instructional

implications of the evaluation results, and, at the discretion of the parent or the

LEA, other individuals who have knowledge or special expertise regarding the

child.  20 U.S.C. § 1414(d)(1)(B).

Part 2 of the MARSE, Mich. Admin. Code R. 340.1721e, outlines the

procedures for IEPs.  Consistent with their federal counterparts, these rules govern

the LEA's (a) IEP evaluations and (b) FAPE creation.  The LEA's IEP representatives must also recommend student eligibility and prepare a written report for the IEP team.  *Id*.

###    D.    Child Find.

The IDEA's *Child Find* provisions oblige states to develop an SEA plan that ensures that all children with disabilities who need special education and related services are identified, located, and evaluated.  20 U.S.C. § 1412(a)(3)(A).  This includes those children "suspected of being a child with a disability [as that term is specifically defined in 34 C.F.R. § 300.8] and in need of special education, even though they are advancing from grade to grade[.]"  34 C.F.R. § 300.111(c)(1).  Each LEA must conduct an initial evaluation before providing special education and related services.  20 U.S.C. § 1414; 34 C.F.R. § 300.301.  Consistent with the notice and consent requirements in § 1414(b) and § 300.300, either a parent of a child or a public agency may request an initial evaluation to determine if the child has a disability.  20 U.S.C. § 1414(a)-(c); 34 C.F.R. § 300.301(b).  The LEA must then conduct the initial evaluation according to procedures outlined in § 1414(b).

Michigan provides policies and procedures on Child Find in Part 2 of the MARSE, Mich. Admin. Code R. 340.1721, *et seq*.  The LEAs provide notice to parents of the evaluation procedures.  Mich. Admin. Code R. 340.1721.  The LEA's multidisciplinary team then conducts an initial evaluation of a child

suspected of having a disability.  *Id.* at 340.1721a.  The designated

multidisciplinary evaluation team member (who can explain the instructional

implications of the evaluation's results) then makes an eligibility determination

and prepares a written report for the IEP if the student is eligible.  *Id*.

### E.    Complaints.

Each SEA must also develop and promulgate procedures to ensure that

children with disabilities, and their parents, can access procedural safeguards for

FAPE's provision; these safeguards include the opportunity for any party to

present a due process complaint about the identification, evaluation, or educational

placement of the child—or the provision of FAPE.  20 U.S.C. § 1415; 34 C.F.R. §

300.500.  Michigan implements and maintains the due process requirements of the

IDEA through the procedures set forth in MARSE, Mich. Admin. Code R.

340.1724f.  MDE refers filed due process complaints to the administrative hearing

system; then, an independent hearing officer (ALJ) decides the merits of the

complaint.  Decisions of the ALJs are subject to review and appeal in federal court.

Mich. Admin. Code R. 340.1724f(2), (6), and (7).

Separate from the due process procedures, each SEA must also adopt written

procedures for resolving "state complaints."  See, 34 C.F.R. §§ 300.151-300.153.

Michigan provides such procedures in MARSE Part 8, Mich. Admin. Code R.

340.1851, *et seq*.  Under these rules, a formal written complaint may be filed

alleging a public agency has violated a requirement of the IDEA.  Mich. Admin.

Code R. 340.1851.  MDE—and the applicable ISD—then investigate the filed state

complaints.  Mich. Admin. Code R. 340.1853.  MDE must issue a final written

decision within 60 calendar days of the complaint's filing and may include

corrective action plans for the LEA to implement.  *Id.*

### F.    **Plaintiffs' Amended Complaint.**

Plaintiffs allege that MDE, as the State agency charged with oversight of

HPS, "systemically" failed to provide HPS with sufficient funding for (a)

identifying children at risk of a disability in fulfillment of the child find mandate

and (b) special education services compliant with students' individualized

education programs in the least restrictive environment.  (*Id.*, PageID.535, ¶¶25-

26.)  Plaintiffs allege that MDE "systemically" failed to (a) ensure compliance with

the IDEA and (a) address state complaints regarding HPS.  (*Id.*, PageID.535, ¶¶27-

28.)

Plaintiffs purport to sue on behalf of children residing within Hamtramck,

Michigan, who were, are or may be, eligible for special education and related

services under the IDEA.  (*Id.*, PageID.540-541, ¶38.).  The named Plaintiffs—

Y.A., W.A., and A.M.—claim that they were enrolled students within HPS and

require special education.  (*Id.*, PageID.536-539, ¶¶32-34.)  Plaintiffs Y.A. and

W.A. currently attend Dearborn Public Schools (DPS).  (*Id.*, PageID.536-538,

¶¶32-33.)  The unique allegations for the three, individually named plaintiffs are in paragraphs 131 through 222 of the Amended Complaint.  (*Id.*, PageID.604-620.)

Plaintiffs bring four claims against Defendant MDE as the SEA.  Count I alleges violations of the IDEA and contains four, alleged "systemic" violations: failure to provide students with FAPE, failure to implement child find procedures, failure to safeguard procedural due process rights, and discrimination based on disability.  (*Id.*, PageID.620-634.)  Even so, Plaintiffs' IDEA allegations against MDE are limited: they allege a general failure to monitor and provide Defendants HPS and WRESA with resources and expertise.  (See, *Id.*, PageID.623-77, ¶¶ 230, 242, 251, 253.)

Count II alleges violations of the Rehabilitation Act.  (*Id.*, PageID.634-635.)  But Plaintiffs' Count II allegations against MDE are limited to an alleged failure to "adequately oversee and supervise Defendants WRESA and HPS . . . ."  (*Id.*, PageID.634-635, ¶260.)

Count III alleges violations of the ADA.  (*Id.*, PageID.635.)  Yet, Count III only broadly alleges that "all Defendants have—through their respective actions and inactions—exercised gross misjudgment and discriminated against Plaintiffs and similarly situated children. . . ."  (*Id.*, PageID.635, ¶262.)

Count IV alleges violations of Michigan Mandatory Special Education Act (MMSEA), Mich. Comp. Laws § 380.1701, *et seq.,* and broadly alleges that all

Defendants "failed to meet their obligations under Michigan law to provide children with programs designed to reach the higher threshold of developing the maximum potential of each child."  (*Id.*, PageID.638, ¶270.)

As to relief, the Amended Complaint seeks (1) class certification, (2) a broad declaratory judgment that Defendants have violated Plaintiffs' rights, and (3) Court orders granting injunctive relief pertaining to HPS.  (*Id.*, PageID.638-641.) Plaintiffs also seek money damages for Counts II, III and IV.  (*Id.*, PageID.641, ¶271.J.)

## STANDARD OF REVIEW

Rule 12(b)(1) allows for dismissal for lack of jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  A party may assert lack of subject matter jurisdiction at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "plausibility" review is "a context-specific task" that requires the reviewing court

to determine whether the plaintiff has not just "alleged," but pleaded facts sufficient to "show[]," an entitlement to relief that is actually plausible, and not merely "conceivable" or "possible." *Id*. at 679, 680. "[F]acts that are merely consistent with a defendant's liability" are not enough. *Id.* at 678. And in making this assessment, courts are only to consider facts that are truly well pleaded: they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* at 678–79.

## ARGUMENT

**II.    Plaintiffs' Amended Complaint is premature as it is not ripe; Nor have Plaintiffs exhausted administrative remedies.**

   **A.    laintiffs' claims as to Defendant MDE are not ripe for judicial review because there has been no determination that HPS denied FAPE.**

The ripeness doctrine requires that the jurisdiction of the federal courts be limited to actual cases and controversies. *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992). The doctrine is "designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Ky. Press Ass'n, Inc. v. Ky.*, 454 F.3d 505, 509 (6th Cir. 2006) (citation omitted). Generally, ripeness is analyzed according to three factors: (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record "to produce a fair adjudication of the merits of the parties' respective claims"; and (3)

the resulting "hardship to the parties if judicial relief is denied at this stage in the proceedings." *Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008) (citation omitted).

Here, Plaintiffs cannot meet the factors required to demonstrate ripeness. First, there is no harm to Plaintiffs if their claims are dismissed because they have a remedy afforded by the IDEA—administrative review of the alleged non-compliance through the established impartial due-process complaint procedure. 20 U.S.C. § 1415(l). The pleadings show that none of the representative Plaintiffs filed due process complaints, nor has there been any a determination made by a hearing officer that HPS denied FAPE. Second, the Amended Complaint is devoid of any facts showing that Plaintiffs suffered any harm because of MDE's actions. As identified further below, Plaintiffs have failed to plead specific instances where MDE failed to meet its statutory duty. Third, a dismissal will not cause hardship to Plaintiffs for the reasons already stated. Plaintiffs can file due process complaints and could bring suit later based upon whatever determination(s) are made.

Thus, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of ripeness because there has been no determination by a hearing officer that any of the representative Plaintiffs were denied FAPE by HPS. And without such a determination, the SEA (MDE) who has the general supervisory role of the education system, cannot be determined to have denied FAPE. Plaintiffs' remedy

is to first exhaust IDEA administrative requirements, and that process should be finalized.

**B.    Plaintiffs failed the IDEA's administrative exhaustion requirements requiring dismissal of Count I.**

A person seeking relief for an alleged IDEA violation must first seek administrative review of the alleged non-compliance through the established impartial due-process complaint procedure.  20 U.S.C. § 1415(l); see also, 20 U.S.C. §§ 1415(b)(6), 1415(f), and 1415(i)(2).  The exhaustion requirement applies to allegations pertaining to "any matter relating to the identification, evaluation, or education placement of [a] child, or the provision of a [FAPE] to such child[.]" 20 U.S.C. § 1415(b)(6)(A).  Courts also consistently hold that exhaustion is required for all claims that expressly assert a violation of the IDEA.  See, *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 170 (2017).  Here, Plaintiffs' Amended Complaint facially fails:  not one of the named Plaintiffs or purported class members filed a due process complaint prior to the filing of this lawsuit.

Plaintiffs identify only three "complaints": the first in 2022, by Samraa Luqman, an advocate for students, who allegedly made an "oral complaint" and sent emails to the HPS Office of Civil Rights (OCR) about discrimination against students with disabilities—and which later spawned an internal HPS investigation. (ECF No. 46, PageID.570-592, ¶¶101-106.)  Luqman purportedly represented Plaintiffs A.M. and Y.A.  (*Id.*, PageID.572, ¶105.)  However, Plaintiffs do not

identify Luqman's complaint as a "due process complaint" or allege a due process hearing was held.  (*Id.*, PageID.570-592, ¶¶101-106.)

Next, the Amended Complaint alleges that in 2023, Luqman filed "state complaints" with the MDE Office of Special Education (OSE) on behalf of Y.A. and A.M. because HPS did not complete and/or obtain appropriate IEPs for Y.A. and A.M.  (*Id.*, PageID.592-593, 608, 615, ¶¶107, 112, 154, 190.)  Both state complaints were investigated, and OSE issued decisions ordering corrective action plans.  (*Id.*, PageID.592-593, 608, 615, ¶¶107, 114-116, 155, 157, 191; ECF No. 46-3; ECF No. 46-4.)  Later, the Amended Complaint clarifies that IEPs were completed for both Y.A. and A.M: showing that MDE adequately addressed the state complaints.  (*Id.*, PageID.609, 615-616, ¶¶160, 192-193.)  Once again, Plaintiffs do not so identify the filings by Luqman on behalf of Y.A. and A.M. as a "due process complaint" or indicate that a due process hearing was held.

Because the Amended Complaint does not allege compliance with the IDEA's due process complaint procedures, this Court must dismiss Count I unless Plaintiffs can show an exception to the exhaustion requirements.  Plaintiffs bear the burden to show a basis to excuse exhaustion and must demonstrate an entitlement to "bypass the administrative procedures."  *Honig v. Doe*, 484 U.S. 305, 327 (1988).  The existing exceptions to the general rule that a party asserting a violation of the IDEA must exhaust administrative remedies are narrow.  *Crocker*

13

*v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). The two principle "narrow exceptions" to exhaustion are: (1) where "it would be futile or inadequate to protect the plaintiff's rights[;]" or (2) where "plaintiffs were not given full notice of their procedural rights under the IDEA." *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000) (citation omitted). Some districts in this Circuit have determined that exhaustion is futile or inadequate when the "plaintiffs allege 'structural or systemic failure and seek system wide reform[.]'" *Jackie S. v. Connelly*, 442 F. Supp. 2d 503, 518 (S.D. Ohio 2006). The Sixth Circuit and this Court have not adopted this position; and should not do so here. And even if the Court were to adopt this position, Plaintiffs claims still fail because a party cannot "simply assert that their allegations are systemic in order to survive the exhaustion requirement." See, e.g., *M.O. ex rel. Ondrovic v. Indiana Dep't of Educ.*, No. 2:07-CV-175-TS, 2008 WL 4056562 (N.D. Ind. Aug. 29, 2008) (collecting cases) (attached as Exhibit A).

In sum, the Amended Complaint is devoid of any allegations concerning the filing of a due process complaint. And even construed in the light most favorable, Plaintiffs still lose because, by law, the identified "state complaints" fail to satisfy the exhaustion requirement under the IDEA. 20 U.S.C. § 1415(l); *Motyka v. Howell Pub. Sch. Dist.*, No. 14-10559, 2014 WL 2804349, at *2 (E.D. Mich. June 20, 2014) (citing *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427 (6th

14

Cir.2006)) (attached as Exhibit B). Plaintiffs thus failed to exhaust the IDEA

administrative requirements before suing in this Court; Count I should be

dismissed for failure to state a claim. See, *F.C. v. Tenn. Dep't of Educ.*, 745 F.

App'x 605, 608 (6th Cir. 2018) (failure to exhaust administrative remedies

warrants dismissal under Rule 12(b)(6)).

### 1. Counts II and III are also subject to dismissal to the extent they seek relief permitted under the IDEA.

Counts II and III allege denial of FAPE in violation of Title II of the ADA

and § 504. (*Id.*, PageID.634-635.) As noted above, the IDEA's exhaustion

requirement applies equally to claims brought under other federal statutes, but

which are still based on the denial of a FAPE. See, *Fry*, 580 U.S. at 170. Such

claims premised on denial of FAPE may proceed without exhausting

administrative remedies if the remedy a plaintiff seeks is not one the IDEA

provides. See, *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 150 (2023). Here,

Plaintiffs seek declaratory and injunctive relief, as well as attorney's fees and

costs—relief permitted under the IDEA. See, *Cave v. E. Meadow Union Free Sch.*

*Dist.*, 514 F.3d 240, 246–247 (2d Cir. 2008). Counts II and III must therefore be

dismissed to the extent they are requesting relief that is permitted under the IDEA.

**2.    Plaintiffs failed to exhaust administrative procedures for their state law claims.**

The IDEA's exhaustion requirement is incorporated into the MMSEA. Mich. Admin. Code R. 340.1721-.1725e.   Michigan law requires parties to first exhaust the administrative remedies provided for under the MMSEA when a claim is based upon a denial of educational opportunities to persons with disabilities. See, *Jenkins v. Carney-Nadeau Pub. Sch.*, 201 Mich. App. 142, 144 (1993).  Also, money damages are not recoverable under the MMSEA.  *Woolcott v. State Bd. of Educ.*, 134 Mich. App. 555, 566 (1984).  Count IV is therefore subject to dismissal for failure to exhaust administrative procedures.

**III.    Plaintiffs failed to state a claim against MDE for which relief can be granted, and this case should be dismissed.**

**A.    Plaintiffs fail to state a claim for violation of the IDEA.**

The Amended Complaint does not allege that a denial of FAPE or any other violation of the IDEA was caused by, or otherwise attributable to, MDE.  As an SEA, MDE has only general supervisory and monitoring responsibilities under the IDEA.  See, 20 U.S.C. § 1416.  The IDEA is silent on any cause of action that an individual may bring against the SEA as it relates to the enumerated supervisory responsibilities.  Nor has there been a definitive ruling within the Sixth Circuit on this issue.

Other courts have limited suits against the SEA to those where the SEA's action or failures led to the denial of the student's FAPE.  See, *e.g.*, *Pachl v. Seagren*, 453 F.3d 1064, 1070 (8th Cir. 2006); *J.M. v. Tenn Dep't of Ed.*, 358 F. Supp. 3d 736, 748 (M.D. Tenn. 2018).  For example, a SEA may be a proper defendant in a lawsuit that challenges a systemic violation of the IDEA where the SEA's systemic failure leads to a denial of FAPE.  See e.g., *Kalliope R. v. N.Y. State Dep't of Educ.*, 827 F. Supp. 2d 130, 141 n.3 (E.D.N.Y. 2010); *Fetto v. Sergi*, 181 F. Supp. 2d 53, 72 (D. Conn. 2001); *Corey H. by Shirley P. v. Board of Educ.*, 995 F. Supp. 900, 913 (N.D. Ill. 1998).  A claim is systemic if it "implicates the integrity or reliability of the IDEA dispute resolution procedures" or "requires restructuring the education system itself."  *Doe v. Arizona Dep't of Educ.,* 111 F.3d 678, 682 (9th Cir. 1997).  A claim is not systemic if it "involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem."  *Id.*

Here, Plaintiffs employ conclusory allegations for the alleged "systemic" IDEA violations.  By law, these are insufficient to state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs repeatedly allege that MDE "systemically" failed to provide sufficient funding, ensure compliance with the IDEA and address state complaints.  (ECF No. 46, PageID.535, ¶¶25-28.)  But recitals of the IDEA's legal elements are legally insufficient: Plaintiffs do not

identify specific instances when MDE failed to meet its statutory duties or address complaints of any kind.  They instead lump MDE and WRESA together to wrongly assert inappropriate monitoring of HPS.  (*Id.*, PageID.542-543, ¶¶41-42.) Nor have Plaintiffs alleged facts showing a statewide failure of disabled students to access programs and services.  Other courts hold that allegations pertaining to only one school district are insufficient to allege a "systematic violation".  See, *Arizona Dep't of Educ.*, 111 F.3d at 682.

Plaintiffs' allegations that MDE failed to follow its monitoring and enforcement duties and enforce its own guidance also do not give rise to a claim. (ECF No. 46, PageID.594, 599, ¶¶118, 123.)  MDE received no due process complaints from the Plaintiffs; and there are no allegations that MDE failed to respond to a complaint—of any substance or kind.  Indeed, Plaintiffs' attached exhibits ECF No. 46-4 and 46-3 show that MDE issued corrective action plans in response to Plaintiffs' state complaints.  What is more, Plaintiffs do not dispute that MDE has a federally approved State Performance Plan.  Nor does the Amended Complaint provide specific examples as to how MDE's current supervisory system fails to comply with federal requirements, including requirements for IEPs and the child find provisions of the IDEA.

Further, Plaintiffs allegations about inadequate funding also fail to establish a claim.  Plaintiffs do not dispute that HPS receives direct funding from

18

WRESA—and that IDEA funding is provided based on a formula.  The Amended

Complaint also fails to identify how the purported inadequate funding in any way

is relevant to the concerns raised for the named Plaintiffs.  For all these reasons,

Plaintiffs IDEA allegations against MDE fail; they are "conclusory and not entitled

to be assumed true."  *Iqbal*, 556 U.S. at 681; *NicSand, Inc. v. 3M Co.*, 507 F.3d

442, 460 (6th Cir. 2007).

> **B.    Plaintiffs' ADA and Rehabilitation Act claims fail as a matter of law because they do not plead the necessary facts to sustain any statutory violation.**

Claims under Title II of the ADA and § 504 are routinely analyzed similarly

because they require comparable elements.  *Gohl v. Livonia Pub. Schs.*, 134 F.

Supp. 3d 1066, 1074 (E.D. Mich. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F. 3d 445,

452-453 (6th Cir. 2008)).  To state a valid claim under both statutes, Plaintiffs must

show that: (1) The plaintiff is a 'handicapped person' under the Act; (2) The

plaintiff is 'otherwise qualified' for participation in the program; (3) The plaintiff

is being excluded from participation in, or being denied the benefits of, or being

subjected to discrimination under the program solely by reason of his handicap;

and (4) The relevant program or activity is receiving Federal financial assistance.

*Campbell v. Bd. of Educ. of the Centerline Sch. Dist.*, 58 F. App'x 162, 165 (6th

Cir. 2003) (citation omitted).

Under § 504, Plaintiffs must also allege facts showing that the alleged wrongful conduct was *solely* based on disabilities.  A mixed motive is insufficient to establish a claim under the Rehabilitation Act.  *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982); *Rumburg v. Sec'y of the Army*, No. 10-11670, 2011 WL 1595067, at *6 (E.D. Mich. Apr. 27, 2011) (attached as attached as Exhibit C). In the context of cases involving children who receive benefits pursuant to the IDEA, plaintiffs must show "either bad faith or gross misjudgment" before a violation can be shown.  *Monahan*, 687 F.2d at 1171; *Zdrowski v. Rieck*, 119 F. Supp. 3d 643, 666 (E.D. Mich. 2015).  Allegations of negligence, standing alone, are insufficient.  *Sellers ex rel. Sellers v. School Board of Manassas, Virginia*, 141 F.3d 524, 529 (4th Cir. 1998).  Nor is it sufficient to label conduct in a conclusory manner as having been performed in bad faith or with gross misjudgment.  *K.D. ex rel. J.D. v. Starr*, 55 F. Supp. 3d 782, 790 (D. Md. 2014) (citations omitted).

Here, Plaintiffs broadly allege that all Defendants "exercised gross misjudgment and discriminated against Plaintiffs and similarly situated children" and denied access to services and programming available to non-disabled students. (ECF No. 46, PageID.634, ¶634.)  This language is conclusory; and Plaintiffs do not parse out any distinguishable actions (or inactions) that could be attributable to MDE alone.  There are no facts presented on how Defendant MDE exercised gross misjudgment.  And while Plaintiffs also broadly allege that MDE failed to comply

with its general supervisory responsibilities, the Amended Complaint is devoid of facts as to when this occurred, let alone which precise supervisory responsibility MDE failed to comply with.  (*Id.*, PageID.634-635, ¶260.)  Without specific allegations against MDE, Plaintiffs cannot claim that MDE failed to provide proper supervision and oversight to Defendants WRESA and HPS *solely* because Plaintiffs are alleged disabled persons.  So, Plaintiffs fail to plead the requisite discriminatory animus and this claim must fail as a matter of law.

For similar reasons, Plaintiffs also fail to state a claim under the ADA. Under Title II, Plaintiffs must also allege and that MDE "took action because of [Plaintiff's] disability, *i.e.,* the [p]laintiff must present evidence that animus against the protected group was a significant factor in the position taken [by defendants.]" *Anderson v. City of Blue Ash,* 798 F.3d 338, 357 (6th Cir. 2015) (quotation marks and citations omitted).  And to prove that MDE's failure to provide a child with FAPE was discriminatory, Plaintiffs must allege that MDE acted in "bad faith or with gross misjudgment".  See, *Campbell*, 58 F. App'x at 167.

Here, Plaintiffs fail to plead MDE's alleged discriminatory animus.  Count III broadly alleges that *all* Defendants exercised "gross misjudgment" and denied Plaintiffs "access to essential services and programming" and "access to an adequate public education."  (ECF No. 46, PageID.635, ¶¶262-263.)  But these statements are conclusory and include no factual development as to MDE's

21

alleged, specific actions.  As the SEA, there are no allegations that MDE lacked

procedural safeguards, or that complaints went unaddressed.  Plaintiffs' allegations

are thus "naked assertions" and insufficient to state a claim under Title II.  See,

*Iqbal*, 556 U.S. at 678-81.

      **C.**      **Plaintiffs have not plead any facts establishing a violation of the MMSEA.**

The Amended Complaint is devoid of factual allegations supporting the

claim that MDE violated the MMSEA, Mich. Comp. Laws § 380.1701, *et seq*.

Like Plaintiffs' other claims, Count IV relies upon recitations of law and

conclusory allegations.  The only section of the MMSEA that Plaintiffs cite in

relation to MDE is Mich. Comp. Laws § 380.1701, which requires each ISD board

submit a special education plan to the MDE Superintendent.  (ECF No. 46,

PageID.636, ¶266.)  But there are no allegations in the Amended Complaint that

WRESA, or any other ISD, failed to submit a plan to MDE.

**IV.**      **MDE is immune from Plaintiffs' ADA claims.**

The Eleventh Amendment provides states and their agencies immunity from

suit by private citizens in federal courts.  U.S. Const. amend. XI; *Lawson v. Shelby*

*Cnty.*, Tenn., 211 F.3d 331, 334 (6th Cir. 2000).  The Supreme Court has

recognized only three exceptions to this rule:  (1) congressional abrogation, *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); (2) express consent or

waiver by the State, *Pennhurst State School & Hosp v. Halderman*, 465 U.S. 89,

99-101 (1984); and (3) official capacity suits for prospective equitable relief based on ongoing violations of federal law, *Ex parte Young*, 209 U.S. 123 (1908).  See also, *Lawson*, 211 F.3d at 334–35.  Here, MDE has not waived sovereign immunity for Plaintiffs' claims under the ADA and there is no official capacity defendant.

As to abrogation, the Supreme Court has held that Congress abrogated states' sovereign immunity for ADA claims only in limited circumstances where the state's conduct "actually violates the Fourteenth Amendment."  *United States v. Georgia*, 546 U.S. 151, 159 (2006); see also, *Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 (2001); see also, *Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016). Courts must determine, on a claim-by-claim basis, (1) which aspects of the state's alleged conduct violated Title II of the ADA; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.  *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Here, Plaintiffs' ADA claim does not make it passed the first prong. Plaintiffs broadly assert that all Defendants violated the ADA "…by denying them access to essential services and programming that is available to non-disabled students solely on account of their disabilities and/or behaviors related to those

disabilities…".  (ECF No. 46, PageID.635, ¶262.)  They also allege that "MDE has engaged in an ongoing pattern and practice of systemically failing to address state complaints".  (*Id.*, PageID.535, ¶28.)  But the Amended Complaint simply fails to identify which aspects, if any, of the MDE's alleged conduct violated Title II. Plaintiffs have not included any specific instances where MDE denied access to services and programming or failed to address complaints.  Nor have they pointed to any specific deficiencies in MDE's general supervisory system described above. Accordingly, Count III as to MDE fails under the *Georgia* test and is thus barred by the Eleventh Amendment.  *Babcock*, 812 F.3d at 538.

## IV.    MDE is entitled to immunity on state-law claims.

"States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature."  *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (emphasis added).  A state-law claim brought into a federal court under pendent jurisdiction is a claim against the state that is protected by the Eleventh Amendment.  *Pennhurst*, 465 U.S. at 121.  Neither "pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."  *Id.* at 121.  Because the State of Michigan has not waived its Eleventh Amendment immunity, Plaintiffs cannot maintain actions based on state law against MDE in federal court.

**V.     Plaintiffs Y.A. and W.A. cannot seek declaratory or injunctive relief because they are no longer enrolled at HPS.**

Here, Plaintiffs Y.A. and W.A. transferred to DPS prior to the 2023-2024 school year.  (ECF No. 46, PageID.536-538, ¶¶32-33.)  And the pleadings do not contain any allegations pertaining to DPS—only HPS.  Thus, these Plaintiffs do not meet the requirements for standing to pursue a claim for declaratory or injunctive relief as an alleged harm that occurred in the past "does nothing to establish a real and immediate threat that" it will occur in the future, as is required to seek declaratory or injunctive relief.  *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (citation omitted).

## CONCLUSION AND RELIEF SOUGHT

For the reasons discussed above, MDE respectfully requests that the Court grant this motion, dismiss all claims in their entirety and with prejudice, and grant any such other relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
HEFS Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
Dated:  February 14, 2024            hendleyt1@michigan.gov

25