# EXHIBIT B

2014 WL 2804349

2014 WL 2804349
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

Shawn MOTYKA and Julie Motyka, individuals; and
Shawn Motyka, as Next Friend for K.M., Plaintiffs,
v.
HOWELL PUBLIC SCHOOL DISTRICT, Defendant.

No. 14–10559.
|
Signed June 20, 2014.

**Attorneys and Law Firms**

Michael R. Behan, Schram, Behan, Okemos, MI, for
Plaintiffs.

Christina A. Daskas, Katherine J. Van Dyke, Jackson Lewis
P.C., Southfield, MI, for Defendant.

### *OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

JOHN CORBETT O'MEARA, District Judge.

 **\*1** This matter came before the court on defendant Howell
Public School District's April 30, 2014 motion to dismiss.
Plaintiffs Shawn and Julie Motyka filed a response June
4, 2014; and Defendant filed a reply June 19, 2014. Oral
argument was heard June 19, 2014. For the reasons that
follow, the court will grant Defendant's motion.

### *BACKGROUND FACTS*

Plaintiffs Shawn and Julie Motyka are the parents of KM, who
was a kindergartner at Howell's Hutchings Elementary School
during the 2011–12 school year. Having been diagnosed as
having a Pervasive Developmental Disorder on the Autism
Spectrum, KM was placed in a classroom designated for
emotionally impaired students. The student was the subject of
an Individualized Education Program ("IEP") dated January
25, 2012, which called for KM to be taken to the speech room
when a behavior issue arose and to be given visual reminders.

During the morning of February 13, 2012, KM attempted to
run from the classroom. KM's teacher and assistant physically
picked up KM and put him into the classroom's bathroom.
According to the teacher's notes, she and an assistant then
"[stood] guard" at the bathroom door for approximately one
hour, not allowing KM to leave the bathroom. The teacher's
notes also reference a second incident on the same day when
KM was secluded for a second time in the bathroom.

Plaintiffs and school officials met several times afterward.
When the parties could not reach an agreement whether to
send KM back to the same elementary school, Plaintiffs
enrolled KM in the Hartland School District for the following
school year. The federal claims remaining in this suit are
brought under the Individuals with Disabilities in Education
Act ("IDEA"), the Americans with Disabilities Act, and
the Rehabilitation Act. Defendant has moved for dismissal,
asserting that Plaintiffs failed to exhaust their administrative
remedies before filing suit.

### *LAW AND ANALYSIS*

The administrative exhaustion requirement is set forth in the
IDEA. The Act conditions a state's receipt of federal funding
upon the state's development and implementation of policies
and procedures ensuring that "[a] free appropriate public
education is available to all children with disabilities." 20
U.S.C. § 1412(a) (1)(A). When a complaint arises related
to an educational decision or the IEP of a child in special
education, the IDEA requires a parent to exhaust state
administrative remedies before proceeding to federal court.
20 U.S. § 1415(l); *Crocker v. Tennessee Secondary Sch.
Athletic Ass'n,* 873 F.2d 933, 935 (6th Cir.1989).

> Nothing in this chapter shall be
> construed to restrict or limit the rights,
> procedures, and remedies available
> under the Constitution, the Americans
> with Disabilities Act of 1990, Title V
> of the Rehabilitation Act of 1973, or
> other Federal laws protecting the rights
> of children with disabilities, except
> that before the filing of a civil action
> under such laws seeking relief that is
> also available under this subchapter,
> the procedures under subsections (f)
> and (g) shall be exhausted to the

**Motyka v. Howell Public School Dist., Not Reported in F.Supp.3d (2014)**

2014 WL 2804349

same extent as would be required had the action been brought under this subchapter.

**\*2** 20 U.S.C. § 1415(l).

Subsection (f) provides for an "impartial due process hearing," and subsection (g) provides for an appeal to the state educational agency "[i]f the hearing required by subsection (f) of this section is conducted by a local education agency." 20 U.S.C. §§ 1415(f) and (g)(1).

Merely filing a complaint in the state complaint process does not satisfy the exhaustion requirement under the IDEA. *Long v. Dawson Springs Indep. Sch. Dist.,* 197 Fed. Appx. 427 (6th Cir.2006) (affirming dismissal of complaint for failure to exhaust administrative remedies when plaintiff appealed the relief afforded to her from the state complaint resolution process but she had abandoned her due process hearing).

In this case Plaintiffs contend that they have exhausted their administrative remedies by filing a complaint with the state and by receiving a favorable decision. However, Plaintiffs did *not* file a due process complaint; and that due process complaint has not been heard by an administrative law judge. Accordingly, they have not exhausted state administrative remedies as required by the IDEA.

### *ORDER*

It is hereby **ORDERED** that defendant Howell Public School District's April 30, 2014 motion to dismiss is **GRANTED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2804349

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.