# Exhibit A

## *Yaw v. Van Buren Intermediate Sch. Dist.*

United States District Court for the Western District of Michigan, Southern Division

August 22, 2001, Decided ; August 22, 2001, Filed

File No. 4:01-CV-60

**Reporter**
2001 U.S. Dist. LEXIS 12929 *

ALAN DAVID JAMES YAW, by his Next Friend, DEE YAW, Plaintiff, v. VAN BUREN INTERMEDIATE SCHOOL DISTRICT; and TIM McDANIEL, Individually and as an Employee of the School District; DAVID MANSON, DIANE FREESTONE, JEFFREY MILLS, BERT GOENS, and JIM YANNA, as Employees of the School District; DR. JAMES D. MAPES, as Superintendent of the School District, Defendants.

**Disposition:** [*1] Defendants' Motion for Summary Disposition and More Definite Statement (Docket # 4) granted in part and denied in part. Motion to dismiss for lack of subject matter jurisdiction granted and all other aspects of the motion denied. Action DISMISSED in its entirety without prejudice.

## Case Summary

**Procedural Posture**

Defendant school district moved to dismiss, for lack of subject matter jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(1)*, the complaint filed on behalf of plaintiff child alleging violation of his constitutional rights under *42 U.S.C.S. § 1983*. The district argued that the child had failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act, *20 U.S.C.S. § 1400 et seq.*

**Overview**

The thirteen year old special education student was physically administered a shower after he refused to take one following a physical education class, although a shower was specifically required under his Individualized Education Program. In his complaint, the child alleged constitutional violations, and did not mention the Individuals with Disabilities Education Act (IDEA), *20 U.S.C.S. § 1400 et seq.* Nonetheless, the school district moved, among other motions, to dismiss for lack of subject matter jurisdiction, because the IDEA exhaustion requirement applied to any claim concerning disciplinary actions toward a disabled student. Plaintiff had not shown that the case presented unique circumstances that would exempt him from the IDEA's exhaustion.

**Outcome**

Motion to dismiss for lack of subject matter jurisdiction was granted and the complaint was dismissed without prejudice, because the child had not exhausted his administrative remedies prior to filing suit.

**Counsel:** For ALAN DAVID JAMES YAW, plaintiff: William A. McNeil, McNeil & McNeil, PLC, Paw Paw, MI.

For VAN BUREN INTERMEDIATE SCHOOL DISTRICT, TIM MCDANIEL, DAVID MANSON, DIANE FREESTONE, JEFFREY MILLS, BERT GOENS, JIM YANNA, JAMES D. MAPES, Dr., defendants: William Vogelzang, Jr., Kluczynski, Girtz & Vogelzang, Grand Rapids, MI.

**Judges:** ROBERT HOLMES BELL, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT HOLMES BELL

## Opinion

This is a civil rights action filed by Plaintiff Alan David James Yaw, through his mother Dee Yaw, as next friend, against the Van Buren Intermediate School District, and seven of its employees.[1] This matter is currently before the Court on Defendants' motion for summary disposition and more definite statement of pleadings. For the reasons that follow Defendants' motion will be granted in part and this action will be dismissed without prejudice.

[*2] I.

The Court begins with a summary of the allegations in Plaintiff's complaint. At all times relevant to this complaint Plaintiff Alan David James Yaw, was a thirteen year old special education student in the Van Buren Intermediate School District ("ISD") Learning Center. After Alan participated in a physical education class on October 9, 2000, Tim McDaniel, the physical education teacher, asked Alan to take a shower. Alan repeatedly refused, stating that he had already showered that morning at home. McDaniel insisted, then disrobed Plaintiff and pointed him toward the showers. Alan did not turn the shower on immediately. In response to this inaction, McDaniel turned on the shower and sprayed Alan with it.

Alan's mother called the school to complain about the treatment of her son. Van Buren ISD employees explained to her that McDaniel's actions fell within the acceptable parameters of the Individualized Education Program ("IEP") in which Alan was enrolled. Plaintiff's IEP program included a general physical education and hygiene objective regarding participation in gym class and subsequent showering.[2]

[*3] A meeting to discuss the incident was held on October 10, 2000. The meeting was attended by Defendants Mapes, McDaniel, Manson and Yanna, as well as Alan's mother and case worker. Alan's mother was advised that McDaniel's actions were justified by her agreement to the IEP. After this meeting, Dave Manson, special education supervisor, sent Alan's mother a letter proposing changes to Alan's IEP to remove the shower and gym class requirement. On November 15, 2000, Plaintiff's attorney sent a letter to the Van Buren ISD informing them that McDaniel's actions violated Alan's federal civil rights. On November 27, 2000, Defendants Goens, Yanna and Mills of the Van Buren ISD conducted an internal review of McDaniel's actions. They concluded that McDaniel was acting within the scope of his job in attempting to implement the IEP when he disrobed and showered Alan. No disciplinary action was taken against McDaniel for any of his actions.

Plaintiff filed this action on April 23, 2001, alleging violations of his civil rights, including his rights to due process of law, liberty, privacy, the right to be free from unjustified invasions of his bodily privacy, and equal protection of the laws. (Complaint [*4] at PP 58 & 60). Defendants have moved to dismiss the complaint pursuant to *12(b)(1)* and *12(b)(6) of the Federal Rules of Civil Procedure* for failure to state a claim and for lack of subject matter jurisdiction. In the alternative Defendants move for a more definite statement pursuant to *Rule 12(e)*.

II.

Defendants' motion for summary disposition pursuant to *FED. R. CIV. P. 12(b)(1)* and *12(b)(6)*

---

[1] The defendant employees are Tim McDaniel, special education teacher; David Manson, special education supervisor; Diane Freestone, special education teacher; Jeffrey Mills, director of operations; Bert Goens, director of special education; Jim Yanna, principal of the Learning Center; and James D. Mapes, superintendent.

[2] Under the heading EMI/MS Physical Education Goals and Objectives the IEP provides: "The student will willingly engage in showering, following a gym class, one (1) time per month for the school year," and "The student will participate appropriately, in gym class a minimum of two (2) times a month."

is based upon Defendants' contention that Plaintiff has failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

The IDEA was originally enacted by Congress in 1970 as the Education of the Handicapped Act ("EHA"). The IDEA makes funds available to states for special education on the condition that states implement policies assuring a "free appropriate public education" for all handicapped children. 20 U.S.C. § 1412(1). The primary mechanism for assuring a free appropriate public education is the development of a detailed, individualized instruction plan known as an Individualized Education Program ("IEP"). 20 U.S.C. §§ 1401(11), 1414(d). [*5] Any state that receives assistance under the IDEA is required to establish and maintain procedural safeguards. 20 U.S.C. § 1415(a).

In Michigan the IDEA is implemented through the Mandatory Special Education Act, M.C.L. § 380.1701-.1766 ("MSEA"). In accordance with this statute the Michigan Department of Education has promulgated detailed procedures for administrative review of a violation of the IDEA by a school district. See Waterman v. Marquette-Alger Intermed. Sch. Dist., 739 F. Supp. 361, 365-66 (W.D. Mich. 1990). The IDEA provides that before a disabled child pursues other available remedies under federal law in state or federal court, the child must first exhaust all administrative remedies available under the applicable state law where the relief sought is available under the IDEA.

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal [*6] laws protecting the rights of children with disabilities, except that **before** the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be **exhausted** to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(1) (emphasis added). Exhaustion is not required under the IDEA if it would be futile or inadequate to protect the plaintiff's rights. Honig v. Doe, 484 U.S. 305, 326-27, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988); Covington v. Knox County School System, 205 F.3d 912, 917 (6th Cir. 2000).

A Rule 12(b)(1) motion for lack of subject matter jurisdiction challenges the court's statutory or constitutional power to adjudicate the case. 2 MOORE'S FEDERAL PRACTICE § 12.30[1] (3d ed.). Lack of subject matter may not be waived. Id. A Rule 12(b)(1) motion may be appropriate when plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL [*7] § 1350 (2d ed. 1990). Several courts have held that exhaustion of administrative remedies is jurisdictional under the IDEA, and that courts should accordingly treat a motion to dismiss for lack of exhaustion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See, e.g., W.B. v. Matula, 67 F.3d 484, 493 (3rd Cir. 1995) ("Because it is jurisdictional in nature we begin with defendants' contention that dismissal of all claims was appropriate because plaintiffs failed to exhaust their administrative remedies."); Falzett v. Pocono Mountain Sch. Dist., 150 F. Supp. 2d 699, 2001 WL 845360 (M.D. Pa. 2001) ("exhaustion of administrative remedies is jurisdictional in the IDEA context"); Porter ex rel. Porter v. Board of Trustees of Manhattan Beach Unified Sch. Dist., 123 F. Supp. 2d 1187, 1194 (C.D. Cal. 2000) § 1983 claim dismissed pursuant to 12(b)(1) for failure to exhaust administrative remedies under IDEA). At least one court, however, has determined

that the exhaustion requirement is not jurisdictional because it can be waived. *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68, 98 F.3d 989, 991 (7th Cir. 1996)*. [*8]

Although this Court is aware that there are exceptions to the IDEA's exhaustion requirement, this Court is not convinced that the requirement can be waived upon the mere agreement of the parties. Accordingly, this Court believes that the exhaustion requirement should be viewed as a jurisdictional requirement, and that Defendants' motion should be construed as a motion for lack of subject matter jurisdiction under *Rule 12(b)(1)*.

A *Rule 12(b)(1)* motion may be treated either as a facial or a factual challenge to the court's subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)*. "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* Unlike a dismissal under *Rule 12(b)(6)*, a dismissal under *Rule 12(b)(1)* for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks the authority to hear the case. [*9] *Wilkins v. Jakeway, 183 F.3d 528, 533 (6th Cir. 1999)*.

When a *Rule 12(b)(1)* motion is treated as a facial attack, the court may consider only the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "indisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Falzett, 150 F. Supp. 2d 699, 2001 WL 845360* at *1. Because Plaintiff mentioned his IEP in his complaint and because he does not dispute the authenticity of the IEP attached to Defendants' motion, the Court will consider the IEP in conjunction with Defendants' facial challenge to the court's subject matter jurisdiction.

Plaintiff does not deny that he is a child with a disability, nor does he deny that the school had in effect an IEP regarding his educational program objectives. Plaintiff nevertheless contends the IDEA exhaustion requirement does not apply to this action because his claim is based on a violation of constitutional rights independent [*10] of any rights arising under the IDEA.

This Court rejected a similar argument in *Franklin v. Frid, 7 F. Supp. 2d 920, 924-25 (W.D. Mich. 1998)* (Quist, J.). In *Franklin* the plaintiff complained that he had been verbally and physically assaulted by the aide who had been assigned to tutor and assist him. Like the Plaintiff in this case he argued that his claim was based upon a violation of constitutional rights independent of any rights arising under the IDEA. This Court rejected the argument, noting that the complaint dealt with acts that have both an educational source and an adverse educational consequence and, as such, was subject to the exhaustion requirement of the IDEA. *Id. at 925-26*.

Plaintiff attempts to distinguish *Franklin* on the basis that unlike the plaintiffs in *Franklin*, Plaintiff intentionally and purposefully avoided making any reference in his complaint to the IDEA.

Plaintiff cannot so easily avoid the requirements of the IDEA. Even where a plaintiff tries to avoid the application of the exhaustion requirement by not pleading the IDEA, the IDEA still applies. "When parents choose to file suit under another law that protects [*11] the rights of handicapped children -- and the suit could have been filed under the IDEA -- they are first required to exhaust the IDEA's remedies to the same extent as if the suit had been filed originally under the IDEA's provisions." *W.L.G. v. Houston County Bd. of Educ., 975 F. Supp. 1317, 1328 (M.D. Ala. 1997)* (quoting *Mrs. W. Tirozzi, 832 F.2d 748, 756 (2nd Cir. 1987))*.

In *Waterman v. Marquette Alger Intermed. Sch. Dist., 739 F. Supp. 361 (W.D. Mich. 1990)* (Hillman, C.J.), this Court held that the plaintiff's *§ 1983* claims arising from the defendant's allegedly excessive disciplinary acts and practices were cognizable under the IDEA, and accordingly could not go forward in this court unless the plaintiffs had exhausted the IDEA administrative process. *Id. at 365*.

"Where the alleged acts constitute discipline and not random acts of violence, courts have generally held that claims based upon such conduct fall within the IDEA." *Franklin, 7 F. Supp. 2d at 925*.

> The discipline of a child in the classroom . . . is a matter that relates to the public education of a handicapped child and therefore [*12] falls within the scope of the [IDEA] . . . . Because the disciplinary measures complained of here are within the purview of the [IDEA], the plaintiffs are required to present their complaints concerning the disciplinary action according to the procedures set forth in the [IDEA].

*Hayes v. Unified Sch. Dist. No. 377, 877 F.2d 809, 813 (10th Cir. 1989)*.

Plaintiff contends the conduct he complains about was not discipline, but random acts of violence with no nexus to the IDEA. In support of this proposition Plaintiff points to the following language from *Franklin*:

> The Court does not disagree that, as a broad proposition, a disabled child who asserts a constitutional claim having some relationship to education but no nexus to the IDEA is not required to pursue administrative remedies under the IDEA before filing suit under *§ 1983*. For example, a disabled child who is sexually abused or severely beaten by a teacher or school official -- acts having no relationship to the appropriate education of a disabled child -- would not come within the purview of the IDEA.

*Franklin, 7 F. Supp. 2d at 925*.

Although the Court agrees with [*13] Plaintiff that there may be a question of fact as to whether McDaniel's conduct was disciplinary or a random act of violence, the Court does not agree that the presence of this factual issue precludes dismissal at this early stage of the proceedings. Plaintiff alleged in his complaint that McDaniel disrobed him and forced him to take a shower after a physical education class and after Plaintiff refused his directive. These actions were not taken in a vacuum. Plaintiff's IEP included a showering component. Defendants have asserted from the beginning that the disrobing and showering of Plaintiff were disciplinary in nature and designed to implement Plaintiff's IEP. The allegations regarding the other Defendants also have a nexus to the IDEA because their actions took place in the context of a review of Plaintiff's IEP and of McDaniel's actions in relation to it.

Whether McDaniel was in fact attempting the implement the IEP and whether his implementation of the IEP was appropriate are questions of fact, but they are questions of fact that have a nexus to the IDEA. Accordingly, they should first be subjected to factfinding by the state agency that specializes in these issues. As the Sixth [*14] Circuit observed in *Crocker v. Tennessee Secondary School Athletic Ass'n, 873 F.2d 933 (6th Cir. 1989)*:

> The policies underlying this exhaustion requirement are both sound and important. States are given the power to place themselves in compliance with the law, and the incentive to develop a regular system for fairly resolving conflicts under the Act. Federal courts -- generalists with no expertise in the educational needs of handicapped students -- are given the benefit of expert factfinding by a state agency devoted to this very purpose. . . . Were federal courts to set themselves up as the initial arbiters of handicapped children's educational needs before the administrative process is used, they would endanger not only the procedural but

also the substantive purposes of the Act.

Id. at 935.

Although Plaintiff is seeking money damages, and although money damages are not available as relief under the IDEA, these facts do not exempt him from the IDEA's exhaustion requirement:

> The fact that plaintiffs seek a particular type of relief, money damages, not available under [the IDEA] . . . is immaterial. To hold otherwise would [*15] allow [IDEA] plaintiffs to frustrate Congressional purpose by bypassing the administrative process in virtually every case containing [IDEA] . . . or § 1983 damages claims.

Waterman, 739 F. Supp. at 365. See also Torrie by and through Torrie v. Cwayna, 841 F. Supp. 1434, 1443 (W.D. Mich. 1994). The Sixth Circuit recently rejected a plaintiff's contention that her damages claim alone excused her from exhausting her administrative remedies:

> Although the Sixth Circuit has not decided the question, most courts have held that a plaintiff seeking money damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process.

Covington v. Knox County Sch. Sys., 205 F.3d 912, 916 (6th Cir. 2000) (footnote and citation omitted).

The IDEA's exhaustion requirement applies whenever a plaintiff seeks relief that is also available under the IDEA. 20 U.S.C. § 1415(1). As the Seventh Circuit explained in *Charlie F.*, relief available under § 1415(1) means "relief for the events, condition or consequences [*16] of which the person complains, not necessarily relief of the kind the person prefers." 98 F.3d at 992.

Plaintiff has suggested that because the facts in this case have not been developed, it is not yet clear whether the administrative remedies would be futile. In *Covington* the Sixth Circuit held that the minor could pursue his § 1983 action without exhausting the administrative remedies under the IDEA "in the unique circumstances of this case -- in which the injured child has already graduated from the special education school, his injuries are wholly in the past, and therefore money damages are the only remedy that can make him whole -- proceeding through the state's administrative process would be futile and is not required before the plaintiff can file suit in Federal Court." 205 F.3d at 917.

Plaintiff has the burden of proving this Court has subject matter jurisdiction. Plaintiff has not shown that this case presents the unique circumstances involved in *Covington* that would exempt him from the IDEA's exhaustion requirement. Plaintiff does not dispute that he is still disabled, he is still in the special education program, and he will continue to require an [*17] IEP. The terms of his IEP, and the manner in which the IEP is implemented, are issues of continuing concern to Plaintiff and Defendants. They are issues that must first be addressed through the administrative processes governed by the IDEA.

Because this case involves questions surrounding the manner in which Defendants implemented Plaintiff's IEP, this matter falls within the exhaustion requirement of the IDEA. Because Defendants have failed to exhaust their administrative remedies under the IDEA, this Court lacks subject matter jurisdiction over the action. This action will accordingly be dismissed without prejudice.

An order consistent with this opinion will be entered.

Date: August 22, 2001

ROBERT HOLMES BELL

CHIEF UNITED STATES DISTRICT JUDGE

**ORDER**

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Disposition and More Definite Statement (Docket # 4) is granted in part and denied in part. The motion to dismiss for lack of subject matter jurisdiction is granted and all other aspects of the motion are denied.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** in its entirety without [*18] prejudice.

Date: August 22, 2001

ROBERT HOLMES BELL

CHIEF UNITED STATES DISTRICT JUDGE

End of Document