# Exhibit C

# Procedural Safeguards Notice

Last updated: 10/16/18

*Note: This document was updated to comply with Michigan Department of Education standards for accessibility. No other content changes were made.*



Michigan Department of Education
Office of Special Education



**State Board of Education**

Casandra E. Ulbrich, Co-President
Richard Zeile Co-President
Michelle Fecteau, Secretary
Tom McMillin, Treasurer
Nikki Snyder, NASBE Delegate
Pamela Pugh
Lupe Ramos-Montigny
Eileen Lappin Weiser

**Ex-Officio**

Rick Snyder, Governor
Sheila A. Alles, Interim State Superintendent



**Michigan Department of Education (MDE)**
Office of Special Education
608 West Allegan Street
P.O. Box 30008
Lansing, MI 48909
517-241-7075
MDE website (www.michigan.gov/mde)

The Individuals with Disabilities Education Act (IDEA), the Federal law concerning the education of students with disabilities, requires schools to provide parents of a child with a disability with a notice containing a full explanation of the procedural safeguards available under the IDEA and U.S. Department of Education regulations. A copy of this notice must be given to parents only one time a school year, except that a copy must be given to the parents:  (1) upon initial referral or parent request for evaluation; (2) upon receipt of the first State complaint under 34 CFR §§300.151 through 300.153 and upon receipt of the first due process complaint under §300.507 in a school year; (3) when a decision is made to take a disciplinary action that constitutes a change of placement; and (4) upon parent request. [34 CFR §300.504(a)]

This procedural safeguards notice must include a full explanation of all of the procedural safeguards available under §300.148 (unilateral placement at private school at public expense), §§300.151 through 300.153 (State complaint procedures), §300.300 (consent), §§300.502 through 300.503, §§300.505 through 300.518, and §§300.530 through 300.536 (procedural safeguards in Subpart E of the Part B regulations), and §§300.610 through 300.625 (confidentiality of information provisions in Subpart F).

The following acronyms are used throughout this document:

| | |
|---|---|
| ALJ | Administrative Law Judge |
| BIP | Behavioral Intervention Plan |
| FAPE | Free Appropriate Public Education |
| FERPA | Family Educational Rights and Privacy Act |
| FBA | Functional Behavioral Assessment |
| IDEA | Individuals with Disabilities Education Act |
| IEE | Independent Educational Evaluation |
| IEP | Individualized Education Program |
| MDE | Michigan Department of Education |
| OSE | Office of Special Education |
| SOAHR | State Office of Administrative Hearings and Rules |

# Table of Contents

Procedural Safeguards Notice ......................................................................... 11

General Information ................................................................................. 11

Prior Written Notice ............................................................................. 11

34 CFR §300.503 ............................................................................. 11

Notice.......................................................................................... 11

Content of notice .......................................................................... 11

Use of individualized education program as notice................................ 12

Notice in understandable language.................................................... 12

Native Language ................................................................................. 12

34 CFR §300.29 ............................................................................... 12

Electronic Mail.................................................................................... 12

34 CFR §300.505 ............................................................................. 12

Parental Consent - Definition ................................................................. 13

34 CFR §300.9 ................................................................................ 13

Consent........................................................................................ 13

Parental Consent ................................................................................ 13

34 CFR §300.300 ............................................................................. 13

Consent for initial evaluation ........................................................... 13

Special rules for initial evaluation of wards of the State ........................ 14

Parental consent for services............................................................ 14

Revocation of parental consent......................................................... 15

Parental consent for reevaluations .................................................... 15

Documentation of reasonable efforts to obtain parental consent ............ 15

Other consent requirements ............................................................. 16

Independent Educational Evaluations ...................................................... 16

34 CFR §300.502 ............................................................................. 16

General .................................................................................................. 16

Definitions .......................................................................................... 17

Parent right to evaluation at public expense ........................................ 17

Parent-initiated evaluations ................................................................ 17

Requests for evaluations by an administrative law judge....................... 18

School district criteria ......................................................................... 18

Confidentiality of Information ..................................................................... 18

Definitions .............................................................................................. 18

34 CFR §300.611 ................................................................................ 18

Personally Identifiable Information ........................................................... 18

34 CFR §300.32 .................................................................................. 18

Notice to Parents .................................................................................... 19

34 CFR §300.612 ................................................................................ 19

Access Rights .......................................................................................... 19

34 CFR §300.613 ................................................................................ 19

Record of Access ..................................................................................... 20

34 CFR §300.614 ................................................................................ 20

Records on More Than One Child ............................................................ 20

34 CFR §300.615 ................................................................................ 20

List of Types and Locations of Information .............................................. 20

34 CFR §300.616 ................................................................................ 20

Fees ........................................................................................................ 20

34 CFR §300.617 ................................................................................ 20

Amendment of Records at Parent's Request ........................................... 21

34 CFR §300.618 ................................................................................ 21

Opportunity for a Hearing ....................................................................... 21

34 CFR §300.619 ................................................................................ 21

Hearing Procedures.................................................................................. 21

34 CFR §300.621 ................................................................... 21

Result of Hearing ..................................................................... 21

34 CFR §300.620 ................................................................... 21

Consent For Disclosure of Personally Identifiable Information ...................... 22

34 CFR §300.622 ................................................................... 22

Safeguards ............................................................................ 22

34 CFR §300.623 ................................................................... 22

Destruction of Information ........................................................... 23

34 CFR §300.624 ................................................................... 23

Student Rights ........................................................................ 23

34 CFR §300.625 ................................................................... 23

Mediation .............................................................................. 23

Mediation ............................................................................ 23

34 CFR §300.506 ................................................................... 23

General ........................................................................... 23

Requirements ...................................................................... 23

Impartiality of mediator ........................................................... 25

State Complaint Procedures ........................................................... 26

Difference Between Due Process Hearing Complaint and State Complaint
Procedures .......................................................................... 26

Adoption of State Complaint Procedures .............................................. 26

34 CFR §300.151 ................................................................... 26

General ........................................................................... 26

Remedies for denial of appropriate services ....................................... 26

Minimum State Complaint Procedures ................................................. 27

34 CFR §300.152 ................................................................... 27

Time limit; minimum procedures .................................................. 27

Time extension; final decision; implementation ................................... 27

State complaints and due process hearings ......................................... 27

Filing a State Complaint ................................................................. 28

34 CFR §300.153 ...................................................................... 28

Due Process Complaint Procedures ............................................... 30

Filing a Due Process Complaint ..................................................... 30

34 CFR §300.507 ...................................................................... 30

General ............................................................................... 30

Information for parents ...................................................... 30

Due Process Complaint .................................................................. 30

34 CFR §300.508 ...................................................................... 30

General ............................................................................... 30

Content of the complaint .................................................... 30

Notice required before a hearing on a due process complaint ................. 31

Sufficiency of complaint ...................................................... 31

Complaint amendment ....................................................... 31

School district response to a due process complaint ............................. 32

Other party response to a due process complaint ................................ 32

Model Forms .................................................................................. 32

34 CFR §300.509 ...................................................................... 32

The Child's Placement While the Due Process Complaint and Hearing are
Pending ......................................................................................... 32

34 CFR §300.518 ...................................................................... 32

Resolution Process .......................................................................... 33

34 CFR §300.510 ...................................................................... 33

Resolution meeting ............................................................. 33

Resolution period ............................................................... 34

Adjustments to the 30-calendar-day resolution period ......................... 34

Written settlement agreement ............................................................ 35

Agreement review period ................................................................. 35

Hearings on Due Process Complaints ..................................................... 36

Impartial Due Process Hearing .......................................................... 36

34 CFR §300.511 ...................................................................... 36

General ............................................................................. 36

Impartial administrative law judge .................................................. 36

Subject matter of due process hearing............................................... 36

Timeline for requesting a hearing.................................................... 36

Exceptions to the timeline........................................................... 36

Hearing Rights ......................................................................... 37

34 CFR §300.512 ...................................................................... 37

General ............................................................................. 37

Additional disclosure of information................................................ 37

Parental rights at hearings ......................................................... 37

Hearing Decisions ...................................................................... 38

34 CFR §300.513 ...................................................................... 38

Decision of administrative law judge................................................ 38

Construction clause ................................................................. 38

Separate request for a due process hearing.......................................... 38

Findings and decision to advisory panel and general public.................... 38

Appeals................................................................................... 39

Finality of Decision; Appeal; Impartial Review ......................................... 39

34 CFR §300.514 ...................................................................... 39

Finality of hearing decision ......................................................... 39

Timelines and Convenience of Hearings................................................ 39

34 CFR §300.515 ...................................................................... 39

Civil Actions, Including the Time Period in Which to File Those Actions .......... 39

   34 CFR §300.516 ................................................................... 39

      General ....................................................................... 39

      Time limitation .............................................................. 40

      Additional procedures ...................................................... 40

      Jurisdiction of district courts .............................................. 40

      Rule of construction ........................................................ 40

Attorneys' Fees ...................................................................... 40

   34 CFR §300.517 ................................................................... 40

      General ....................................................................... 40

      Award of fees ............................................................... 41

Procedures When Disciplining Children with Disabilities ................................ 43

   Authority of School Personnel ..................................................... 43

   34 CFR §300.530 ................................................................... 43

      Case-by-case determination ............................................... 43

      General ....................................................................... 43

      Additional authority ........................................................ 43

      Services ....................................................................... 43

      Manifestation determination ............................................... 44

      Determination that behavior was a manifestation of the child's disability. 45

      Special circumstances ...................................................... 45

      Definitions ................................................................... 45

   Notification ........................................................................ 46

   Change of Placement Because of Disciplinary Removals .............................. 46

   34 CFR §300.536 ................................................................... 46

   Determination of Setting ........................................................... 47

   34 CFR § 300.531 ................................................................... 47

Appeal .................................................................................................. 47

34 CFR § 300.532 .............................................................................. 47

General ........................................................................................... 47

Authority of an administrative law judge ........................................... 47

Placement During Appeals ..................................................................... 48

34 CFR §300.533 .............................................................................. 48

Protections for Children Not Yet Eligible for Special Education and Related Services ................................................................................................. 48

34 CFR §300.534 .............................................................................. 48

General ........................................................................................... 48

Basis of knowledge for disciplinary matters ....................................... 48

Exception ......................................................................................... 49

Conditions that apply if there is no basis of knowledge ....................... 49

Referral to and Action by Law Enforcement and Judicial Authorities .............. 49

34 CFR §300.535 .............................................................................. 49

Transmittal of records ...................................................................... 50

Requirements for Unilateral Placement by Parents of Children in Private Schools at Public Expense ................................................................................... 51

General ............................................................................................... 51

34 CFR §300.148 .............................................................................. 51

Reimbursement for private school placement ..................................... 51

Limitation on reimbursement ............................................................ 51

Transfer of Parental Rights at Age of Majority ............................................ 52

34 CFR §300.520 .............................................................................. 52

Attachment A – Federal Definitions ........................................................... 53

Serious Bodily Injury ............................................................................. 53

18 USC 1365(h) ................................................................................ 53

Weapon ........................................................................................... 53

# Procedural Safeguards Notice

## General Information

### Prior Written Notice

### 34 CFR §300.503

**Notice**

Your school district (the term "school district," as used in this Notice, includes a public school academy) must give you written notice (provide you certain information in writing), whenever it:

1. Proposes to initiate or to change the identification, evaluation, or educational placement of your child, or the provision of a free appropriate public education (FAPE) to your child; or
2. Refuses to initiate or to change the identification, evaluation, or educational placement of your child, or the provision of FAPE to your child.

**Content of notice**

The written notice must:

1. Describe the action that your school district proposes or refuses to take;
2. Explain why your school district is proposing or refusing to take the action;
3. Describe each evaluation procedure, assessment, record, or report your school district used in deciding to propose or refuse the action;
4. Include a statement that you have protections under the procedural safeguards provisions in Part B of the IDEA;
5. Tell you how you can obtain a description of the procedural safeguards if the action that your school district is proposing or refusing is not an initial referral for evaluation;
6. Include resources for you to contact for help in understanding Part B of the IDEA;
7. Describe any other choices that your child's individualized education program (IEP) Team considered and the reasons why those choices were rejected; and
8. Provide a description of other reasons why your school district proposed or refused the action.

**Use of individualized education program as notice**
A public agency may use the IEP as part of the prior written notice as long as the document(s) the parent receives meets all the requirements in §300.503.

**Notice in understandable language**
The notice must be:

1. Written in language understandable to the general public; and
2. Provided in your native language or other mode of communication you use, unless it is clearly not feasible to do so.

If your native language or other mode of communication is not a written language, your school district must ensure that:

1. The notice is translated for you orally by other means in your native language or other mode of communication;
2. You understand the content of the notice; and
3. There is written evidence that 1 and 2 have been met.

## Native Language

### 34 CFR §300.29
Native language, when used with an individual who has limited English proficiency, means the following:

1. The language normally used by that person, or, in the case of a child, the language normally used by the child's parents;
2. In all direct contact with a child (including evaluation of the child), the language normally used by the child in the home or learning environment.

For a person with deafness or blindness, or for a person with no written language, the mode of communication is what the person normally uses (such as sign language, Braille, or oral communication).

## Electronic Mail

### 34 CFR §300.505
If your school district offers parents the choice of receiving documents by e-mail, you may choose to receive the following by e-mail:

1. Prior written notice;
2. Procedural safeguards notice; and
3. Notices related to a due process complaint.

## Parental Consent - Definition

### 34 CFR §300.9

**Consent**

Consent means:

1. You have been fully informed in your native language or other mode of communication (such as sign language, Braille, or oral communication) of all information about the action for which you are giving consent.
2. You understand and agree in writing to that action, and the consent describes that action and lists the records (if any) that will be released and to whom; and
3. You understand that the consent is voluntary on your part and you may withdraw your consent at any time.

Your withdrawal of consent does not negate (undo) an action that has occurred after you gave your consent and before you withdrew it.

## Parental Consent

### 34 CFR §300.300

**Consent for initial evaluation**

Your school district cannot conduct an initial evaluation of your child to determine whether your child is eligible under Part B of the IDEA to receive special education and related services without first providing you with prior written notice of the proposed action and without obtaining your consent as described under the heading, **Parental Consent — Definition**.

Your school district must make reasonable efforts to obtain your informed consent for an initial evaluation to decide whether your child is a child with a disability.

Your consent for initial evaluation does *not* mean that you have also given your consent for the school district to start providing special education and related services to your child.

If your child is enrolled in public school or you are seeking to enroll your child in a public school and you have refused to provide consent or failed to respond to a request to provide consent for an initial evaluation, your school district may, but is not required to, seek to conduct an initial evaluation of your child by utilizing the Act's mediation or due process complaint, resolution meeting, and impartial due process hearing procedures. Your school district will not violate its obligations to locate, identify, and evaluate your child if it does not pursue an evaluation of your child in these circumstances.

**Special rules for initial evaluation of wards of the State**
If a child is a ward of the State and is not living with his/her parent —

The school district does not need consent from the parent for an initial evaluation to determine if the child is a child with a disability if:

1. Despite reasonable efforts to do so, the school district cannot find the child's parent;
2. The rights of the parents have been terminated in accordance with State law; or
3. A judge or a public agency with responsibility for the general care of the child has assigned the right to make educational decisions and to consent for an initial evaluation to an individual other than the parent.

*Ward of the State*, as used in the IDEA, means a child who, is:

1. A foster child, unless the child's foster parent has been assigned the right to make educational decisions on the child's behalf by a judge overseeing the child's case or a public agency with responsibility for the general care of the child;
2. Considered a ward of the State under State law;
3. Considered a ward of the court under State law; or
4. In the custody of a public child welfare agency.

**Parental consent for services**
Your school district must obtain your informed consent before providing special education and related services to your child for the first time, and must make reasonable efforts to obtain that informed consent.

If you do not respond to a request to provide your consent for your child to receive special education and related services for the first time, or if you refuse to give such consent, your school district may not use the procedural safeguards (i.e., mediation, due process complaint, resolution meeting, or an impartial due process hearing) in order to obtain agreement or a ruling that the special education and related services (recommended by your child's IEP Team) may be provided to your child without your consent.

If you refuse to give your consent for your child to receive special education and related services for the first time, or if you do not respond to a request to provide such consent and the school district does not provide your child with the special education and related services for which it sought your consent, your school district:

1. Is not in violation of the requirement to make a FAPE available to your child for its failure to provide those services to your child; and

2. Is not required to have an IEP meeting or develop an IEP for your child for the special education and related services for which your consent was requested.

## Revocation of parental consent

If you inform the school district in writing that you revoke (take back) your consent for your school district to provide special education and related services to your child, your school district:

1. May not continue to provide special education and related services to your child;
2. Must provide you with timely prior written notice, consistent with §300.503 of the IDEA regulations, of their proposal to discontinue special education and related services based on receipt of your written revocation of consent;
3. May not use due process procedures (i.e., mediation, resolution meeting, or an impartial due process hearing) in order to obtain agreement or a ruling that the services may be provided to your child;
4. Is not in violation of the requirement to make FAPE available to your child for its failure to provide further special education and related services to your child;
5. Is not required to have an IEP meeting or develop an IEP for your child for the further provision of special education and related services; and
6. Is not required to amend your child's education records to remove any reference to your child's receipt of special education and related services because of the revocation of consent.

## Parental consent for reevaluations

Your school district must obtain your informed consent before it reevaluates your child, unless your school district can demonstrate that:

1. It took reasonable steps to obtain your consent for your child's reevaluation; and
2. You did not respond.

If you refuse to consent to your child's reevaluation, the school district may, but is not required to, pursue your child's reevaluation by using the mediation, due process complaint, resolution meeting, and impartial due process hearing procedures to seek to override your refusal to consent to your child's reevaluation. As with initial evaluations, your school district does not violate its obligations under Part B of the IDEA if it declines to pursue the reevaluation in this manner.

## Documentation of reasonable efforts to obtain parental consent

Your school must maintain documentation of reasonable efforts to obtain parental consent for initial evaluations, to provide special education and related services for

the first time, for reevaluation and to locate parents of wards of the State for initial evaluations. The documentation must include a record of the school district's attempts in these areas, such as:

1. Detailed records of telephone calls made or attempted and the results of those calls;
2. Copies of correspondence sent to the parents and any responses received; and
3. Detailed records of visits made to the parent's home or place of employment and the results of those visits.

**Other consent requirements**
Your consent is not required before your school district may:

1. Review existing data as part of your child's evaluation or a reevaluation; or
2. Give your child a test or other evaluation that is given to all children unless, before that test or evaluation, consent is required from all parents of all children.

Your school district may not use your refusal to consent to one service or activity to deny you or your child any other service, benefit, or activity.

If you have enrolled your child in a private school at your own expense or if you are home schooling your child, and you do not provide your consent for your child's initial evaluation or your child's reevaluation, or you fail to respond to a request to provide your consent, the school district may not use its consent override procedures (i.e., mediation, due process complaint, resolution meeting, or an impartial due process hearing) and is not required to consider your child as eligible to receive equitable services (services made available to parentally-placed private school children with disabilities).

## Independent Educational Evaluations

### 34 CFR §300.502

**General**
As described below, you have the right to obtain an independent educational evaluation (IEE) of your child if you disagree with the evaluation of your child that was obtained by your school district.

If you request an IEE, the school district must provide you with information about where you may obtain an IEE and about the school district's criteria that apply to IEEs.

**Definitions**
IEE means an evaluation conducted by a qualified examiner who is not employed by the school district responsible for the education of your child.

Public expense means that the school district either pays for the full cost of the evaluation or ensures that the evaluation is otherwise provided at no cost to you, consistent with the provisions of Part B of the IDEA, which allow each state to use whatever state, local, federal, and private sources of support are available in the state to meet the requirements of Part B of the Act.

**Parent right to evaluation at public expense**
You have the right to an IEE of your child at public expense if you disagree with an evaluation of your child obtained by your school district, subject to the following conditions:

1. If you submit a written request for an IEE of your child at public expense, your school district must respond, in writing, to the request within seven calendar days of the receipt of the request, indicating the district's intent to either: (a) provide the IEE at public expense; or (b) file a due process complaint to request a hearing to show that it's evaluation of your child is appropriate.
2. If your school district requests a hearing and the final decision is that your school district's evaluation of your child is appropriate, you still have the right to an IEE, but not at public expense.
3. If you request an IEE of your child, the school district may ask why you object to the evaluation of your child obtained by your school district. However, your school district may not require an explanation and may not unreasonably delay either providing the IEE of your child at public expense or filing a due process complaint to request a due process hearing to defend the school district's evaluation of your child.
4. If an IEE that you obtain does not meet the school district's criteria, the school district may file a due process complaint. If the final decision in the hearing is that the evaluation did not meet the school district's criteria, public reimbursement of the expense of your IEE may be denied.

You are entitled to only one IEE of your child at public expense each time your school district conducts an evaluation of your child with which you disagree.

**Parent-initiated evaluations**
If you obtain an IEE of your child at public expense or you share with the school district an evaluation of your child that you obtained at private expense:

1. Your school district must consider the results of the evaluation of your child, if it meets the school district's criteria for IEEs, in any decision made with respect to the provision of a FAPE to your child; and
2. You or your school district may present the evaluation as evidence at a due process hearing regarding your child.

**Requests for evaluations by an administrative law judge**

If an administrative law judge (ALJ) requests an IEE of your child as part of a due process hearing, the cost of the evaluation must be at public expense.

**School district criteria**

If an IEE is at public expense, the criteria under which the evaluation is obtained, including the location of the evaluation and the qualifications of the examiner, must be the same as the criteria that the school district uses when it initiates an evaluation (to the extent those criteria are consistent with your right to an IEE).

Except for the criteria described above, a school district may not impose conditions or timelines related to obtaining an IEE at public expense.

# Confidentiality of Information

## Definitions

### 34 CFR §300.611

As used under the heading, **Confidentiality of Information**:

- *Destruction* means physical destruction or removal of personal identifiers from information so that the information is no longer personally identifiable.
- *Education records* means the type of records covered under the definition of "education records" in 34 CFR Part 99 (the regulations implementing the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. 1232g (FERPA)). FERPA defines "education records" as records that are directly related to a student and maintained by an educational agency or by a party acting for the agency.
- *Participating agency* means any school district, agency or institution that collects, maintains, or uses personally identifiable information, or from which information is obtained, under Part B of the IDEA.

## Personally Identifiable Information

### 34 CFR §300.32

*Personally identifiable* means information that has:

a. Your child's name, your name as the parent, or the name of another family member;
b. Your child's address;
c. A personal identifier, such as your child's social security number or student number; or
d. A list of personal characteristics or other information that would make it possible to identify your child with reasonable certainty.

## Notice to Parents

### 34 CFR §300.612

The Michigan Department of Education (MDE) must give notice to parents that the MDE has procedures and policies that are adequate to fully inform parents about confidentiality of personally identifiable information, including:

1. A description of the extent to which the notice is given in the native languages of the various population groups in the State;
2. A description of the children on whom personally identifiable information is maintained, the types of information sought, the methods the State intends to use in gathering the information (including the sources from whom information is gathered), and the uses to be made of the information;
3. A summary of the policies and procedures that participating agencies must follow regarding storage, disclosure to third parties, retention, and destruction of personally identifiable information; and
4. A description of all of the rights of parents and children regarding this information, including the rights under the FERPA and its implementing regulations in 34 CFR Part 99.

Before any major identification, location, or evaluation activity (also known as "child find"), the notice must be published or announced in newspapers or other media, or both, with circulation adequate to notify parents throughout the State of the activity to locate, identify, and evaluate children in need of special education and related services.

## Access Rights

### 34 CFR §300.613

The participating agency must permit you to inspect and review any education records relating to your child that are collected, maintained, or used by the participating agency under Part B of the IDEA. The participating agency must comply with your request to inspect and review any education records on your child without unnecessary delay and before any meeting regarding an IEP, or any impartial due process hearing (including a resolution meeting or a hearing

regarding discipline), and in no case more than 45 calendar days after you have made a request.

Your right to inspect and review education records includes:

1. Your right to a response from the participating agency to your reasonable requests for explanations and interpretations of the records;
2. Your right to request that the participating agency provide copies of the records if you cannot effectively inspect and review the records unless you receive those copies; and
3. Your right to have your representative inspect and review the records.

The participating agency may presume that you have authority to inspect and review records relating to your child unless advised that you do not have the authority under applicable State law governing such matters as guardianship, or separation and divorce.

## Record of Access

### 34 CFR §300.614
Each participating agency must keep a record of parties obtaining access to education records collected, maintained, or used under Part B of the IDEA (except access by parents and authorized employees of the participating agency), including the name of the party, the date access was given, and the purpose for which the party is authorized to use the records.

## Records on More Than One Child

### 34 CFR §300.615
If any education record includes information on more than one child, the parents of those children have the right to inspect and review only the information relating to their child or to be informed of that specific information.

## List of Types and Locations of Information

### 34 CFR §300.616
On request, each participating agency must provide you with a list of the types and locations of education records collected, maintained, or used by the agency.

## Fees

### 34 CFR §300.617
Each participating agency may charge a fee for copies of records that are made for you under Part B of the IDEA, if the fee does not effectively prevent you from exercising your right to inspect and review those records.

A participating agency may not charge a fee to search for or to retrieve information under Part B of the IDEA.

## Amendment of Records at Parent's Request

### 34 CFR §300.618

If you believe that information in the education records regarding your child collected, maintained, or used under Part B of the IDEA is inaccurate, misleading, or violates the privacy or other rights of your child, you may request the participating agency that maintains the information to change the information.

The participating agency must decide whether to change the information in accordance with your request within a reasonable period of time of receipt of your request.

If the participating agency refuses to change the information in accordance with your request, it must inform you of the refusal and advise you of the right to a hearing as described under the heading, Opportunity For a Hearing.

## Opportunity for a Hearing

### 34 CFR §300.619

The participating agency must, on request, provide you an opportunity for a hearing to challenge information in education records regarding your child to ensure that it is not inaccurate, misleading, or otherwise in violation of the privacy or other rights of your child.

## Hearing Procedures

### 34 CFR §300.621

A hearing to challenge information in education records must be conducted according to the procedures for such hearings under the FERPA.

## Result of Hearing

### 34 CFR §300.620

If, as a result of the hearing, the participating agency decides that the information is inaccurate, misleading or otherwise in violation of the privacy or other rights of the child, it must change the information accordingly and inform you in writing.

If, as a result of the hearing, the participating agency decides that the information is not inaccurate, misleading, or otherwise in violation of the privacy or other rights of your child, it must inform you of your right to place in the records that it maintains on your child a statement commenting on the information or providing any reasons you disagree with the decision of the participating agency.

Such an explanation placed in the records of your child must:

1. Be maintained by the participating agency as part of the records of your child as long as the record or contested portion is maintained by the participating agency; and
2. If the participating agency discloses the records of your child or the challenged portion to any party, the explanation must also be disclosed to that party.

## Consent For Disclosure of Personally Identifiable Information

### 34 CFR §300.622

Unless disclosure of personally identifiable information contained in education records (without parental consent) is authorized under the FERPA, your consent must be obtained before personally identifiable information is disclosed to parties other than officials of participating agencies. Except under the circumstances specified below, your consent is not required before personally identifiable information is released to officials of participating agencies for purposes of meeting a requirement of Part B of the IDEA.

Your consent, or consent of an eligible child who has reached the age of majority under State law, must be obtained before personally identifiable information is released to officials of participating agencies providing or paying for transition services.

If your child is in, or is going to go to, a private school that is not located in the same school district you reside in, your consent must be obtained before any personally identifiable information about your child is released between officials in the school district where the private school is located and officials in the school district where you reside.

### Safeguards

### 34 CFR §300.623

Each participating agency must protect the confidentiality of personally identifiable information at collection, storage, disclosure, and destruction stages.

One official at each participating agency must assume responsibility for ensuring the confidentiality of any personally identifiable information.

All persons collecting or using personally identifiable information must receive training or instruction regarding Michigan's policies and procedures regarding confidentiality under Part B of the IDEA and the FERPA.

Each participating agency must maintain, for public inspection, a current listing of the names and positions of those employees within the agency who may have access to personally identifiable information.

## Destruction of Information

### 34 CFR §300.624

Your school district must inform you when personally identifiable information collected, maintained, or used under Part B of the IDEA is no longer needed to provide educational services to your child.

The information must be destroyed at your request. However, a permanent record of your child's name, address, and phone number, his or her grades, attendance record, classes attended, grade level completed, and year completed may be maintained without time limitation.

## Student Rights

### 34 CFR §300.625

Under the regulations for FERPA, the rights of parents regarding education records are transferred to the student at age 18.

The rights of parents under Part B of the IDEA regarding education records are also transferred to the student at age 18. However, a participating agency must provide any notice required under Part B of the IDEA to both the student and the parents.

# Mediation

## Mediation

### 34 CFR §300.506

#### General
The MDE has established procedures to make mediation available to allow you and the school district to resolve disagreements involving any matter under Part B or Part C of the IDEA, including matters arising prior to the filing of a state complaint or a due process complaint. Thus, mediation is available to resolve disputes under Part B or Part C of the IDEA, whether or not you have filed a due process complaint to request a due process hearing as described under the heading, **Filing a Due Process Complaint**.

#### Requirements
The procedures ensure that the mediation process:

1. Is voluntary on your part and the school district's part;
2. Is not used to deny or delay your right to a due process hearing, or to deny any other rights you have under Part B or Part C of the IDEA; and
3. Is conducted by a qualified and impartial mediator who is trained in effective mediation techniques.

The school district may develop procedures that offer parents and schools that choose not to use the mediation process, an opportunity to meet, at a time and location convenient to you, with a disinterested party:

1. Who is under contract with an appropriate alternative dispute resolution entity, or a parent training and information center or community parent resource center in the State; and
2. Who would explain the benefits and encourage the use of the mediation process to you.

The MDE must maintain a list of people who are qualified mediators and know the laws and regulations relating to the provision of special education and related services. The MDE must select mediators on a random, rotational, or other impartial basis.

The State is responsible for the cost of the mediation process, including the costs of meetings. These services are provided by Special Education Mediation Services (http://MiKids1st.org).

Each meeting in the mediation process must be scheduled in a timely manner and held at a place that is convenient for you and the school district.

If you and the school district resolve a dispute through the mediation process, both parties must enter into a legally binding agreement that sets forth the resolution and that:

1. States that all discussions that happened during the mediation process will remain confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding; and
2. Is signed by both you and a representative of the school district who has the authority to bind the school district.

A written, signed mediation agreement is enforceable in any State court of competent jurisdiction (a court that has the authority under State law to hear this type of case) or in a district court of the United States.

Discussions that happened during the mediation process must be confidential. They cannot be used as evidence in any future due process hearing or civil proceeding of

any federal court or state court of a state receiving assistance under Part B or Part C of the IDEA.

**Impartiality of mediator**

The mediator:

1. May not be an employee of the MDE or the school district that is involved in the education or care of your child; and
2. Must not have a personal or professional interest which conflicts with the mediator's objectivity.

A person who otherwise qualifies as a mediator is not an employee of a school district or State agency solely because he or she is paid by the agency or school district to serve as a mediator.

# State Complaint Procedures

## Difference Between Due Process Hearing Complaint and State Complaint Procedures

The regulations for Part B of IDEA set forth separate procedures for State complaints and for due process complaints and hearings. As explained below, any individual or organization may file a State complaint alleging a violation of any Part B or Part C requirement by a school district, the MDE, or any other public agency. Only you or a school district may file a due process complaint on any matter relating to a proposal or a refusal to initiate or change the identification, evaluation or educational placement of a child with a disability, or the provision of a FAPE to the child. While staff of the MDE generally must resolve a State complaint within a 60-calendar-day timeline, unless the timeline is properly extended, an ALJ must hear a due process complaint (if not resolved through a resolution meeting or through mediation) and issue a written decision within 45-calendar days after the end of the resolution period, as described in this document under the heading, **Resolution Process**, unless the ALJ grants a specific extension of the timeline at your request or the school district's request. The State complaint and due process complaint, resolution and hearing procedures are described more fully below.

## Adoption of State Complaint Procedures

### 34 CFR §300.151

### General

The MDE must have written procedures (see Administrative Rules for Special Education, Rule 340.1701a, 340.1851-1853) for:

1. Resolving any State complaint, including a complaint filed by an organization or individual from another State;
2. The filing of a complaint.
3. Widely disseminating the State complaint procedures to parents and other interested individuals, including parent training and information centers, protection and advocacy agencies, independent living centers, and other appropriate entities.

### Remedies for denial of appropriate services

In resolving a State complaint in which the MDE has found a failure to provide appropriate services, the MDE must address:

1. The failure to provide appropriate services, including corrective action appropriate to address the needs of the child; and
2. Appropriate future provision of services for all children with disabilities.

## Minimum State Complaint Procedures

### 34 CFR §300.152

### Time limit; minimum procedures

The MDE, through the Office of Special Education (OSE), will include in its State complaint procedures a time limit of 60 calendar days after a complaint is filed to:

1. Carry out an independent on-site investigation, if the MDE determines that an investigation is necessary;
2. Give the complainant the opportunity to submit additional information, either orally or in writing, about the allegations in the complaint;
3. Provide the school district or other public agency with the opportunity to respond to the complaint, including, at a minimum: (a) at the option of the agency, a proposal to resolve the complaint; and (b) an opportunity for a parent who has filed a complaint and the agency to agree voluntarily to engage in mediation;
4. Review all relevant information and make an independent determination as to whether the school district or other public agency is violating a requirement of Part B of the IDEA; and
5. Issue a written decision to the complainant that addresses each allegation in the complaint and contains: (a) findings of fact and conclusions; and (b) the reasons for the MDE's final decision.

### Time extension; final decision; implementation

The MDE's procedures described above also must:

1. Permit an extension of the 60-calendar day time limit only if: (a) exceptional circumstances exist with respect to a particular State complaint; or (b) the parent and the school district or other public agency involved voluntarily agree to extend the time to resolve the matter through mediation.
2. Include procedures for effective implementation of the MDE's final decision, if needed, including: (a) technical assistance activities; (b) negotiations; and (c) corrective actions to achieve compliance.

### State complaints and due process hearings

If a written State complaint is received that is also the subject of a due process hearing as described below under the heading, **Filing a Due Process Complaint**, or the State complaint contains multiple issues of which one or more are part of such a hearing, the State must set aside the State complaint, or any part of the State complaint that is being addressed in the due process hearing until the hearing is over. Any issue in the State complaint that is not a part of the due process hearing must be resolved using the time limit and procedures described above.

If an issue raised in a State complaint has previously been decided in a due process hearing involving the same parties (you and the school district), then the due process hearing decision is binding on that issue and the MDE must inform the complainant that the decision is binding.

A complaint alleging a school district's or other public agency's failure to implement a due process hearing decision must be resolved by the MDE.

## Filing a State Complaint

**34 CFR §300.153**
An organization or individual may file a signed written State complaint under the procedures described above.

The State complaint must include:

1. A statement that a school district or other public agency has violated:
    a. Any current provision of the administrative rules for special education;
    b. 1976 PA 451, MCL 380.1 et seq., as it pertains to special education programs and services;
    c. The individuals with disabilities education act of 2004, 20 U.S.C., chapter 33, §1400 et seq., and the regulations implementing the act, 34 C.F.R. part 300, and 34 C.F.R. part 303;The facts on which the statement is based;
    d. An intermediate school district plan;
    e. An individualized education program team report, hearing office decision, or court decision regarding special education programs or services; or
    f. The state application for federal funds under the IDEA.
2. The signature and contact information for the complainant; and
3. If alleging violations regarding a specific child:
    a. The name of the child and address of the residence of the child;
    b. The name of the school the child is attending;
    c. In the case of a homeless child or youth, available contact information for the child, and the name of the school the child is attending;
    d. A description of the nature of the problem of the child, including facts relating to the problem; and
    e. A proposed resolution of the problem to the extent known and available to the party filing the complaint at the time the complaint is filed.

The complaint must allege a violation that occurred not more than one year prior to the date that the complaint is received by the MDE or the ISD.

The party filing the State complaint must forward a copy of the complaint to the school district or other public agency serving the child at the same time the party files the complaint with the OSE.

The MDE has developed a model form to aid in the filing of a State complaint. The model form is available on the OSE website (www.michigan.gov/specialeducation). You are not required to use the model form. However, the complaint must contain the required information for filing a State complaint (See 1-4 above).

## Due Process Complaint Procedures

### Filing a Due Process Complaint

### 34 CFR §300.507

### General

You or the school district may file a due process complaint on any matter relating to a proposal or a refusal to initiate or change the identification, evaluation or educational placement of your child, or the provision of a FAPE to your child.

The due process complaint must allege a violation that happened not more than two years before you or the school district knew or should have known about the alleged action that forms the basis of the due process complaint.

The above timeline does not apply to you if you could not file a due process complaint within the timeline because:

1. The school district specifically misrepresented that it had resolved the issues identified in the complaint; or
2. The school district withheld information from you that it was required to provide you under Part B or Part C of the IDEA.

### Information for parents

The school district must inform you of free or low-cost legal and other relevant services available in the area if you request the information, or if you or the school district file a due process complaint.

### Due Process Complaint

### 34 CFR §300.508

### General

In order to request a hearing, you or the school district (or your attorney or the school district's attorney) must file a due process complaint with the MDE, and provide a copy to the other party. The complaint must contain all of the content listed below and must be kept confidential.

### Content of the complaint

The due process complaint must include:

1. The name of the child;
2. The address of the child's residence;
3. The name of the child's school;

4. If the child is a homeless child or youth, the child's contact information and the name of the child's school;
5. A description of the nature of the problem of the child relating to the proposed or refused action, including facts relating to the problem; and
6. A proposed resolution of the problem to the extent known and available to you or the school district at the time.

**Notice required before a hearing on a due process complaint**

You or the school district may not have a due process hearing until you or the school district (or your attorney or the school district's attorney), properly files a due process complaint that includes the information listed above. A due process complaint is properly filed when it has been received by the MDE and the other party.

**Sufficiency of complaint**

In order for a due process complaint to go forward, it must be considered sufficient. The due process complaint will be considered sufficient (to have met the content requirements above) unless the party receiving the due process complaint (you or the school district) notifies the ALJ and the other party in writing, within 15 calendar days of receiving the complaint, that the receiving party believes that the due process complaint does not meet the requirements listed above.

Within five calendar days of receiving the notification the receiving party (you or the school district) considers a due process complaint insufficient, the ALJ must decide if the due process complaint meets the requirements listed above, and notify you and the school district in writing immediately.

**Complaint amendment**

You or the school district may make changes to the complaint only if:

1. The other party approves of the changes in writing and is given the chance to resolve the due process complaint through a resolution meeting, described below; or
2. The ALJ grants permission for the changes, not later than five days before the due process hearing begins.

If the complaining party (you or the school district) makes changes to the due process complaint, the timelines for the resolution meeting (within 15 calendar days of receiving the complaint) and the time period for resolution (within 30 calendar days of receiving the complaint) start again on the date the amended complaint is filed.

**School district response to a due process complaint**

If the school district has not sent a prior written notice to you, as described under the heading, **Prior Written Notice**, regarding the subject matter contained in your due process complaint, the school district must, within 10 calendar days of receiving the due process complaint, send to you a response that includes:

1. An explanation of why the school district proposed or refused to take the action raised in the due process complaint;
2. A description of other options that your child's IEP Team considered and the reasons why those options were rejected;
3. A description of each evaluation procedure, assessment, record, or report the school district used as the basis for the proposed or refused action; and
4. A description of the other factors that are relevant to the school district's proposed or refused action.

Providing the information in items 1-4 above does not prevent the school district from asserting that your due process complaint was insufficient.

**Other party response to a due process complaint**

Except as stated under the sub-heading immediately above, **School district response to a due process complaint**, the party receiving a due process complaint must, within 10 calendar days of receiving the complaint, send the other party a response that specifically addresses the issues in the complaint.

## Model Forms

### 34 CFR §300.509

The MDE has developed a model form to help you file a due process complaint. You are not required to use the MDE model form. However, the due process complaint must contain the required information for filing a due process complaint. The model form is available on the OSE website (www.michigan.gov/specialeducation).

(Note: Use of the model form does not guarantee that an ALJ would find the complaint sufficient if the other party objects to the sufficiency of the complaint.)

## The Child's Placement While the Due Process Complaint and Hearing are Pending

### 34 CFR §300.518

Except as provided below under the heading, **Procedures When Disciplining Children with Disabilities**, once a due process complaint is filed with the MDE and received by the other party, your child must remain in his or her current educational placement during the resolution process time period, and while waiting

for the decision of any impartial due process hearing or court proceeding, unless you and the State or school district agree otherwise.

If the due process complaint involves an application for initial admission to public school, your child, with your consent, must be placed in the regular public school program until the completion of all such proceedings.

If the due process complaint involves an application for initial services under Part B of the IDEA for a child who is transitioning from being served under Part C of the IDEA to Part B of the IDEA and who is no longer eligible for Part C services because the child has turned three, the school district is not required to provide the Part C services that the child has been receiving. If the child is found eligible under Part B of the IDEA and you consent for the child to receive special education and related services for the first time, then, pending the outcome of the proceedings, the school district must provide those special education and related services that are not in dispute (those which you and the school district both agree upon).

## Resolution Process

### 34 CFR §300.510

### Resolution meeting

The school district must convene a resolution meeting with you and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in your due process complaint. The resolution meeting must be convened within 15 calendar days after the due process complaint is filed with the MDE, and received by the school district. The due process hearing cannot begin until the resolution meeting is conducted. The meeting:

1. Must include a representative of the school district who has decision-making authority on behalf of the school district; and
2. May not include an attorney of the school district unless you are accompanied by an attorney.

You and the school district determine the relevant members of the IEP Team to attend the meeting.

The purpose of the meeting is for you to discuss your due process complaint, and the facts that form the basis of the complaint, so that the school district has the opportunity to resolve the dispute.

The resolution meeting is not required if:

1. You and the school district agree in writing to waive the meeting; or

2. You and the school district agree to use the mediation process, as described under the heading, **Mediation**.

**Resolution period**

If the school district has not resolved the due process complaint to your satisfaction within 30 calendar days of the receipt of the due process complaint (during the time period for the resolution process), the due process hearing may occur.

The 45-calendar-day timeline for issuing a final decision begins at the expiration of the 30-calendar-day resolution period, with certain exceptions for adjustments made to the 30-calendar-day resolution period, as described below.

Except where you and the school district have both agreed to waive the resolution process or to use mediation, your failure to participate in the resolution meeting will delay the timelines for the resolution process and due process hearing until you do participate in a meeting.

If after making reasonable efforts and documenting such efforts, the school district is not able to obtain your participation in the resolution meeting, the school district may, at the end of the 30-calendar-day resolution period, request that an ALJ dismiss your due process complaint. Documentation of such efforts must include a record of the school district's attempts to arrange a mutually agreed upon time and place, such as:

1. Detailed records of telephone calls made or attempted and the results of those calls;
2. Copies of correspondence sent to you and any responses received; and
3. Detailed records of visits made to your home or place of employment and the results of those visits.

If the school district fails to hold the resolution meeting within 15 calendar days of receiving notice of your due process complaint, or fails to participate in the resolution meeting, you may ask an ALJ to order that the 45-calendar-day due process hearing timeline begin.

**Adjustments to the 30-calendar-day resolution period**

If you and the school district agree in writing to waive the resolution meeting, the 45-calendar-day timeline for the due process hearing starts the next day.

After the start of mediation or the resolution meeting and before the end of the 30-calendar-day resolution period, if you and the school district agree in writing that no agreement is possible, the 45-calendar-day timeline for the due process hearing starts the next day.

If you and the school district agree to use the mediation process, at the end of the 30-calendar-day resolution period, both parties can agree in writing to continue the mediation until an agreement is reached. However, if either you or the school district later withdraws from the mediation process, the 45-calendar-day timeline for the due process hearing starts the next day.

**Written settlement agreement**

If a resolution to the dispute is reached at the resolution meeting, you and the school district must enter into a legally binding agreement that is:

1. Signed by you and a representative of the school district who has the authority to bind the school district; and
2. Enforceable in any state court of competent jurisdiction (a state court that has authority to hear this type of case) or in a district court of the United States.

**Agreement review period**

If you and the school district enter into an agreement as a result of a resolution meeting, either party (you or the school district) may void the agreement within 3 business days of the time that both you and the school district signed the agreement.

## Hearings on Due Process Complaints

### Impartial Due Process Hearing

### 34 CFR §300.511

### General

Whenever a due process complaint is filed, you or the school district involved in the dispute must have an opportunity for an impartial due process hearing, after following the procedures described in the **Due Process Complaint** and Resolution **Process** sections.

### Impartial administrative law judge

At a minimum, an ALJ:

1. Must not be an employee of the MDE or the school district that is involved in the education or care of the child. However, a person is not an employee of the agency solely because he/she is paid by the agency to serve as an ALJ;
2. Must not have a personal or professional interest that conflicts with the ALJ's objectivity in the hearing;
3. Must be knowledgeable and understand the provisions of the IDEA, and federal and state regulations pertaining to the IDEA, and legal interpretations of the IDEA by federal and state courts; and
4. Must have the knowledge and ability to conduct hearings, and to make and write decisions, consistent with appropriate, standard legal practice.

ALJs are State classified civil service employees who are attorneys and who are employed by the State Office of Administrative Hearings and Rules (SOAHR). The MDE (through the SOAHR) keeps a list that includes a statement of the qualifications of those persons who serve as ALJs.

### Subject matter of due process hearing

The party (you or the school district) that requests the due process hearing may not raise issues at the due process hearing that were not addressed in the due process complaint, unless the other party agrees.

### Timeline for requesting a hearing

You or the school district must file a due process complaint within two years of the date you or the school district knew or should have known about the issue(s) addressed in the complaint.

### Exceptions to the timeline

The above timeline does not apply to you if you could not file a due process complaint because:

1. The school district specifically misrepresented that it had resolved the problem or issue that you are raising in your complaint; or
2. The school district withheld information from you that it was required to provide to you under Part B or Part C of the IDEA.

## Hearing Rights

### 34 CFR §300.512

### General

Any party to a due process hearing (including a hearing relating to disciplinary procedures) has the right to:

1. Be accompanied and advised by a lawyer and/or persons with special knowledge or training regarding the problems of children with disabilities;
2. Present evidence and confront, cross-examine, and compel the attendance of witnesses;
3. Prohibit the introduction of any evidence at the hearing that has not been disclosed to that party at least five business days before the hearing;
4. Obtain a written, or, at your option, electronic, word-for-word record of the hearing; and
5. Obtain written, or, at your option, electronic findings of fact and decisions.

### Additional disclosure of information

At least five business days prior to a due process hearing, you and the school district must disclose to each other all evaluations completed by that date and recommendations based on those evaluations that you or the school district intend to use at the hearing.

An ALJ may prevent any party that fails to comply with this requirement from introducing the relevant evaluation or recommendation at the hearing without the consent of the other party.

### Parental rights at hearings

You must be given the right to:

1. Have your child present;
2. Open the hearing to the public; and
3. Have the record of the hearing, the findings of fact and decisions provided to you at no cost.

## Hearing Decisions

## 34 CFR §300.513

### Decision of administrative law judge

An ALJ's decision on whether your child received a FAPE must be based on substantive grounds.

In matters alleging a procedural violation, an ALJ may find that your child did not receive FAPE only if the procedural inadequacies:

1. Impeded with your child's right to a FAPE;
2. Significantly impeded with your opportunity to participate in the decision-making process regarding the provision of a FAPE to your child; or
3. Caused a deprivation of an educational benefit.

### Construction clause

None of the provisions described above can be interpreted to prevent an ALJ from ordering a school district to comply with the requirements in the procedural safeguards section of the federal regulations under Part B of the IDEA (34 CFR §§300.500 through 300.536).

### Separate request for a due process hearing

Nothing in the procedural safeguards section of the federal regulations under Part B of the IDEA (34 CFR §§300.500 through 300.536) can be interpreted to prevent you from filing a separate due process complaint on an issue separate from a due process complaint already filed.

### Findings and decision to advisory panel and general public

The MDE, after deleting any personally identifiable information, must:

1. Provide the findings and decisions in the due process hearing to the State special education advisory committee; and
2. Make those findings and decisions available to the public.

# Appeals

## Finality of Decision; Appeal; Impartial Review

### 34 CFR §300.514

**Finality of hearing decision**
A decision made in a due process hearing (including a hearing relating to disciplinary procedures) is final, except that any party involved in the hearing (you or the school district) may appeal the decision by bringing a civil action, as described below.

## Timelines and Convenience of Hearings

### 34 CFR §300.515

The MDE must ensure that not later than 45 calendar days after the expiration of the 30-calendar-day period for resolution meetings or, not later than 45 calendar days after the expiration of the adjusted time period as described under the sub-heading, **Adjustments to the 30-calendar-day resolution period:**

1. A final decision is reached in the hearing; and
2. A copy of the decision is mailed to each of the parties.

An ALJ may grant specific extensions of time beyond the 45-calendar-day time period described above at the request of either party.

Each hearing must be conducted at a time and place that is reasonably convenient to you and your child.

## Civil Actions, Including the Time Period in Which to File Those Actions

### 34 CFR §300.516

**General**
Any party (you or the school district) who does not agree with the findings and decision in the due process hearing (including a hearing relating to disciplinary procedures) has the right to bring a civil action with respect to the matter that was the subject of the due process hearing. The action may be brought in a state court of competent jurisdiction (a state court that has authority to hear this type of case) or in a district court of the United States without regard to the amount in dispute.

**Time limitation**

The party (you or the school district) bringing the action shall have 90 calendar days from the date of the decision of the ALJ to file a civil action.

**Additional procedures**

In any civil action, the court:

1. Receives the records of the administrative proceedings;
2. Hears additional evidence at your request or at the school district's request; and
3. Bases its decision on the preponderance of the evidence and grants the relief that the court determines to be appropriate.

**Jurisdiction of district courts**

The district courts of the United States have authority to rule on actions brought under Part B of the IDEA without regard to the amount in dispute.

**Rule of construction**

Nothing in Part B of the IDEA restricts or limits the rights, procedures, and remedies available under the U.S. Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973 (Section 504), or other federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under these laws seeking relief that is also available under Part B of the IDEA, the due process procedures described above must be exhausted to the same extent as would be required if the party filed the action under Part B of the IDEA. This means that you may have remedies available under other laws that overlap with those available under the IDEA, but in general, to obtain relief under those other laws, you must first use the available administrative remedies under the IDEA (i.e., the due process complaint, resolution meeting, and impartial due process hearing procedures) before going directly into court.

## Attorneys' Fees

**34 CFR §300.517**

**General**

In any action or proceeding brought under Part B of the IDEA, if you prevail, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to you.

In any action or proceeding brought under Part B of the IDEA, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing state educational agency or school district, to be paid by your attorney, if the attorney: (a) filed a complaint or court case that the court finds is frivolous,

unreasonable, or without foundation; or (b) continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or

In any action or proceeding brought under Part B of the IDEA, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing state educational agency or school district, to be paid by you or your attorney, if your request for a due process hearing or later court case was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to unnecessarily increase the cost of the action or proceeding.

### Award of fees

A court awards reasonable attorneys' fees as follows:

1. Fees must be based on rates prevailing in the community in which the action or hearing arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded.
2. Fees may not be awarded and related costs may not be reimbursed in any action or proceeding under Part B of the IDEA for services performed after a written offer of settlement to you if:
   a. The offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of a due process hearing, at any time more than 10 calendar days before the proceeding begins;
   b. The offer is not accepted within 10 calendar days; and
   c. The court or ALJ finds that the relief finally obtained by you is not more favorable to you than the offer of settlement.
   
   Despite these restrictions, an award of attorneys' fees and related costs may be made to you if you prevail and you were substantially justified in rejecting the settlement offer.
3. Fees may not be awarded relating to any meeting of the IEP Team unless the meeting is held as a result of an administrative proceeding or court action.
4. Fees also may not be awarded for a mediation as described under the heading, **Mediation**.
5. A resolution meeting, as described under the heading, **Resolution meeting**, is not considered a meeting convened as a result of an administrative hearing or court action, and also is not considered an administrative hearing or court action for purposes of these attorneys' fees provisions.

The court reduces, as appropriate, the amount of the attorneys' fees awarded under Part B of the IDEA, if the court finds that:

1. You, or your attorney, during the course of the action or proceeding, unreasonably delayed the final resolution of the dispute;

2. The amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably similar skill, reputation, and experience;

3. The time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

4. The attorney representing you did not provide to the school district the appropriate information in the due process request notice as described under the heading, **Due Process Complaint**.

However, the court may not reduce fees if the court finds that the state or school district unreasonably delayed the final resolution of the action or proceeding or there was a violation under the procedural safeguards provisions of Part B of the IDEA.

# Procedures When Disciplining Children with Disabilities

## Authority of School Personnel

### 34 CFR §300.530

### Case-by-case determination

School personnel may consider any unique circumstances on a case-by-case basis, when determining whether a change of placement, made in accordance with the following requirements related to discipline, is appropriate for a child with a disability who violates a school code of student conduct.

### General

To the extent that they also take such action for children without disabilities, school personnel may, for not more than **10 school days** in a row, remove a child with a disability who violates a code of student conduct from his or her current placement to an appropriate interim alternative educational setting, another setting, or suspension. School personnel may also impose additional removals of the child not more than **10 school days** in a row in that same school year for separate incidents of misconduct, as long as those removals do not constitute a change of placement (see **Change of Placement Because of Disciplinary Removals** for the definition, below).

Once a child with a disability has been removed from his or her current placement for a total of **10 school days** in the same school year, the school district must, during any subsequent days of removal in that school year, provide services to the extent required below under the sub-heading, **Services**.

### Additional authority

If the behavior that violated the student code of conduct was not a manifestation of the child's disability (see **Manifestation determination**, below) and the disciplinary change of placement would exceed **10 school days** in a row, school personnel may apply the disciplinary procedures to that child with a disability in the same manner and for the same duration as it would to children without disabilities, except that the school must provide services to that child as described below under **Services**. The child's IEP Team determines the interim alternative educational setting for such services.

### Services

The services that must be provided to a child with a disability who has been removed from the child's current placement may be provided in an interim alternative educational setting.

A school district is only required to provide services to a child with a disability who has been removed from his or her current placement for **10 school days or less** in that school year, if it provides services to a child without disabilities who has been similarly removed. Michigan does not require services to students who are non-disabled who have been removed for disciplinary reasons.

A child with a disability who is removed from the child's current placement for **more than 10 school** days must:

1. Continue to receive educational services, so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; **and**
2. Receive, as appropriate, a functional behavioral assessment (FBA), and behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not happen again.

After a child with a disability has been removed from his or her current placement for **10 school days** in that same school year, and if the current removal is for **10 school days** in a row or less **and** if the removal is not a change of placement (see definition below), then school personnel, in consultation with at least one of the child's teachers, determine the extent to which services are needed to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP.

If the removal is a change of placement (see definition below), the child's IEP Team determines the appropriate services to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP.

**Manifestation determination**

Within **10 school days** of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, (except for a removal that is for **10 school days** in a row or less and not a change of placement), the school district, the parent, and relevant members of the IEP Team (as determined by the parent and the school district) must review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine:

1. If the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or
2. If the conduct in question was the direct result of the school district's failure to implement the child's IEP.

If the school district, the parent, and relevant members of the child's IEP Team determine that either of those conditions was met, the conduct must be determined to be a manifestation of the child's disability.

If the school district, the parent, and relevant members of the child's IEP Team determine that the conduct in question was the direct result of the school district's failure to implement the IEP, the school district must take immediate action to remedy those deficiencies.

**Determination that behavior was a manifestation of the child's disability**

If the school district, the parent, and relevant members of the IEP Team determine that the conduct was a manifestation of the child's disability, the IEP Team must either:

1. Conduct a FBA, unless the school district had conducted a FBA before the behavior that resulted in the change of placement occurred, and implement a behavioral intervention plan (BIP) for the child; or
2. If a BIP already has been developed, review the BIP, and modify it, as necessary, to address the behavior.

Except as described below under the sub-heading, **Special circumstances**, the school district must return the child to the placement from which the child was removed, unless the parent and the district agree to a change of placement as part of the modification of the BIP.

**Special circumstances**

Whether or not the behavior was a manifestation of the child's disability, school personnel may remove a student to an interim alternative educational setting (determined by the child's IEP Team) for up to 45 school days, if the child:

1. Carries a weapon to school or has a weapon at school, on school premises, or at a school function under the jurisdiction of the MDE or a school district;
2. Knowingly has or uses illegal drugs, or sells or solicits the sale of a controlled substance while at school, on school premises, or at a school function under the jurisdiction of the MDE or a school district; or
3. Has inflicted serious bodily injury upon another person while at school, on school premises, or at a school function under the jurisdiction of the MDE or a school district.

**Definitions**

*Controlled substance* means a drug or other substance identified under schedules I, II, III, IV, or V in section 202(c) of the Controlled Substances Act (21 U.S.C. 812(c)).

*Illegal drug* means a controlled substance; but does not include a controlled substance that is legally possessed or used under the supervision of a licensed health-care professional or that is legally possessed or used under any other authority under that Act or under any other provision of Federal law.

*Serious bodily injury* has the meaning given the term "serious bodily injury" under paragraph (3) of subsection (h) of section 1365 of title 18, United States Code. (See Attachment A.)

*Weapon* has the meaning given the term "dangerous weapon" under paragraph (2) of the first subsection (g) of section 930 of title 18, United States Code. (See Attachment A.)

## Notification

On the date it makes the decision to make a removal that is a change of placement of the child because of a violation of a code of student conduct, the school district must notify the parents of that decision, and provide the parents with a procedural safeguards notice.

## Change of Placement Because of Disciplinary Removals

### 34 CFR §300.536

A removal of a child with a disability from the child's current educational placement is a **change of placement** if:

1. The removal is for more than 10 school days in a row; **or**
2. The child has been subjected to a series of removals that constitute a pattern because:
   a. The series of removals total more than 10 school days in a school year;
   b. The child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals; and
   c. Of such additional factors as the length of each removal, the total amount of time the child has been removed, and the proximity of the removals to one another.

Whether a pattern of removals constitutes a change of placement is determined on a case-by-case basis by the school district and, if challenged, is subject to review through due process and judicial proceedings.

## Determination of Setting

### 34 CFR § 300.531

The IEP Team must determine the interim alternative educational setting for removals that are **changes of placement**, and removals under the headings, **Additional authority** and **Special circumstances**, above.

## Appeal

### 34 CFR § 300.532

### General

The parent of a child with a disability may file a due process complaint (see above) to request a due process hearing if he or she disagrees with:

1. Any decision regarding placement made under these discipline provisions; or
2. The manifestation determination described above.

The school district may file a due process complaint (see above) to request a due process hearing if it believes that maintaining the current placement of the child is substantially likely to result in injury to the child or to others.

### Authority of an administrative law judge

An ALJ that meets the requirements described under the sub-heading, **Impartial administrative law judge**, must conduct the due process hearing and make a decision. The ALJ may:

1. Return the child with a disability to the placement from which the child was removed if the ALJ determines that the removal was a violation of the requirements described under the heading, **Authority of School Personnel**, or that the child's behavior was a manifestation of the child's disability; or
2. Order a change of placement of the child with a disability to an appropriate interim alternative educational setting for not more than 45 school days if the ALJ determines that maintaining the current placement of the child is substantially likely to result in injury to the child or to others.

These hearing procedures may be repeated, if the school district believes that returning the child to the original placement is substantially likely to result in injury to the child or to others.

Whenever a parent or a school district files a due process complaint to request such a hearing, a hearing must be held that meets the requirements described under the headings**, Due Process Complaint, Hearings on Due Process Complaints**, except as follows:

1. The MDE arranges for an expedited due process hearing, which must occur within **20** school days of the date the hearing is requested and must result in a determination within **10** school days after the hearing.
2. Unless the parents and the school district agree in writing to waive the meeting, or agree to use mediation, a resolution meeting must occur within **seven** calendar days of receiving notice of the due process complaint. The hearing may proceed unless the matter has been resolved to the satisfaction of both parties within **15** calendar days of receipt of the due process complaint.

A decision made in an expedited due process hearing is final, except that any party involved in the hearing (you or the school district) may bring a civil action, as described under the heading "Civil Actions, Including The Time Period In Which To File Those Actions."

## Placement During Appeals

**34 CFR §300.533**
When, as described above, the parent or school district has filed a due process complaint related to disciplinary matters, the child must (unless the parent and the MDE or school district agree otherwise) remain in the interim alternative educational setting pending the decision of the hearing officer, or until the expiration of the time period of removal as provided for and described under the heading, Authority of School Personnel, whichever occurs first.

## Protections for Children Not Yet Eligible for Special Education and Related Services

**34 CFR §300.534**

**General**
If a child has not been determined eligible for special education and related services and violates a code of student conduct, but the school district had knowledge (as determined below) before the behavior that brought about the disciplinary action occurred, that the child was a child with a disability, then the child may assert any of the protections described in this notice.

**Basis of knowledge for disciplinary matters**
A school district must be deemed to have knowledge that a child is a child with a disability if, before the behavior that brought about the disciplinary action occurred:

1. The parent of the child expressed concern in writing that the child is in need of special education and related services to supervisory or administrative personnel of the appropriate educational agency, or a teacher of the child;

2. The parent requested an evaluation related to eligibility for special education and related services under Part B of the IDEA; or

3. The child's teacher, or other school district personnel expressed specific concerns about a pattern of behavior demonstrated by the child directly to the school district's director of special education or to other supervisory personnel of the school district.

**Exception**

A school district would not be deemed to have such knowledge if:

1. The child's parent has not allowed an evaluation of the child or has refused special education services; or

2. The child has been evaluated and determined to not be a child with a disability under Part B of the IDEA.

**Conditions that apply if there is no basis of knowledge**

If prior to taking disciplinary measures against the child, a school district does not have knowledge that a child is a child with a disability, as described above under the sub-headings, **Basis of knowledge for disciplinary matters** and **Exception**, the child may be subjected to the disciplinary measures that are applied to children without disabilities who engaged in comparable behaviors.

However, if a request is made for an evaluation of a child during the time period in which the child is subjected to disciplinary measures, the evaluation must be conducted in an expedited manner.

Until the evaluation is completed, the child remains in the educational placement determined by school authorities, which can include suspension or expulsion without educational services.

If the child is determined to be a child with a disability, taking into consideration information from the evaluation conducted by the school district, and information provided by the parents, the school district must provide special education and related services in accordance with Part B of the IDEA, including the disciplinary requirements described above.

## Referral to and Action by Law Enforcement and Judicial Authorities

**34 CFR §300.535**

Part B of the IDEA does not:

1. Prohibit an agency from reporting a crime committed by a child with a disability to appropriate authorities; or

2. Prevent state law enforcement and judicial authorities from exercising their responsibilities with regard to the application of federal and state law to crimes committed by a child with a disability.

**Transmittal of records**

If a school district reports a crime committed by a child with a disability, the school district :

1. Must ensure that copies of the child's special education and disciplinary records are transmitted for consideration by the authorities to whom the agency reports the crime; and
2. May transmit copies of the child's special education and disciplinary records only to the extent permitted by the FERPA.

# Requirements for Unilateral Placement by Parents of Children in Private Schools at Public Expense

## General

### 34 CFR §300.148

Part B of the IDEA does not require a school district to pay for the cost of education, including special education and related services, of your child with a disability at a private school or facility if the school district made a FAPE available to your child and you choose to place the child in a private school or facility. However, the school district where the private school is located must include your child in the population whose special education needs are addressed under the Part B provisions regarding children who have been placed by their parents in a private school under 34 CFR §§300.131 through 300.144.

## Reimbursement for private school placement

If your child previously received special education and related services under the authority of a school district, and you choose to enroll your child in a private preschool, elementary school, or secondary school without the consent of or referral by the school district, a court or an ALJ may require the agency to reimburse you for the cost of that enrollment if the court or ALJ finds that the agency had not made a FAPE available to your child in a timely manner prior to that enrollment and that the private placement is appropriate. An ALJ or court may find your placement to be appropriate, even if the placement does not meet the State standards that apply to education provided by the MDE and school districts.

## Limitation on reimbursement

The cost of reimbursement described in the paragraph above may be reduced or denied:

1. If: (a) At the most recent IEP meeting that you attended prior to your removal of your child from the public school, you did not inform the IEP Team that you were rejecting the placement proposed by the school district to provide FAPE to your child, including stating your concerns and your intent to enroll your child in a private school at public expense; or (b) At least 10 business days (including any holidays that occur on a business day) prior to your removal of your child from the public school, you did not give written notice to the school district of that information;
2. If, prior to your removal of your child from the public school, the school district provided prior written notice to you, of its intent to evaluate your child (including a statement of the purpose of the evaluation that was appropriate and reasonable), but you did not make the child available for the evaluation; **or**

3. Upon a court's finding that your actions were unreasonable.

However, the cost of reimbursement:

1. Must not be reduced or denied for failure to provide the notice if: (a) The school prevented you from providing the notice; (b) You had not received notice of your responsibility to provide the notice described above; or (c) Compliance with the above requirements would likely result in physical harm to your child; and
2. May, in the discretion of the court or an ALJ, not be reduced or denied for the parents' failure to provide the required notice if: (a) The parent is not literate or cannot write in English; or (b) Compliance with the above requirements would likely result in serious emotional harm to the child.

## Transfer of Parental Rights at Age of Majority

### 34 CFR §300.520

When a student with a disability reaches the age of majority (age 18 in Michigan if a legal guardian has not been appointed by the court), the public agency must provide any notices required under Part B of the IDEA to both the student and the parent and all rights accorded to the parent under Part B of the IDEA transfer to the student. All rights accorded to the parent also transfer to students who have reached the age of majority and who are incarcerated in an adult or juvenile federal, state, or local correctional institution.

## Attachment A – Federal Definitions

**Serious Bodily Injury**

**18 USC 1365(h)**

3. The term "serious bodily injury" means bodily injury which involves –
   - (A) a substantial risk of death;
   - (B) extreme physical pain;
   - (C) protracted and obvious disfigurement; or
   - (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty; and

4. The term "bodily injury" means –
   - (A) a cut, abrasion, bruise, burn, or disfigurement;
   - (B) physical pain;
   - (C) illness;
   - (D) impairment of the function of a bodily member, organ, or mental faculty; or
   - (E) any other injury to the body, no matter how temporary.

**Weapon**
18 USC 930(g)

(2) The term "dangerous weapon" means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury, except that such term does not include a pocket knife with a blade of less than 2 1/2 inches in length.