# Exhibit F

## *F.C. v. Tenn. Dep't of Educ.*

United States Court of Appeals for the Sixth Circuit

August 20, 2018, Filed

File Name: 18a0422n.06

Case No. 17-5444

**Reporter**
745 Fed. Appx. 605 *; 2018 U.S. App. LEXIS 23099 **; 2018 FED App. 0422N (6th Cir.); 2018 WL 3995656

F.C.; A.C.; S.C., Plaintiffs-Appellants, v. TENNESSEE DEPARTMENT OF EDUCATION, Defendant-Appellee.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History:** [**1] ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE.

*F.C. v. Tenn. Dep't of Educ., 2017 U.S. Dist. LEXIS 46521 (M.D. Tenn., Mar. 29, 2017)*

### Case Summary

**Overview**
HOLDINGS: [1]-A district court properly dismissed a student's claims that he was denied a free appropriate public education due to the state department of education's failure to comply with the IDEA because the student was required to exhaust his administrative remedies prior to filing suit, and he failed to do so; [2]-Exhaustion was necessary to give effect to the backbone of the IDEA to efficiently and effectively accommodate the educational needs of children with disabilities through cooperation with their parents and the local education agency; [3]-Although exhaustion could be waived if it was shown to have been futile, there was no such showing in this case.

**Outcome**
Decision affirmed.

**Counsel:** For F. C., A. C., S. C., Plaintiffs - Appellants: Justin Scott Gilbert, Gilbert Russell McWherter Scott Bobbitt, Chattanooga, TN.

For TENNESSEE DEPARTMENT OF EDUCATION, Defendant - Appellee: Colleen Elizabeth Mallea, Office of the Attorney General, Civil Rights & Claims Division, Nashville, TN.

For COUNSEL OF PARENT ATTORNEYS AND ADVOCATES, Amicus Curiae: Judith Abbott Gran, Reisman Carolla Gran, Haddonfield, NJ.

**Judges:** BEFORE: COLE, Chief Judge; CLAY and THAPAR, Circuit Judges.

**Opinion by:** COLE

### Opinion

[*606] COLE, Chief Judge. The *Individuals with Disabilities Education Act (IDEA)* ensures that children with disabilities receive necessary educational services. *20 U.S.C. § 1400 et seq.* And when a plaintiff seeks relief related to the IDEA's core guarantee—a "free appropriate public education"—he is required to exhaust the Act's

administrative procedures. F.C., along with his parents, A.C. and S.C., appeal the district court's dismissal of their claims that F.C. was denied a free appropriate public education because the Tennessee Department of Education failed to comply with the IDEA. Because F.C. was required to exhaust his administrative remedies and [**2] failed to do so, we affirm.

## I. BACKGROUND

F.C. is a 16-year-old student born with Arthrogryposis Multiplex Congenital, a disorder that severely limits his mobility, range of motion, strength, and dexterity. F.C. was born in China. He spent his early life in a primarily non-verbal environment without formal education. At age nine, he was adopted by A.C. and S.C. and moved to Tennessee.

Once in Tennessee, F.C. enrolled in Freedom Intermediate School within the Franklin Special School District. Because of F.C.'s background and disability, he struggled with reading and writing in English. F.C.'s scores on the Tennessee English Language Placement Assessment qualified him as "pre-functional." But, while F.C. had an existing Individualized Education Plan developed in China, his school did not immediately develop a new education plan or evaluate F.C. for eligibility under the IDEA. According to his parents, this delay was part of a pattern of failing to address F.C.'s unique educational needs. This failure meant that F.C. was not receiving English language instruction at his academic level, denying him the free appropriate public education that the IDEA requires.

Believing that F.C. was not receiving [**3] an appropriate education, F.C.'s parents withdrew him from the school district in 2015. A.C. and S.C. notified the school district that F.C. would enroll in private school and that they expected reimbursement for tuition and other expenses.

In pursuit of this reimbursement, F.C. first filed a due-process complaint against the school district— and the school district alone—seeking compensatory educational services because of its failure to provide F.C. with an appropriate public education. The complaint alleged violations of the IDEA, Section 504 of the Rehabilitation Act of 1973, Title II of the American with Disabilities Act, and Title VI of the Civil Rights Act of 1964.

A Tennessee Administrative Law Judge dismissed the due-process complaint for procedural deficiencies. The ALJ found that all claims based on events before 2013 were time barred, that he lacked jurisdiction to decide non-IDEA claims, and that there were insufficient factual allegations supporting F.C.'s retaliation claims under the Rehabilitation Act. In addition, the ALJ found that the complaint did not comply with the IDEA's pleading standards, which require a complaint to be "sufficiently specific" in its allegations. And "failure [**4] to comply with those minimum requirements will prevent the Petitioner from proceeding to a Due Process Hearing." (Id. at PageID # 30-31.) F.C. was granted leave to file an amended complaint that corrected the mistakes detailed by the ALJ and that complied with the IDEA's requirements.

So F.C. filed an amended due-process complaint, again raising claims against the [*607] school district alone. But the complaint did not delete the references to the claims deemed time barred or those claims lacking subject-matter jurisdiction. And, as the ALJ found, the amended complaint still failed to meet the IDEA's pleading requirements. The new information in the complaint was, in the ALJ's view, "broad assertions of [the] school system's or the personnel's failures, which are not linked in a meaningful way to the lengthy factual recitation that precedes them" and thus the amended complaint was insufficient under the IDEA. (Id. at PageID # 31-32.) And on this basis, the ALJ dismissed the amended due-process complaint. The "final order" stated that "this dismissal is specifically based on procedural defects in the [c]omplaint, and that the merits of the [p]etitioners' claims have not been addressed."

(*Id. [\*\*5]*) "Nothing" in the order prevented F.C. from filing a new due-process complaint in the future, "provided it complie[d] with the procedural requirements of the IDEA."

Instead of filing another due-process complaint with the state administrative agency, F.C. took his claims to federal court. This complaint alleged the same injury as the earlier due-process complaint: that the school district denied F.C. a free appropriate public education because it failed to provide F.C. with an appropriate individual education plan and systematically failed to comply with the IDEA. But the federal complaint added a new party to the mix: the Tennessee Department of Education. The complaint alleged that the department had "also failed to follow IDEA by (a) failing to provide a due-process procedure which is in compliance with IDEA, (b) failing to ensure that [the school district] complied with Title VI of the Civil Rights Act of 1964 when accommodating internationally adopted students with disabilities who also have limited-English proficiency [], (c) failing to establish eligibility criteria for Language Impairment that complies with IDEA and (d) failing to ensure that school districts in Tennessee do [\*\*6] not use the Response to Intervention [] process to delay eligibility." (*Id.* at PageID # 43-44.)

Even though F.C.'s administrative complaint was dismissed without a due process hearing, F.C. argued that the district court had jurisdiction over all his claims because he was an "aggrieved" party under 20 U.S.C. § 1415(i).

Both defendants moved to dismiss. The magistrate judge's report and recommendation proposed granting the motions. The report found that F.C. was required to exhaust all administrative remedies under the IDEA because the crux of his claim was the denial of a free appropriate public education. And because F.C. did not file a new due-process complaint as the ALJ authorized and there was never a due-process hearing on his claims, F.C. failed to meet the IDEA's exhaustion requirement. The magistrate judge also rejected the argument that § 1415(i) allowed the district court to review these claims.

The district court adopted the magistrate's recommendations and dismissed F.C.'s complaint without prejudice for failure to exhaust. F.C. appealed. But before briefing was filed, F.C. settled with the school district. Only his claims against the Tennessee Department of Education remain.

II. ANALYSIS

With F.C.'s claims [\*\*7] against the school district settled, this case boils down to one question: Did F.C. properly exhaust the IDEA's administrative procedures for his claims against the Tennessee Department of Education?

[*608] We review de novo the grant of a motion to dismiss under Rule 12(b)(6) for failure to exhaust administrative remedies under the IDEA. *See Nelson v. Miller, 170 F.3d 641, 649 (6th Cir. 1999)*; *W.R. v. Ohio Health Dep't, 651 F. App'x 514, 518 (6th Cir. 2016)*. A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief. *W.R., 651 F. App'x at 518* (citations omitted). If the allegations, for example, show that relief is barred for failing to exhaust administrative remedies, the complaint is subject to dismissal for failure to state a claim. *Id.*

The IDEA requires that a plaintiff exhaust the Act's administrative procedures when the lawsuit seeks relief for the denial of a free appropriate public education. *Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752, 197 L. Ed. 2d 46 (2017)*. This rule makes sense. States and localities historically have had a strong interest in education. *Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir. 1992)*. And states, not the federal courts, ought to have primary responsibility for the programs that Congress tasked states to administer. *Id.* Exhaustion is necessary to give effect to the backbone of the IDEA: to efficiently and effectively accommodate the educational [\*\*8] needs of children with

disabilities through cooperation with their parents and the local education agency. *Id.* (citing *Smith v. Robinson, 468 U.S. 992, 1011, 104 S. Ct. 3457, 82 L. Ed. 2d 746 (1984)*.)

But this rule is not absolute. There are narrow exceptions to the exhaustion requirement: when the use of administrative procedures would be futile or inadequate to protect the plaintiff's rights and when the plaintiff was not given full notice of his procedural rights under the IDEA. *Covington v. Knox Cty. Sch. Sys., 205 F.3d 912, 917 (6th Cir. 2000)*; *Honig v. Doe, 484 U.S. 305, 326, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988)*. The burden of demonstrating one of these exceptions is with the party seeking to bypass the administrative process. *Covington, 205 F.3d at 917*.

On one point the parties have found common ground: F.C.'s complaint seeks relief for the denial of a free appropriate public education and F.C. was required to exhaust the IDEA's administrative procedures unless an exception applies. But this ground is narrow. The parties dispute whether the receipt of a "final order" from the ALJ satisfies the IDEA's exhaustion requirement. And, in the alternative, F.C. argues that he is exempt from the IDEA's exhaustion requirement because his claims allege systemic harms making exhaustion futile.

The ALJ's order dismissing F.C.'s due-process complaint does not satisfy the IDEA's exhaustion requirement for the Tennessee Department [**9] of Education. F.C. did not raise his claims challenging the department's—the only party remaining in this action—due-process complaint procedure and language impairment criteria in either complaint before the ALJ. Accordingly, he never exhausted, or attempted to exhaust, his claims against the Tennessee Department of Education.

Similarly, because the School District is no longer a party to the suit, the claims raised in F.C's complaint arising from the proceedings before the ALJ—whether the ALJ incorrectly applied the IDEA's statute of limitations and impermissibly applied heightened pleading standards—are not properly before this court. As the Supreme Court put it, "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States, 506 U.S. 9, 12, [*609] 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992)* (quotation marks omitted).

F.C.'s alternative argument, that exhaustion would be futile in this case because his claims against the Tennessee Department of Education are "systemic," suffers a similar fate. (Reply Br. 6.) We have explained that we "do[] not usually consider issues raised for the first time on appeal in a reply [**10] brief, whether or not they were previously raised in the district court." *Kuhn v. Washtenaw Cty., 709 F.3d 612, 623 (6th Cir. 2013)*. But even if this argument was not waived, we doubt that a plaintiff is exempt from the IDEA's exhaustion requirement just because he paints the allegations in his complaint as broadly applying to all students. *Hoeft, 967 F.2d at 1305*. Eligibility criteria, like the language impairment criteria challenged here, strikes us as exactly the kind of technical question best resolved with the benefit of a fully developed administrative record. *Id.* Still, this argument is not properly before us and we decline to reach its merits.

Because the IDEA required F.C. to exhaust the IDEA's administrative remedies and F.C. did not do so, the district court did not err when it dismissed F.C.'s complaint for failure to exhaust. F.C.'s other claims were waived below and are not properly before this court. *W.R, 651 F. App'x at 522*.

III. CONCLUSION

We affirm the district court's order to dismiss.

---

**End of Document**