# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

I.A., a minor child by next friend IBRAHIM
ALZANDANI, N.A., a minor child by next friend
NADHEM ALNAJAR, and A.M., a minor child by
next friend ABRAHAM MUZIB,

        Plaintiffs,                            Case No. 23-12817
                                                Hon. David M. Lawson

v.

HAMTRAMCK PUBLIC SCHOOLS, WAYNE
COUNTY REGIONAL EDUCATIONAL SERVICE
AGENCY, and MICHIGAN DEPARTMENT OF
EDUCATION,

        Defendants.

_____

## DEFENDANT WAYNE RESA'S RENEWED MOTION TO
## DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Wayne County Regional Educational Service Agency ("Wayne RESA") moves to dismiss Plaintiffs' Amended Complaint against this Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth in the accompanying brief, dismissal is warranted because Plaintiffs have failed to exhaust required administrative remedies prior to commencing this action, and because Plaintiffs have otherwise failed to state a claim against Wayne RESA upon which relief can be granted.

Pursuant to Local Rule 7.1(a), counsel for Defendant Wayne RESA sought opposing counsel's concurrence in the relief requested in this Motion during a conference call on January 26, 2024. Counsel for Wayne RESA informed Plaintiffs' counsel that Wayne RESA would be seeking dismissal of the claims against Wayne RESA for reasons similar to those argued in the prior motions to dismiss. Plaintiffs' counsel denied concurrence.

MILLER JOHNSON
Attorneys for Defendant Wayne RESA

Dated: February 14, 2024

By:  _____
Kevin T. Sutton (P65364)
Brandon S. Corcoran (P85673)
500 Woodward Ave., Suite 2800
Detroit, MI 48226
(313) 672-6950
suttonk@millerjohnson.com
corcoranb@millerjohnson.com

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Y.A., a minor child by next friend IBRAHIM
ALZANDANI, W.A., a minor child by next friend
NADHEM ALNAJAR, and A.M., a minor child by
next friend ABRAHAM MUZIB,

      Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS, WAYNE
COUNTY REGIONAL EDUCATIONAL SERVICE
AGENCY, and MICHIGAN DEPARTMENT OF
EDUCATION,

      Defendants.

Case No. 23-12817
Hon. David M. Lawson

_____

## BRIEF IN SUPPORT OF DEFENDANT WAYNE RESA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## <u>Concise Statement of Issues Presented</u>

1. Whether Plaintiffs' Amended Complaint against Defendant Wayne RESA should be dismissed where Plaintiffs have failed to exhaust required administrative remedies prior to commencing this action, and where Plaintiffs have failed to plead in avoidance of that requirement.

2. Whether Plaintiffs' Amended Complaint against Defendant Wayne RESA should be dismissed where Plaintiffs have failed to state any factual allegations that support Plaintiffs' legal claims against Wayne RESA.

3. Whether Plaintiffs lack standing to seek injunctive and declaratory relief where they are unable to allege ongoing or future harm.

## **Controlling or Most Appropriate Authority for Relief Sought**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Crochran v. Columbus City Schs.*, 748 F. App'x 682 (6th Cir. 2018)

*F.C. v. Tennessee Department of Education*, 745 Fed. App'x 605 (6th Cir. 2018)

*Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017)

*G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623 (6th Cir. 2013)

*Honig v. Doe*, 484 U.S. 305 (1988)

*Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023)

*Jenkins v. Carney-Nadeau Public School*, 505 N.W. 2d 893 (Mich. Ct. App. 1993)

## **Table of Contents**

Index of Authorities ...................................................................................iv

INTRODUCTION ...................................................................................1

ALLEGATIONS ......................................................................................1

    I.     Defendant Wayne County Regional Educational Service Agency.......1
    II.    Plaintiffs' Allegations Against Wayne RESA. ..................................2

STANDARD OF REVIEW .......................................................................7

ARGUMENT ...........................................................................................8

    I.     Plaintiffs Failed to Exhaust Administrative Remedies. .......................8
          A.    All four of Plaintiffs' Counts are subject to the
               exhaustion requirement...........................................................9
               1.  Counts I ........................................................................9
               2.  Counts II and III ...........................................................10
               3.  Count IV .......................................................................11

          B.    Plaintiffs have neither satisfied the exhaustion
               requirement nor sufficiently plead in avoidance of
               it........................................................................................12

    II.    Plaintiffs Fail To State Claims Against Wayne RESA. ......................16
          A.    Plaintiffs fail to state facts supporting their claims
               under Count I. ......................................................................17
          B.    Plaintiffs fail to state facts supporting their claims
               under Counts II and III.........................................................18
          C.    Plaintiffs fail to state facts supporting their claims
               under Count IV....................................................................20

    III.   Plaintiffs Y.A. and W.A. Cannot Seek Declaratory or Injunctive
           Relief. ..................................................................................21

CONCLUSION.......................................................................................22

# Index of Authorities

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................7

*B.M. ex rel. Miller v. South Callaway R-II School Dist.*, 732 F.3d 882
    (8th Cir. 2013) ...............................................................................................19

*Baldessarre v. Monroe-Woodbury Cent. School Dist.*, 496 Fed. App'x
    131 (2d Cir. 2012) .........................................................................................13

*Crochran through Shields v. Columbus City Schs.*, 748 Fed. App'x
    682 (6th Cir. 2018) ........................................................................................19

*Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933
    (6th Cir. 1989) ...............................................................................................15

*Doe v. Arizona Dep't of Educ.*, 111 F.3d 678 (9th Cir. 1997)................................13

*Doe v. Smith*, 879 F.2d 1340 (6th Cir. 1989)..........................................................9

*D.R. v. Michigan Dept. of Edu.*, No. 16-13694, 2017 WL 4348818,
    (E.D. Mich. 2017) …………………………………………………………….. 14

*F.C. v. Tennessee Department of Education*, 745 Fed. App'x. 605 (6th
    Cir. 2018)...................................................................................................8, 15

*Fernanders v. Mich. Dep't of Military & Veterans Affairs*, No. 12-
    11752, 2012 WL 3262861 (E.D. Mich. Aug. 9, 2012) ..........................7

*Fraser v. Tamalpais Union High School Dist.*, 281 Fed. App'x 746
    (9th Cir. 2008) ...............................................................................................15

*Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017)....................................10

*G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623 (6th Cir. 2013)................................19

*Gibson v. Forest Hills Local School District Board of Education*, 655
    Fed. App'x 423 (6th Cir. 2016).......................................................................8

*Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298 (9th Cir. 1992) .......................14

*Holmes-Ramsey v. District of Columbia*, 747 F. Supp.2d 32 (2010) .....................20

*Honig v. Doe*, 484 U.S. 305 (1988) .......................................................................9

*Jenkins v. Carney-Nadeau Public School*, 505 N.W. 2d 893 (1993) ....................12

*K.D. ex rel. J.D. v. Starr*, 55 F. Supp. 3d 782 (D. Md. 2014) ................................19

*Kanuszewski v. Michigan Dep't of Health and Human Services*, 927
    F.3d 396 (6th Cir. 2019).....................................................................................22

*Li v. Revere Local School District*, No. 21-3422, 2023 WL 3302062
    (6th Cir. 2023)....................................................................................................11

*Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023) ........................... 10, 11

*Monahan v. State of Nebraska*, 687 F.2d 1164 (8th Cir. 1982)...............................20

*Motyka v. Howell Pub. Sch. Dist.*, No. 14-10559, 2014 WL 2804349,
    (E.D. Mich. June 20, 2014) ……………...……………………………….. 13

*Parent/Professional Advocacy League v. City of Springfield,
    Massachusetts*, 934 F.3d 13 (1st Cir. 2019)........................................................14

*Polera v. Board of Educ. of Newburgh Enlarged City School Dist.*,
    288 F.3d 478 (2d Cir. 2002) ...............................................................................11

*Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416 (6th Cir. 2001) ...............................7

*S.S. v. E. Ky. Univ.*, 532 F.3d 445 (6th Cir. 2008)...................................................19

*Simpson-Vlach v. Michigan Dep't of Education*, No. 22-1724, 2023
    WL 3347497 (6th Cir. 2023) ..............................................................................22

*Woolcott v. State Bd. of Ed.*, 351 N.W. 2d 601 (Mich. Ct. App. 1984)...................14

*Z.F. v. Ripon Unified School District*, 365 Fed. App'x 77 (9th Cir.
    2010).....................................................................................................................15

*Zdrowski v. Rieck*, 119 F. Supp. 3d 643 (E.D. Mich. 2015).....................................9

**Statutes**

20 U.S.C. §§ 1415(b) ...........................................................................................9, 13

20 U.S.C. § 1415(e) ..................................................................................................12

20 U.S.C. § 1415(f) ................................................................................9, 13

20 U.S.C. § 1415(i) .................................................................................9, 13

20 U.S.C. § 1415(l) .............................................................................. 9, 10, 13

Mich. Comp. Laws § 380.1701, *et seq.* ................................................................6

Mich. Comp. Laws § 380.1711 (Section 1711) ..................................................7, 21

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................8

Federal Rule of Civil Procedure 12(b)(6) ..............................................7, 8

**Regulations**

34 CFR 300.516(e) …………………………………………………………9, 10

Mich. Admin. R. 340.1721-.1725e .......................................................12

## INTRODUCTION

Plaintiffs' Amended Complaint (the "Complaint") asserts that Wayne RESA violated various federal and state laws related to the provision of special education programs and services for students in Hamtramck, Michigan.  Plaintiffs failed to exhaust required administrative remedies prior to commencing this action, however, rendering their Complaint subject to dismissal on this basis alone.  Additionally, despite taking the opportunity to amend their original complaint to now state allegations over two hundred and seventy (270) paragraphs and across one hundred and sixteen (116) pages, Plaintiffs have still failed to state a single factual allegation *against* Wayne RESA.  Plaintiffs have not alleged specific instances in which Wayne RESA's actions or inactions violated federal and/or state law.  Plaintiffs' claims against Wayne RESA instead rely upon conclusory allegations and recitations of law, thereby providing an additional basis for dismissal.

## ALLEGATIONS

### I.    Defendant Wayne County Regional Educational Service Agency.

Defendant Wayne RESA is a regional educational service agency for schools in Wayne County, Michigan.  Wayne RESA services thirty-three (33) school districts and ninety-seven (97) public school academies in Wayne County. This includes providing leadership and professional development within the intermediate school district, as well as human resources, special education, and administrative

support.  There are approximately 261,000 students enrolled throughout Wayne County, roughly 32,000 (or about 12.3%) of whom are on an Individualized Education Plan ("IEP").  Well over half (or about 67%) of students in Wayne County are economically disadvantaged.[1]  While Wayne RESA provides support to these schools and students, no students are assigned to Wayne RESA, nor does Wayne RESA have authority to run and/or interfere with the day-to-day operations of its constituent schools.

Hamtramck Public Schools ("HPS") is one of the thirty-three school districts Wayne RESA supports.  Hamtramck Public Schools is comprised of an early childhood elementary school, three elementary schools (including Dickinson West and Dickinson East), a middle school, high school, and an adult high school.[2]

## II.   Plaintiffs' Allegations Against Wayne RESA.

Plaintiffs seek to bring this action on behalf of children residing within Hamtramck who were, are, or may be eligible for special education and related services under the Individuals with Disabilities Education Act (the "IDEA"). [ECF No.46, PageID.540-41, ¶38].  The named Plaintiffs were all at one time enrolled as students within HPS and each qualifies for special education and related services

---

[1] All of this information can be found at WRESA's website. *Home Page*, Wayne County Regional Educational Services Agency, https://www.resa.net/ (last visited December 24, 2023).

[2] *Our Schools*, Hamtramck Public School District, https://www.hamtramckschools.org/our-schools/ (last visited December 24, 2023).

under federal and state law. "). [ECF No.46, PageID.536-39, ¶¶32-34].  Two of the named Plaintiffs – Y.A. and W.A. – are no longer enrolled within HPS and are now attending Dearborn Public Schools ("DPS"), which is also serviced by Wayne RESA. [ECF No.46, PageID.537-38, ¶¶32-33].

The named Plaintiffs all allege that Defendants failed in various ways to provide them with a free appropriate education ("FAPE"), but base their claims on allegations largely unique to each named Plaintiff. [ECF No.46, PageID.536-39, ¶¶32-34; PageID.604-620].  For instance, only Plaintiff W.A. has a basis for claiming Defendants violated federal and state law regarding seclusion and restraint. [ECF No.46, PageID.611, ¶168].  Many of Plaintiffs' allegations refer to the "Defendants" collectively, without distinguishing between them.  [e.g., ECF No.46, PageID.536-39, ¶¶32-34; PageID.604-620].  Plaintiffs do not specifically reference Wayne RESA, or state any factual allegations *against* Wayne RESA, in the factual allegations specific to each named Plaintiffs' claims. [ECF No.46, PageID.536-39, ¶¶32-34; PageID.604-620].

In other sections of the Complaint, Plaintiffs conclusively allege that Wayne RESA "has responsibilities for overseeing special education services for students who attend public schools in Hamtramck, coordinating the delivery of special education services, and ensuring compliance with IDEA in the special education programs and services". [ECF No.46, PageID.533, ¶16].  Plaintiffs also allege that,

3

pursuant to Michigan law, Wayne RESA "provides federal, state and local funds to HPS and public-school academies for special education", "coordinates the delivery of special education services", and "investigates special education programs [within the intermediate school district]". [ECF No.46, PageID.540, ¶36]. Plaintiffs seem to conclusively allege that Wayne RESA has violated some or all of these duties by failing to monitor the provision of special education and related services at HPS. [ECF No.46, PageID.543, ¶42].

The _only_ factual allegations relating to Wayne RESA in the Complaint's Statement of Facts [ECF No.46, PageID.561-620] are as follows:

(**1**) Wayne RESA conducted an "analysis of HPS's special education services, students, and those placed on reduced days" [ECF No.46, PageID.564, ¶91][3];

(**2**) in its analysis, Wayne RESA "details systemic concerns stemming from a concentration of students that were being placed on reduced day schedules in the 2021-2022 school year" and included a section in the report titled "Systemic Concerns" _Id._;

(**3**) Wayne RESA representatives met with HPS administrators and student advocate, Samraa Luqman, to discuss Ms. Luqman's allegations that the administrator of the Early Childhood Education (ECE), Vicki Smith,

---

[3] Plaintiffs also reference this analysis in paragraphs 106(d), (e), and (j).

discriminated against students based on their disabilities [ECF No.46, PageId.570, ¶101];

(**4**) Wayne RESA "uncovered" Smith's practice of placing special education students on reduced days [ECF No.46, PageID.586-87, ¶106(k)];  (**5**) after uncovering the practice, Wayne RESA organized a district-wide professional development for HPS administrators specifically [ECF No.46, PageID. 584, ¶106(j); PageID.587, ¶106(k)];

(**6**) Wayne RESA had two attorneys send emails to be forwarded to HPS district personnel advising them that the unilateral reduction in school hours for special needs students was an inappropriate practice [ECF No.46, PageID. 584, ¶106(j); PageID.587, ¶106(k)];

(**7**) Wayne RESA failed to implement corrective action plans issued by MDE following resolution of state complaints [ECF No.46, PageID.594, ¶118];

(**8**) Wayne RESA failed to adhere to guidance published by MDE's Special Education Office [ECF No.46, PageID.599, ¶123];

(**9**) Wayne RESA failed to prevent, correct, or remedy HPS's violations of the rights of the Plaintiffs and all those similarly situated [ECF No.46, PageID.603, ¶129].

In other words, throughout the entirety of the 222 paragraphs preceding Plaintiffs' causes of action, Plaintiffs state several allegations indicating that Wayne RESA was

in fact fulfilling its legal obligations by investigating HPS and ensuring HPS staff were adequately trained and notified regarding special education law, and then several unsupported and conclusory allegations that Wayne RESA failed to implement corrective action plans, failed to adhere to MDE guidance, and failed to adequately monitor HPS's provision of special education and related services.

Plaintiffs nevertheless proceed to state four claims against Wayne RESA. Count I alleges that Wayne RESA has violated the IDEA through four "systemic" violations: (1) failing to provide a FAPE compliant with students' IEPs and in the least restrictive environment; (2) failing to develop and implement child find procedures; (3) failing to protect students' due process procedural safeguards in the disciplinary process; and (4) discrimination based on disability. [ECF No.46, PageID.620-34].

Counts II and III allege denial of a FAPE resulting from Wayne RESA's purported discrimination against Plaintiffs on the basis of their disabilities in violation of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act (ADA). [ECF No.46, PageID.634-35].

Count IV alleges violations of the Michigan Mandatory Special Education Act ("MMSEA"), Mich. Comp. Laws § 380.1701, *et seq*. [ECF No.46, PageID.635-38]. Plaintiffs allege in general terms that all Defendants "failed to meet their obligations under Michigan law to provide children with programs designed to reach

the higher threshold of developing the maximum potential of each child." [ECF No.46, PageID.638, ¶270].  Regarding Wayne RESA specifically, Plaintiffs state that Section 1711 of the Revised School Code requires intermediate school districts to submit plans for the delivery of special education programs and services. [ECF No.46, PageID.636, ¶266].  Plaintiffs also state that Wayne RESA is required to maintain a record of students within the intermediate district who is under the age of 26 and has a disability. *Id*.  While Plaintiffs mention these requirements, they do not allege anywhere in the Complaint that Wayne RESA failed to develop, submit, and modify a plan for the delivery of special education within HPS, nor do they allege that Wayne RESA has failed to comply with any requirement under Section 1711.

## STANDARD OF REVIEW

The purpose of a motion brought under this Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a plaintiff's pleading. *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).  Although the Court should accept all well-pleaded factual allegations as true, the Court need not accept all legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Additionally, the factual content of a complaint must contain a plausible basis for relief; a formulaic recitation of the elements of a legal action is insufficient. *id*. at 663, 678.  Conclusively stating that a defendant violated Plaintiffs' rights under a laundry list of federal statutes is insufficient to establish a claim for relief.

7

*Fernanders v. Mich. Dep't of Military & Veterans Affairs*, No. 12-11752, 2012 WL

3262861, at *7 (E.D. Mich. Aug. 9, 2012).

## ARGUMENT

### I.     Plaintiffs Failed to Exhaust Administrative Remedies.

Plaintiffs are required to exhaust administrative remedies prior to bringing this

action.   Both the IDEA and MMSEA unambiguously require exhaustion of

administrative remedies, and claims brought under Section 504 and Title II are

subject to the IDEA's exhaustion requirement where those claims are based on

denial of free appropriate public education ("FAPE") and seek relief available under

the IDEA.   Plaintiffs have not met this requirement nor have they provided an

appropriate basis for excusing Plaintiffs from this requirement.  Dismissal of all four

counts is therefore warranted.

While the Sixth Circuit has not definitively decided whether a motion to

dismiss based on the failure to exhaust the IDEA's administrative remedies should

be brought under Rule 12(b)(1) or 12(b)(6), several recent decisions prefer 12(b)(6).

*F.C. v. Tennessee Department of Education*, 745 Fed. App'x 605 (6th Cir. 2018);

*Gibson v. Forest Hills Local School District Board of Education*, 655 Fed. App'x

423 (6th Cir. 2016).

### A. All four of Plaintiffs' Counts are subject to the exhaustion requirement.

1. <u>Counts I</u>

The IDEA's plain language requires that a party must first seek administrative review of alleged non-compliance with the IDEA through an established impartial administrative procedure before commencing a civil action under the Act. 20 U.S.C. § 1415(l); *see also* 20 U.S.C. §§ 1415(b)(6), 1415(f), and 1415(i)(2); 34 CFR 300.516(e).  The IDEA's language on this issue is broad, encompassing allegations pertaining to "any matter relating to the identification, evaluation, or  education placement of [a] child, or the provision of a [FAPE] to such child". 20 U.S.C. 1415(b)(6)(A).  In other words, a party alleging non-compliance with the IDEA is statutorily required to use the administrative process prior to commencing a civil action. *Honig v. Doe*, 484 U.S. 305, 326–27 (1988); *Doe v. Smith*, 879 F.2d 1340, 1343–44 (6th Cir. 1989).

Count I of Plaintiffs' Complaint is subject to exhaustion.  Plaintiffs allege that WRESA violated the IDEA such that Wayne RESA denied FAPE to Plaintiffs and similarly situated children. Furthermore, Plaintiffs allege deficiencies relating to IEPs and discipline, and violations of the "child find" mandate.  Alleged violations of "child find" mandates are "precisely the types of fact-intensive inquiries that the administrative process was designed to address" and are "completely educational." *Zdrowski v. Rieck*, 119 F. Supp. 3d 643, 663 (E.D. Mich. 2015) (citation omitted).

9

Likewise, alleged deficiencies in IEPs and disciplinary measures are issues that must be exhausted prior to commencing a civil action. *Id*. at 663–64.  These allegations fall squarely within the IDEA's exhaustion requirements, and Count I is indisputably subject to that requirement.

### 2.  Counts II and III

Counts II and III allege denial of a FAPE resulting from Wayne RESA's purported discrimination against Plaintiffs on the basis of their disabilities in violation of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act (ADA). It is well established that the IDEA's exhaustion requirement applies equally to claims brought under other federal statutes but which are still based on the denial of a FAPE. 20 U.S.C. § 1415(l); 34 CFR 300.516(e); *See, e.g.*, *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017).  In other words, a party claiming denial of FAPE under the ADA or Rehabilitation Act must still exhaust administrative remedies.

Plaintiffs will likely argue that the Supreme Court's recent decision in *Luna Perez v. Sturgis Public Schools* permits them to bring their Section 504 and Title II claims without having first exhausted administrative remedies. 598 U.S. 142 (2023). Such an argument, if made, misstates the Court's holding in that case, however.  In *Perez*, the Court held that the IDEA's exhaustion requirement does not apply to claims brought under other federal statutes where the *only* remedy sought is money

10

damages or, in other words, relief not available under the IDEA. *Id.* Claims brought under Section 504 and Title II are still subject to the exhaustion requirement where they seek relief available under the IDEA.

The IDEA permits relief in the form of compensatory education, reimbursement, declaratory and injunctive relief, and attorneys' fees. *Polera v. Board of Educ. of Newburgh Enlarged City School Dist.*, 288 F.3d 478, 486 (2d Cir. 2002) (listing potential forms of relief available under the IDEA); *Li v. Revere Local School District*, No. 21-3422, 2023 WL 3302062, *13 (6th Cir. 2023) (same). It does not permit the recovery of compensatory damages. *Perez*, 598 U.S. at 147–48; *Li*, 2023 WL 3302062 at *13.

Because the gravamen of the claims under Counts II and III is the denial of a FAPE, those claims are subject to the IDEA's exhaustion requirement to the extent that they seek relief available under the IDEA (e.g., declaratory/injunctive relief, compensatory education, attorneys' fees, etc.).

### 3. Count IV

Finally, Plaintiffs' state law claims are also subject to an exhaustion requirement. Count IV alleges that Wayne RESA's alleged failure to provide a FAPE also violated the MMSEA. Michigan law states that when a claim is based upon a denial of educational opportunities to persons with disabilities, the parties must first exhaust the administrative remedies provided for under the MMSEA.

*Jenkins v. Carney-Nadeau Public School*, 505 N.W. 2d 893 (1993).  The IDEA's exhaustion requirement is incorporated into the MMSEA. *Id.* at 144, *citing* Mich. Admin. R. 340.1721-.1725e, and 20 U.S.C. § 1415(e)(2).

Furthermore, because the decision only interpreted the interplay of federal laws, *Perez* does not modify exhaustion requirements under state laws such at the MMSEA. 598 U.S. at 144.  Thus, even if *Perez* excuses certain limited claims under Section 504 and Title II from the IDEA's exhaustion requirement, it did not do the same for MMSEA claims.   Besides, because compensatory damages are not available for MMSEA claims anyway, *Perez* will not excuse Plaintiffs' obligation to seek administrative redress prior to commencing an action against Wayne RESA. *Woolcott v. State Bd. of Ed.*, 351 N.W. 2d 601 (Mich. Ct. App. 1984) (holding that compensatory damages are unavailable under the MMSEA).

### B. Plaintiffs have neither satisfied the exhaustion requirement nor sufficiently plead in avoidance of it.

Plaintiffs failed to exhaust administrative remedies prior to commencing this action.  The Complaint alleges that Samraa Luqman filed state complaints on behalf of two of the three named Plaintiffs. [ECF No.46, PageID.592-93, 608, 615].  These allegations are insufficient for two reasons.  First, even if state complaints satisfied the IDEA's exhaustion requirement, Plaintiff W.A. did not file a state complaint and thus W.A.'s claims would still have to be dismissed.  Second, and more importantly, state complaints do not satisfy the IDEA's exhaustion requirement.  The IDEA

clearly states that a person seeking relief under the IDEA must first seek administrative review of the alleged non-compliance through an established due-process complaint procedure. 20 U.S.C. § 1415(l), see also, 20 U.S.C. §§ 1415(b)(6), 1415(f), and 1415(i)(2). Decisions from within this District have confirmed that state complaints fail to satisfy the exhaustion requirement under the IDEA. *Motyka v. Howell Pub. Sch. Dist.*, No. 14-10559, 2014 WL 2804349, at *2 (E.D. Mich. June 20, 2014) (citing *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x. 427 (6th Cir. 2006)).

In response, Plaintiffs will argue that they are exempt from the exhaustion requirement because they have alleged "systemic" violations of the IDEA. Several federal Circuits have concluded that exhaustion of the IDEA's administrative remedies may be excused where a plaintiff sufficiently pleads violations of the IDEA that are so systemic that they could not be remedied by local or state administrative procedures. *See, e.g.*, *Baldessarre v. Monroe-Woodbury Cent. School Dist.*, 496 Fed. App'x131, *3 (2d Cir. 2012). The Sixth Circuit has not adopted this same position.

Even if the Sixth Circuit had adopted this position, Plaintiffs have not sufficiently alleged systemic violations of the IDEA. First, a claim is not 'systemic' if it involves "only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem." *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 682 (9th Cir. 1997). Here, all of the

13

named Plaintiffs' claims are capable of being corrected through the administrative process. At the very least, Plaintiffs have not sufficiently alleged why their claims could not be handled through that process.

Second, Plaintiffs have not sufficiently alleged truly "systemic" violations. Other Circuits have held that a violation is only truly "systemic" where the IDEA's basic goals are threatened on a systemwide basis. *See, e.g.*, *Parent/Professional Advocacy League v. City of Springfield, Massachusetts*, 934 F.3d 13 (1st Cir. 2019); *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1305 (9th Cir. 1992). Plaintiffs claims are limited entirely to HPS and largely to one or two schools within that district. Furthermore, Plaintiffs have at most stated that, over a year or two ago, there were approximately fourteen students who were improperly placed on reduced day schedules and that HPS was behind on over one hundred IEPs. These are hardly violations that threaten the IDEA's basic goals on a systemwide basis. Again, these are the types of claims that could be handled through the administrative process.

Finally, in one of the few decisions from within the Sixth Circuit to recognize the systemic-violation exception, the court noted that the plaintiffs had alleged *specific* facts, identified *specific* incidents, and provided publicized statistics showing disproportionate treatment of students with IEPs. *D.R. v. Michigan Dept. of Edu.*, No. 16-13694, 2017 WL 4348818, *5 (E.D. Mich. 2017). Plaintiffs'

allegations are not specific enough to support the conclusion that any of the Defendants' purported violations are truly "systemic".

Plaintiffs use the word "systemic" numerous times throughout the Complaint, and use the word "systematic" (which does not necessarily mean the same thing as "systemic") at other points.  But merely using the term "systemic" does not suffice. *F.C.*, 745 Fed. App'x at 609 (noting that it is insufficient to simply paint individual complaints as "systemic" without factual support of the same; *Z.F. v. Ripon Unified School District*, 365 Fed. App'x 77 (9th Cir. 2010) (noting that parents cannot seek to shortcut the requirement by attempting to have their individual concerns addressed en masse); *Fraser v. Tamalpais Union High School Dist.*, 281 Fed. App'x 746, 748 (9th Cir. 2008) (noting that parties cannot avoid the requirement by simple labels or by structuring their complaint as a larger challenge to district policy rather than a dispute over individualized needs and services).  Plaintiffs have the burden of sufficiently pleading that the alleged violations are in fact "systemic". *F.C.* 745 Fed. App'x at 608.

Sixth Circuit precedent holds that any exception to IDEA exhaustion is narrow. *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989).  The above law indicates that pleading a systemic violation requires more than mere labels and conclusory allegations. This makes sense; the IDEA's exhaustion requirement would be rendered meaningless if plaintiffs merely had to

include the word "systemic" in a complaint in order to avoid it.  Here, there is simply no factual support in the Complaint for the conclusion that Wayne RESA has engaged in or permitted any systemic violations.

Plaintiffs failed to exhaust administrative remedies and to plead in avoidance of that requirement.  Plaintiffs' claims against Wayne RESA should be dismissed.

## II.   **Plaintiffs Fail To State Claims Against Wayne RESA.**

Plaintiffs' Complaint must also be dismissed for failure to state a claim against Wayne RESA upon which relief can be granted.  Apart from conclusory allegations, the Complaint fails to state a single factual allegation *against* Wayne RESA. Nowhere in the Complaint is a factual allegation stating that Wayne RESA did or didn't do something in violation of federal or state law.  In fact, the only non-conclusory allegations directed at Wayne RESA state that Wayne RESA investigated and uncovered HPS's alleged placement of students on reduced schedules and then addressed the issue through professional development and renotification of the applicable legal requirements.  Thus, Plaintiffs have actually stated allegations indicating that Wayne RESA complied with its statutory duties rather than violated them. Plaintiffs have not offered a single factual allegation in support of their claims against Wayne RESA.

**A. Plaintiffs fail to state facts supporting their claims under Count I.**

In Count I, Plaintiffs allege that Wayne RESA has (1) an ongoing pattern and practice of systematically failing to provide a FAPE compliant with students' IEPs and in the least restrictive environment; (2) a pattern and practice of systemically failing to develop and implement child find procedures; (3) an ongoing pattern and practice of systemically failing to protect students' due process procedural safeguards in the disciplinary process; and (4) systematically failed to ensure that children with disabilities have available the same variety of programs and services as nondisabled children have, thereby discriminating against disabled children and denying them access to education services on the basis of their disabilities.

Yet there are no factual allegations anywhere in the Complaint that support this conclusion.  Plaintiffs have provided no factual basis supporting the assertion that Wayne RESA has an ongoing pattern and practice of failing to do any of the four violations alleged under Count I.  In fact, Plaintiffs have not stated a single allegation upon which the Court could infer that Wayne RESA has violated the IDEA.  Plaintiffs' Complaint does not even connect the named Plaintiffs' injuries to any action or inaction by Wayne RESA.  Count I must be dismissed for failure to state a claim upon which relief can be granted.

### B. Plaintiffs fail to state facts supporting their claims under Counts II and III.

In Counts II and III Plaintiffs attempt to state a claim that Wayne RESA discriminated against Plaintiffs and similarly situated students based on their disabilities in violation of Section 504 of the Rehabilitation Act and Title II of the ADA.  Both Counts II and III contain single conclusory paragraphs alleging that through its nebulous "actions and inactions", Wayne RESA "exercised gross misjudgment and discriminated against the Plaintiffs and similarly situated children" in violation of Section 504 and Title II.  Plaintiffs allege denial of a FAPE in both Counts.

The allegations in Counts II and III do not specify the "actions or inactions" of which Plaintiffs protest.  Plaintiffs instead direct the Court and this Defendant to the preceding allegations in the Complaint.  But there are no factual allegations relating to Wayne RESA's "actions or inactions" anywhere in the Complaint.  There are certainly no allegations that support the conclusory statements in Counts II and III.  Nowhere in the Complaint is a single allegation against Wayne RESA that could possibly support the conclusion that Wayne RESA discriminated against Plaintiffs or any others on the basis of their disabilities.

Similarly, Plaintiffs fail to allege facts that support the conclusion that Wayne RESA "exercised gross misjudgment".  To establish an ADA or Section 504 claim, Plaintiffs must plead plausible facts that give rise to an inference that Plaintiffs were

subject to discrimination "by reason" of their disabilities. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008). "To prove discrimination in the education context, something more than a mere failure to provide the free appropriate education required by [the IDEA] must be shown." *Id.* The Sixth Circuit further explained that this ultimately requires a showing of "bad faith or gross misjudgment." *G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623, 635 (6th Cir. 2013); *Crochran through Shields v. Columbus City Schs.*, 748 Fed. App'x 682, 687 (6th Cir. 2018). As stated above, Plaintiffs' Complaint is entirely devoid of any alleged "actions and inactions" on the part of Wayne RESA. Plaintiffs merely conclude that Wayne RESA "exercised gross misjudgment" without explaining the basis for that conclusion. It is insufficient to merely label conduct in a conclusory manner as having been performed with gross misjudgment. *K.D. ex rel. J.D. v. Starr*, 55 F. Supp. 3d 782, 790 (D. Md. 2014).

Even when accepting as true the conclusory allegations that Plaintiffs were denied FAPE and that all Defendants violated the IDEA, ADA, and Rehabilitation Act, such allegations are still insufficient to support the conclusion that WRESA exercised gross misjudgment. *See e.g.*, *S.S. v. E. Ky. Univ.*, 532 F.3d at 453 (noting that the mere failure to provide a FAPE does not rise to the level of discrimination contemplated under Section 504 and Title II); *B.M. ex rel. Miller v. South Callaway R-II School Dist.*, 732 F.3d 882, 887 (8th Cir. 2013) (noting that because the ADA

19

and Section 504 do not create general tort liability for educational malpractice, gross misjudgment requires "something more" than mere non-compliance with the applicable federal statutes) (quoting *Monahan v. State of Nebraska*, 687 F.2d 1164 (8th Cir. 1982)).

Plaintiffs fail to allege any action or inaction by Wayne RESA that can be reasonably construed as rising to the level of gross misjudgment required under Section 504 and Title II.  Moreover, there is nothing in the Complaint that supports the conclusion that Wayne RESA discriminated against Plaintiffs and similarly situated students at all, let alone by reason of their disabilities.  As a result, the Court should dismiss Counts II and III against Wayne RESA. *See Li*, 2023 WL 3302062, *13 (affirming district court's dismissal of claims under Section 504 and Title II where plaintiff failed to allege any omission by defendants that can reasonably be construed as rising to the level of gross misjudgment); *Holmes-Ramsey v. District of Columbia*, 747 F. Supp. 2d 32 (2010) (rejecting argument that plaintiff need not allege facts supporting assertion of gross misjudgment and holding that a factual predicate is necessary to sustain claims under Section 504, regardless of the relief sought).

### C. Plaintiffs fail to state facts supporting their claims under Count IV.

Plaintiffs' claim under Count IV suffers from the same deficiencies as the first three claims: there are simply no factual allegations whatsoever that support the

conclusion that Wayne RESA violated the MMSEA, MCL § 380.1701, *et seq*.  In fact, the allegations in Count IV are nearly word-for-word recitations of Plaintiffs' prior description of the MMSEA under the Complaint's "Legal Standards" section. A comparison between the allegations stated in those two sections shows that Plaintiffs have merely copied those paragraphs into Count IV, before concluding that Wayne RESA violated Michigan law by allegedly failing to provide Plaintiffs with a FAPE.  This is the extent of Plaintiffs' pleading of Wayne RESA's supposed violation of Michigan law: a handful of paragraphs summarizing provisions of Michigan statutory law repeated in two different places in the Complaint.  Plaintiffs have not stated any factual allegations supporting the conclusion that Wayne RESA violated the MMSEA.

There are no allegations in the Complaint supporting the conclusion that Wayne RESA failed to comply with the statutory duties stated in Section 1711 of the Revised School Code.  Plaintiffs have not even alleged that Wayne RESA failed to develop, implement and modify a plan for the delivery of special education, and Plaintiffs have specifically alleged that Wayne RESA investigated and attempted to correct violations of federal and state law within HPS.

## III.   Plaintiffs Cannot Seek Declaratory or Injunctive Relief.

The Complaint states that both I.A. and N.A. have enrolled in Dearborn Public Schools, meaning that they are no longer enrolled with HPS.  The Complaint does

not sufficiently allege any ongoing violations of the IDEA or other statutes by Dearborn Public Schools.  As a result, Plaintiffs Y.A. and W.A. are unable to allege ongoing or future harm that would permit them to seek declaratory and injunctive relief. *Kanuszewski v. Michigan Dep't of Health and Human Services*, 927 F.3d 396, 406 (6th Cir. 2019); *Simpson-Vlach v. Michigan Dep't of Education*, No. 22-1724, 2023 WL 3347497 (6th Cir. 2023).

## CONCLUSION

For the foregoing reasons, Defendant Wayne RESA requests that the Court dismiss Plaintiff's Complaint against Wayne RESA in its entirety and grant any other relief to Wayne RESA that the Court deems appropriate.

MILLER JOHNSON
Attorneys for Defendant Wayne RESA

Dated: February 14, 2024          By: _____

Kevin T. Sutton (P65364)
Brandon S. Corcoran (P85673)

22