# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

I.A., a minor child by next friend IBRAHIM
ALZANDANI, N.A., a minor child by next friend
NADHEM ALNAJAR, and A.M., a minor child by
next friend ABRAHAM MUZIB,

       Plaintiffs,                        Case No. 23-12817
                                           Hon. Brandy R. McMillion

v.

HAMTRAMCK PUBLIC SCHOOLS, WAYNE
COUNTY REGIONAL EDUCATIONAL SERVICE
AGENCY, and MICHIGAN DEPARTMENT OF
EDUCATION,

       Defendants.

---

## Defendant Wayne RESA's Motion Under 28 U.S.C. § 1292(b) to Certify this Court's September 24, 2024 Order for Interlocutory Appeal and Stay Further Proceedings

Defendant Wayne County Regional Educational Service Agency ("Wayne RESA") moves under 28 U.S.C. § 1292(b) for this Court to certify its September 24, 2024 Order denying the defendants' motions to dismiss (the "Order") for interlocutory appeal. (Order, RE 67, PageID.1326).

Wayne RESA further requests that the Court stay proceedings in this Court while the Order is on appeal—including during the pendency of Defendant

Michigan Department of Education's appeal, which was filed on October 2, 2024. (Notice of Appeal, RE 69, PageID.1364).

This motion is supported by the accompanying brief and exhibits.

Pursuant to Local Rule 7.1(a), counsel for Defendant Wayne RESA sought opposing counsel's concurrence in the relief requested in this Motion during a conference call on October 4, 2024. Counsel for Wayne RESA informed Plaintiffs' counsel that Wayne RESA would be moving this Court to certify its Order for immediate appeal. Plaintiffs' counsel denied concurrence.

MILLER JOHNSON
Attorneys for Defendant Wayne RESA

Dated: October 7, 2024         By:   /s/ Kevin T. Sutton
                                      Kevin T. Sutton (P65364)
                                      Brandon S. Corcoran (P85673)
                                      500 Woodward Ave., Suite 2800
                                      Detroit, MI 48226
                                      (313) 672-6950
                                      suttonk@millerjohnson.com
                                      corcoranb@millerjohnson.com

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Y.A., a minor child by next friend IBRAHIM
ALZANDANI, W.A., a minor child by next friend
NADHEM ALNAJAR, and A.M., a minor child by
next friend ABRAHAM MUZIB,

       Plaintiffs,                    Case No. 23-12817
                                      Hon. Brandy R. McMillion

v.

HAMTRAMCK PUBLIC SCHOOLS, WAYNE
COUNTY REGIONAL EDUCATIONAL SERVICE
AGENCY, and MICHIGAN DEPARTMENT OF
EDUCATION,

       Defendants.

---

**Brief in Support of**
**Defendant Wayne RESA's Motion Under 28 U.S.C. § 1292(b) to**
**Certify this Court's September 24, 2024 Order for Interlocutory Appeal and**
**Stay Further Proceedings**

<u>**Concise Statement of Issues Presented**</u>

1. Whether Plaintiffs' Amended Complaint against Defendant Wayne RESA should be dismissed where Plaintiffs have failed to exhaust required administrative remedies prior to commencing this action, and where Plaintiffs have failed to plead in avoidance of that requirement.

2. Whether this case should be stayed pending resolution of the defendants' appeals.

## **Controlling or Most Appropriate Authority for Relief Sought**

*Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017)

*J.S. v. Attica Central Sch*ools, 386 F.3d 107 (2d Cir. 2004)

*Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023)

# Table of Contents

Page

Introduction .............................................................................................................. 1

Argument ................................................................................................................... 3

I.       The Court should certify its order under § 1292(b). ............................................3

       A.     § 1292(b) allows a district court to certify its order for immediate appeal. ...........................................................................................................3

       B.     Each of the three requirements under § 1292(b) is met. ..........................4

               1.     Controlling question of law. ........................................................4

               2.     Reasonable jurists might disagree on the legal issues' resolution. ....................................................................................5

               3.     An interlocutory appeal may materially advance the termination of the litigation. ....................................................11

II.      Proceedings in this Court should be stayed pending the resolution of the defendants' appeals. ...........................................................................................15

Conclusion ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ANR Pipeline et al. v. Lafaver et al.*,
    150 F.3d 1178 (10th Cir. 1998) ...........................................13

*Ass'n for Cmty. Living in Colorado v. Romer*,
    992 F.2d 1040 (10th Cir. 1993) .............................................6

*Benzman v. Whitman*,
    523 F.3d 119 (2d Cir. 2008)................................................12

*BT Bourbonnais Care, LLC v. Norwood*,
    866 F.3d 815 (7th Cir. 2017) ..............................................12

*Colaizzi v. Walker*,
    No. 74 C 2130, 1986 WL 3595 (N.D. Ill. Mar. 17, 1986) .......................13

*D.R. v. Michigan Dep't of Ed.*,
    No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017).....................6

*Davis v. Hall*,
    375 F.3d 703 (8th Cir. 2004) ..............................................12

*Doe v. Arizona Dep't of Educ.*,
    111 F.3d 678 (9th Cir. 1997) ..............................................6

*Doninger v. Niehoff*,
    No. 3:07CV1129(MRK), 2009 WL 1364890 (D. Conn. May 14, 2009) ...............13

*Egervary v. Young*,
    366 F.3d 238 (3d Cir. 2004)...............................................13

*F.C. v. Tennessee Dep't of Educ.*,
    745 F. App'x 605 (6th Cir. 2018) ...........................................6

*Flores-Haro v. Slade*,
    686 F. App'x 454 (9th Cir. 2017) .........................................12

*Fry v. Napoleon Community Schools*,
    580 U.S. 154 (2017).....................................................3, 9

*Glenn v. City of Columbus, Ga.*,
    No. 4:07-CV-52 (CDL), 2008 WL 5115032 (M.D. Ga. Dec. 2, 2008), *rev'd in
    part*, 375 F. App'x 928 (11th Cir. 2010)...................................13

ii

*J.S. v. Attica Central Schools*,
  386 F.3d 107 (2d Cir. 2004)..................................................................3, 1, 2, 15

*Lopez v. Youngblood*,
  No. 1:07CV0474 DLB, 2009 WL 2062883 (E.D. Cal. July 15, 2009)....................................13

*Luna Perez v. Sturgis Public Schools*,
  598 U.S. 142 (2023)..................................................................3, 6, 8, 9

*Maciariello v. Sumner*,
  973 F.2d 295 (4th Cir. 1992) ..................................................................13

*Madison v. Virginia*,
  474 F.3d 118 (4th Cir. 2006) ..................................................................12

*Martinez v. Newsom*,
  46 F.4th 965 (9th Cir. 2022) ..................................................................7, 8, 9

*In re Miedzianowski*,
  735 F.3d 383 (6th Cir. 2013) ..................................................................5

*Mrs. W. v. Tirozzi*,
  832 F.2d 748 (2d Cir. 1987)..................................................................7

*New Albany Main St. Properties v. Watco Companies, LLC*,
  75 F.4th 615 (6th Cir. 2023) ..................................................................13

*Parker v. Clarke*,
  910 F. Supp. 460 (E.D. Mo. 1995)..................................................................12, 15

*Skurstenis v. Jones*,
  236 F.3d 678 (11th Cir. 2000), *overruled on other grounds by Powell v.
  Barrett*, 541 F.3d 1298 (11th Cir. 2008)..................................................................13

*In re Somberg*,
  31 F.4th 1006 (6th Cir. 2022) ..................................................................14

*Sonnenfeld v. City & Cnty. of Denver*,
  100 F.3d 744 (10th Cir. 1996) ..................................................................13

*In re Trump*,
  874 F.3d 948 (6th Cir. 2017) ..................................................................4, 5, 11

*Universal Life Church Monastery Storehouse v. Nabors*,
  35 F.4th 1021 (6th Cir. 2022) ..................................................................13

*Urban v. Jefferson Cnty. Sch. Dist. R-1*,
  89 F.3d 720 (10th Cir. 1996) ..................................................................7

*W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*,
   293 F.3d 345 (6th Cir. 2002) ............................................................................4

*W.R. v. Ohio Health Dep't*,
   651 F. App'x 514 (6th Cir. 2016) ...................................................................6

*Winfield v. Bass*,
   106 F.3d 525 (4th Cir. 1997) (en banc) .........................................................13

*Young v. Lynch*,
   846 F.2d 960 (4th Cir. 1988) ........................................................................13

**Statutes**

20 U.S.C. § 1415(i)(2) ...........................................................................................9

28 U.S.C. § 1292(b) ....................................................................................... *passim*

ADA ........................................................................................................................9

Americans with Disabilities Act of 1990 ...............................................................8

Rehabilitation Act of 1973 title V ..........................................................................8

**Other Authorities**

Eleventh Amendment ........................................................................................14, 15

16 Charles A. Wright et al., Federal Practice and Procedure § 3929 (3d ed.) ............................4

16 Charles A. Wright et al., Federal Practice and Procedure § 3931 (3d ed.) ............................11

Fed. R. App. P. 5(a)(3) ...........................................................................................3

Fed. R. Civ. P. 23(a) and (b) ................................................................................10

Federal Rule of Appellate Procedure 5 ...................................................................3

IDEA ..........................................................................................................5, 7, 8, 9

Local Rule 7.1(a) ...................................................................................................2

Order, RE 67, PageID.1326 ....................................................................................1

Order, RE 67, PageID.1339 ....................................................................................7

## Introduction

Under 28 U.S.C. § 1292(b), it is appropriate to certify an order for interlocutory appeal if (1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the termination of the litigation. All three of those considerations are met here. This Court's September 24, 2024 order concluded that the plaintiffs are excused from exhausting their administrative remedies under the "systemic" exception to exhaustion. The Sixth Circuit has not recognized the systemic exception. And the resolution of that issue—if the Sixth Circuit declines to recognize the exception—is dispositive of this case.

Certification is particularly appropriate here for two additional reasons. First, in one of the primary cases that this Court relied on in its order, the district court did the same thing that Wayne RESA is requesting here. In *J.S. v. Attica Central Sch*ools, 386 F.3d 107 (2d Cir. 2004), the district court denied the school district's motion to dismiss by concluding that the plaintiff had met the "systemic" exception to the exhaustion requirement. Recognizing that the issue was dispositive, however, the district court certified the issue for immediate appeal under § 1292(b). *See id*. at 110, 115. The Second Circuit ultimately affirmed the district court, concluding that the plaintiff did, in fact, meet the systemic exception to exhaustion. *Id*. at 115. Certification, in other words, does not necessarily imply that this Court's

ruling was incorrect; it simply recognizes that the issue is novel and potentially dispositive. This case presents exactly the same procedural posture as *J.S.*, with exactly the same reasons for certifying.

Second, numerous courts have agreed to certify an order under § 1292(b) if a codefendant has already filed an interlocutory appeal from the same order as a matter of right. For example, in cases where a codefendant has appealed an order denying qualified immunity or sovereign immunity, many courts have agreed to certify the remainder of the order under § 1292(b). *See infra*, Section I(B)(3) (citing cases). Because the order is already on appeal anyway, it vastly improves judicial economy for the appellate court to rule on all potentially dispositive issues at the same time.

That approach applies here, too, now that the Michigan Department of Education ("MDE") has filed an appeal on Eleventh-Amendment grounds. Because the Court's order is already on appeal in the Sixth Circuit, it is far more efficient to have the dispositive issue of exhaustion resolved now, given that the opportunity has presented itself. Doing so would also avoid the possibility that both this Court and the parties will devote herculean effort in litigating a complex and costly class action lawsuit—only to have it all prove to be a waste in the event that the Sixth Circuit ultimately determines that exhaustion was required.

The Court should certify its order under § 1292(b) for interlocutory appeal. It should also stay proceedings in this Court pending resolution of the defendants' appeals.

## Argument

## I.      The Court should certify its order under § 1292(b).

### A.      § 1292(b) allows a district court to certify its order for immediate appeal.

In pertinent part, 28 U.S.C. § 1292(b) provides that, even if an appeal is not ordinarily appealable, a district judge may state that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. If the district court's order does not initially include the required statement, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." *See* Fed. R. App. P. 5(a)(3). If the district court amends its order to include the certification, a party may request that the Court of Appeals permit an appeal to be taken from the order under Federal Rule of Appellate Procedure 5. *See* Fed. R. App. P. 5.

The underlying goal of § 1292(b) is to ensure that the parties do not "waste . . . precious judicial time" litigating a case to final judgment simply in order

3

to obtain appellate review of a threshold dispositive issue of law.  16 Charles A. Wright et al., Federal Practice and Procedure § 3929 (3d ed.) (citation omitted).

Because all of the relevant factors are present here—and because the interest in judicial economy will be significantly furthered by allowing the defendants to pursue an interlocutory appeal while the MDE's Eleventh-Amendment appeal is already pending anyway—this Court should certify its order for appeal.

## B.   Each of the three requirements under § 1292(b) is met.

The Sixth Circuit has distilled § 1292(b)'s requirements into three considerations; namely, that "[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).

### 1.   Controlling question of law.

The first consideration is easily met. "[T]he sufficiency of a complaint is a question of law." *In re Trump*, 874 F.3d at 951. Thus, "[t]he district court's order holding that the allegations of the complaint stated a facially valid claim . . . falls comfortably within the category of an 'order [that] involves a ... question of law.'" *Id.*

A legal issue is "controlling" for purposes of § 1292(b) "if it could materially affect the outcome of the case." *W. Tenn. Chapter of Associated Builders*

4

& *Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). The Sixth

Circuit has ruled that an order that denies a motion to dismiss involves a

"controlling" question of law because its "resolution 'could materially affect the

outcome of the case.'" *In re Trump*, 874 F.3d at 951. That rule applies here.

### 2. Reasonable jurists might disagree on the legal issues' resolution.

The second factor is also met. "A substantial ground for difference of

opinion exists where reasonable jurists might disagree on an issue's resolution, not

merely where they have already disagreed." *In re Trump*, 874 F.3d at 952. This

includes situations where the legal question is "difficult, novel and either a question

on which there is little precedent or one whose correct resolution is not substantially

guided by previous decisions." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir.

2013).

That is true here, too. Several reasons suggest that reasonable jurists

could disagree about whether the plaintiffs are excused from administratively

exhausting their claims, which is a significant legal issue of first impression in the

Sixth Circuit.

*First*, this Court's Order turned on its conclusion that the plaintiffs may

forego mandatory exhaustion by asserting "systemic" problems with the provision

of a FAPE and asking for relief that extends beyond what is available under the

IDEA. The Sixth Circuit "has not expressly adopted" the notion of a systemic

5

exception to the IDEA's exhaustion requirement. *D.R. v. Michigan Dep't of Ed*., No. 16-13694, 2017 WL 4348818, at *3 (E.D. Mich. Sept. 29, 2017). In fact, the Sixth Circuit in one case has expressed "doubt that a plaintiff is exempt from the IDEA's exhaustion requirement just because he paints the allegations in his complaint as broadly applying to all students," *F.C. v. Tennessee Dep't of Educ*., 745 F. App'x 605, 609 (6th Cir. 2018), and in another has held that the plaintiffs' "claims of systemic violations on behalf of W.R. are subject to the IDEA's exhaustion requirement." *W.R. v. Ohio Health Dep't*, 651 F. App'x 514, 521 (6th Cir. 2016). The Supreme Court in *Perez v. Sturgis Pub. Sch*., 598 U.S. 142 (2023), for its part, declined even to decide "whether IDEA's exhaustion requirement is susceptible to a judge-made futility exception." *Id*. at 151. Given the novelty of the issue in this Circuit, reasonable minds could disagree on how to correctly resolve it. *See also Ass'n for Cmty. Living in Colorado v. Romer*, 992 F.2d 1040, 1044 (10th Cir. 1993) ("The determination of whether CDE's policies have denied children with disabilities appropriately individualized IEPs entails a factually intensive inquiry into the circumstances of each individual child's case. This is precisely the kind of issue the IDEA's administrative process was designed to address.").

*Second*, the systemic exception is very difficult to meet. Even those courts that have adopted the exception recognize that "what constitutes a systemic failure is not so easily defined." *Doe v. Arizona Dep't of Educ*., 111 F.3d 678, 681

6

(9th Cir. 1997). The Ninth Circuit, for example, observed that, although it "first recognized the exception 30 years ago," "no published opinion in this circuit has ever found that a challenge was 'systemic' and exhaustion not required." *Martinez v. Newsom*, 46 F.4th 965, 974 (9th Cir. 2022). That is in part because, in order to trigger the systemic exception to exhaustion, a plaintiff "must, at a minimum, identify an 'agency decision, regulation, or other binding policy' that caused his or her injury." *Id*. *See also Mrs. W. v. Tirozzi*, 832 F.2d 748, 757 (2d Cir. 1987) (requiring allegation that agency adopted a policy); *Urban v. Jefferson Cnty. Sch. Dist. R-1*, 89 F.3d 720, 725 (10th Cir. 1996) (same).

   A reasonable jurist could conclude that the plaintiffs here failed to identify that Wayne RESA made any such "decision, regulation, or other binding policy" that caused alleged injury to the plaintiffs. Although this Court concluded that the plaintiffs alleged policies such as inadequate staffing and a failure to properly evaluate students for IEPS (Order, RE 67, PageID.1339), "[a] plaintiff cannot rely on the systemic exception simply by reframing an act of inadvertence or negligence as a policy or practice of not complying with the IDEA." *Martinez*, 46 F.4th at 974. At minimum, even if the plaintiffs sufficiently alleged that some other defendant made a "decision" or adopted a particular "policy," the plaintiffs do not allege that Wayne RESA—as opposed to some other defendant—did any such thing. There is no allegation that Wayne RESA, for example, has any ability to hire

7

additional special education teachers at HPS, much less that it adopted a policy not to do so.

*Third*, although this Court's analysis turned on its conclusion that exhaustion is excused because the plaintiffs' claims seek relief that is not available in the IDEA administrative process, there are at least two difficulties with this analysis.

First, even if some of the plaintiffs' claims are excused from exhaustion, Count One is not excused from exhaustion, and most of the remedial requests in the demand for relief are not excused from exhaustion, either. That is because exhaustion is excused only for non-IDEA claims that demand non-IDEA relief. *Perez*, 598 U.S. at 150. In other words, "plaintiffs must exhaust administrative remedies whenever they 'seek relief for the denial of a FAPE,' even if they bring claims 'under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities.'" *Martinez v. Newsom*, 46 F.4th 965, 975 (9th Cir. 2022) (quoting *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 161, 165 (2017)).

The problem here is that Count One of the plaintiffs' amended complaint is an IDEA claim that specifically alleges that the defendants failed to provide a FAPE, and Paragraphs C, D, E, F, G, H, and I of the plaintiffs' demand for relief all "seek remedies designed to compensate for the denial of a FAPE."

8

*Martinez*, 46 F.4th at 975. (Amended Complaint, RE 46, PageID.638-641 (repeatedly demanding relief related to provision of "a free appropriate public education"). To the extent that the plaintiffs' IDEA claim demands relief that is available under the IDEA, it must be dismissed for failure to exhaust. *Martinez*, 46 F.4th at 975. And to the extent that the plaintiffs' IDEA claim demands relief that is not available under the IDEA, it must be dismissed for failure to state a claim upon which relief may be granted. After all, "the only 'relief' the IDEA makes 'available' is relief for the denial of a FAPE." *Fry*, 580 U.S. at 169. *See also* 20 U.S.C. § 1415(i)(2) (describing scope of private action under the IDEA). In other words, Count One is either unexhausted or is asking for relief that is not available under the IDEA. Either way, it should be dismissed.

Second, it appears that the plaintiffs' non-IDEA claims (Counts Two through Four) seek both money damages and the types of relief that IDEA offers. (Amended Complaint, RE 46, PageID.634-638, 638-641). But each of those requests for IDEA-available relief is also barred for failure to exhaust: "Under our view, . . . a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust § 1415(f) and (g)." *Perez*, 598 U.S. at 150.

Thus, even on the plaintiffs' best day, they may have non-IDEA claims that are excused from exhaustion only to the extent that they demand non-IDEA

relief. But that is a far narrower set of claims than the ones that the Court's September 24, 2024 Order permitted to move forward. And that difference will have substantial consequences for the class certification analysis, including class definition, commonality, typicality, and predominance. See Fed. R. Civ. P. 23(a) and (b); *see also* Manual for Complex Litigation, Fourth, § 21.141 ("Identifying common questions typically requires examining the parties' claims and defenses . . ."); *id.* ("Deciding typicality requires determining whether the named plaintiff's claim arises from the same course of events . . . [as] those of each class member.").

Predicating the certification decision (for example) on a set of claims that later turn out to be erroneously overbroad may taint the entirety of the certification decision. In the event that the Sixth Circuit later deems that several of the claims should have been dismissed for failure to exhaust, that ruling could unravel many of the subsequent proceedings and force this Court and the parties to restart the process from square one, having wasted a colossal amount of resources in discovery on irrelevant matters in the meantime. Particularly because the MDE's interlocutory appeal ensures that the Sixth Circuit will be reviewing this Court's order on an interlocutory basis anyway, it is far more efficient to provide the Sixth Circuit an opportunity to weigh in on the exhaustion question now, before the parties and this Court expend a significant amount of resources that may well end up wasted.

10

Doing so would also be consistent with courts' prior practice. Appeals under § 1292(b) "have frequently been allowed on the question whether the plaintiff has stated a claim if the problem is a difficult one of substantive law, rather than a mere matter of properly pleading a claim sought to be brought within a recognized and generally sufficient legal theory." 16 Charles A. Wright et al., Federal Practice and Procedure § 3931 (3d ed.). This factor under § 1292(b) is met, as well.

### 3. An interlocutory appeal may materially advance the termination of the litigation.

This Court's order meets the third § 1292(b) factor, too. There are at least three ways in which an interlocutory appeal may materially advance the termination of this case.

*First*, an immediate appeal "may materially advance the termination of the litigation" because "[i]f a panel of this court were to find the complaint fails to state a[ ] . . . claim . . . , litigation would end." *In re Trump*, 874 F.3d at 952. Just as the court in *In re Trump* concluded that this factor warranted interlocutory appeal of an order denying a motion to dismiss a complaint, so this factor counsels in favor of interlocutory appeal here.

*Second*, an immediate appeal would materially advance the litigation because this Court's order is already on appeal in the Sixth Circuit. The MDE has filed an interlocutory appeal of the Court's order as a matter of right, under the *Cohen* collateral order doctrine. Because the Sixth Circuit will already be reviewing

11

this Court's order on appeal, it would materially advance the litigation to provide the

Sixth Circuit with an opportunity to review the entirety of this Court's order all at

once, rather than piecemeal.

Courts have often certified orders under § 1292(b) when a codefendant

(like the MDE here) has filed an interlocutory appeal by right. For example, when

codefendants have appealed orders on the grounds of sovereign immunity or

qualified immunity, district courts have often certified their orders under § 1292(b)

in the interest of judicial economy, so that the Court of Appeals may review all of

the relevant issues at once. As one court explained,

> [I]n view of the appeal as of right on the qualified
> immunity issue available to defendants Boyer, Dell and
> Risk, and the other dispositive determinations dealt with
> below pursuant to Rule 54(b), this § 1292(b) certification
> advances the ultimate disposition of the litigation by
> allowing a unitary appeal of the Court's substantive
> determinations as to liability.

*Parker v. Clarke*, 910 F. Supp. 460, 462 (E.D. Mo. 1995).

Many courts have certified orders under these circumstances. *See, e.g.*,

*BT Bourbonnais Care, LLC v. Norwood*, 866 F.3d 815, 819 (7th Cir. 2017) (pending

appeal asserting sovereign immunity); *Flores-Haro v. Slade*, 686 F. App'x 454, 455

(9th Cir. 2017) (pending appeal asserting qualified immunity); *Benzman v. Whitman*,

523 F.3d 119, 123 (2d Cir. 2008) (qualified immunity); *Madison v. Virginia*, 474

F.3d 118, 123 (4th Cir. 2006) (sovereign immunity); *Davis v. Hall*, 375 F.3d 703,

710 (8th Cir. 2004) (qualified immunity); *Egervary v. Young*, 366 F.3d 238, 245 (3d Cir. 2004) (qualified immunity); *Skurstenis v. Jones*, 236 F.3d 678, 681 (11th Cir. 2000), *overruled on other grounds by Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008) (qualified immunity); *Winfield v. Bass*, 106 F.3d 525, 528 (4th Cir. 1997) (en banc) (qualified immunity); *ANR Pipeline et al. v. Lafaver et al.*, 150 F.3d 1178 (10th Cir. 1998) (sovereign immunity); *Sonnenfeld v. City & Cnty. of Denver*, 100 F.3d 744, 746 (10th Cir. 1996) (sovereign immunity); *Maciariello v. Sumner*, 973 F.2d 295, 296 (4th Cir. 1992) (qualified immunity); *Young v. Lynch*, 846 F.2d 960, 960–61 (4th Cir. 1988) (qualified immunity); *Lopez v. Youngblood*, No. 1:07CV0474 DLB, 2009 WL 2062883, at *7 (E.D. Cal. July 15, 2009); *Doninger v. Niehoff*, No. 3:07CV1129(MRK), 2009 WL 1364890, at *3 (D. Conn. May 14, 2009); *Glenn v. City of Columbus, Ga.*, No. 4:07-CV-52 (CDL), 2008 WL 5115032, at *20 (M.D. Ga. Dec. 2, 2008), *rev'd in part*, 375 F. App'x 928 (11th Cir. 2010); *Colaizzi v. Walker*, No. 74 C 2130, 1986 WL 3595, at *1 (N.D. Ill. Mar. 17, 1986).

Here, likewise, the MDE's appeal of this Court's Eleventh-Amendment ruling proceeds as a matter of right and is already pending. *See New Albany Main St. Properties v. Watco Companies, LLC*, 75 F.4th 615, 622 (6th Cir. 2023); *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1030 (6th Cir. 2022). It would be substantially more efficient for both this Court and the parties

13

if the Sixth Circuit reviewed the threshold issue of exhaustion at the same time that it is already reviewing the Eleventh Amendment analysis.

*Third*, an immediate appeal materially advances the termination of the litigation "where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022). For example, interlocutory appeal under § 1292(b) was appropriate when "a court planned to oversee a trial between two parties that might have agreed to arbitrate their disputes." *Id*. (citing *Sheet Metal Emps. Indus. v. Absolut Balancing Co*., 830 F.3d 358, 360–61 (6th Cir. 2016)).

The same concerns are present here. This Court's order allows Wayne RESA to be subjected to a prohibitively costly class action lawsuit. But if the Sixth Circuit determines that the plaintiffs' claims are barred by failure to exhaust their administrative remedies, then all of that cost would be unnecessary. Like the issue of arbitration, *see id*., the issue of administrative exhaustion is a threshold legal question whose resolution will determine whether the plaintiffs' claims may be brought in court at all.

Moreover, the gravamen of the plaintiffs' complaint appears to be that the defendants have not hired enough teachers to adequately provide a FAPE to them. Subjecting the defendants to the extreme costs of class-action discovery will simply divert more of the defendants' resources away from students' imperative

14

educational needs. No one—including the individual student plaintiffs—is served by forcing the defendants through the costly gantlet of class-action discovery before it is determined whether the plaintiffs may even bring their claims in the first place.

As indicated previously, the district court in *J.S.* also denied the defendant school district's motion to dismiss on exhaustion grounds, reasoning that the "systemic" exception applied. That court certified its order for immediate appeal under § 1292(b). *J.S.*, 386 F.3d at 110. This Court, which made an identical ruling and is faced with identical circumstances, should do likewise.

## II.   Proceedings in this Court should be stayed pending the resolution of the defendants' appeals.

This Court should stay the proceedings in this Court pending resolution of the MDE's Eleventh Amendment appeal.

Because the issue of exhaustion is a threshold legal issue, this Court should also stay the proceedings pending resolution of any appeals that are certified under § 1292(b). See 28 U.S.C. § 1292(b); *Parker*, 910 F. Supp. at 462 ("In view of the global nature of the appeals to be taken, the Court will also order pursuant to § 1292(b) that all district court proceedings be stayed during the pendency of the appeals.").

## Conclusion

The Court should certify its September 24, 2024 order for interlocutory appeal and should stay the proceedings in this Court pending the resolution of the defendants' appeals.

MILLER JOHNSON
Attorneys for Defendant Wayne RESA

Dated: October 7, 2024          By:  /s/ Kevin T. Sutton
                                    Kevin T. Sutton (P65364)
                                    Brandon S. Corcoran (P85673)

16