UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Y.A., A MINOR CHILD BY
NEXT FRIEND, IBRAHIM
ALZANDANI, W.A., A MINOR
CHILD BY NEXT FRIEND,
NADHEM ALNAJAR, AND A.M.,
A MINOR CHILD BY NEXT
FRIEND, ABRAHAM MUZIB,
Personally and on behalf of all
similarly situated persons,

      Plaintiffs,

v.

HAMTRAMCK PUBLIC
SCHOOLS, WAYNE COUNTY
REGIONAL EDUCATIONAL
SERVICE AGENCY, AND
MICHIGAN DEPARTMENT OF
EDUCATION,

      Defendants.

No.:  2:23-cv-12817-BRM-DRG

HON. BRANDY R. MCMILLION

MAG. DAVID R. GRAND

**DEFENDANT MICHIGAN
DEPARTMENT OF
EDUCATION'S MOTION TO
STAY**

---

Kassem M. Dakhlallah (P70842)
Hammoud, Dakhlallah &
Associates, PLLC
Attorney for Plaintiffs
6050 Greenfield Rd., Ste. 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Jennifer L. McManus (P65976)
Fagan McManus, P.C.
Attorney for Plaintiffs
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Brandon S. Corcoran (P85673)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational
Service Agency
500 Woodward #2800
Detroit, MI 48226
(313) 672-6946
corcoranb@millerjohnson.com

Robert A. Dietzel (P67567)
Erin H. Walz (P55484)
Kelly S. Bowman (P87014)
Thrun Law Firm, P.C.
Attorneys for Defendant
Hamtramck Public Schools
2900 West Road, Suite 400
P.O. Box 2575
East Lansing, MI 48826-2575
(517) 484-8000
rdietzel@thrunlaw.com
ewalz@thrunlaw.com
kbowman@thrunlaw.com

Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Kevin T. Sutton (P65364)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational
Service Agency
I409 E. Jefferson, Fifth Floor
Detroit, MI 48226
(248) 258-2850
suttonk@millerjohnson.com

**DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S
MOTION TO STAY**

On September 24, 2024, the Court entered its Opinion and Order

denying Defendant Michigan Department of Education's ("MDE")

motion to dismiss.  (Op., ECF No. 67.)  In the event this Court grants

the Motion to Certify (Mot. Cer., ECF No. 71), MDE respectfully moves

the Court for a stay of the September 24, 2024 Opinion and Order.  *See*

Fed. R. App. P. 8(a).  As demonstrated below, MDE has demonstrated a

likelihood of success, or at a minimum, the appeal raises serious legal

questions on the merits of the two issues it seeks to certify for appeal.

Moreover, a stay is necessary to prevent irreparable harm to MDE, will

not harm Plaintiffs, and to further the public interest.

Pursuant to Local Rule 7.1(a), MDE's counsel sought opposing

counsel's concurrence with this motion and the relief requested on

October 4, 2024, but concurrence was not obtained.  A conference

between the attorneys was held that same day.  Counsel for MDE

explained the nature of the motion and its legal basis and requested but

did not obtain concurrence in the relief sought.

Respectfully submitted,


/s/ *Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
Health, Education &
Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  October 7, 2024


## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I electronically filed the above
document(s) with the Clerk of the Court using the ECF System, which
will provide electronic copies to counsel of record.

/s/ *Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
Health, Education &

Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Y.A., A MINOR CHILD BY
NEXT FRIEND, IBRAHIM
ALZANDANI, W.A., A MINOR
CHILD BY NEXT FRIEND,
NADHEM ALNAJAR, AND A.M., A
MINOR CHILD BY NEXT FRIEND,
ABRAHAM MUZIB, Personally and
on behalf of all similarly situated
persons,

       Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS,
WAYNE COUNTY REGIONAL
EDUCATIONAL SERVICE
AGENCY, AND MICHIGAN
DEPARTMENT OF EDUCATION,

       Defendants.

No.:  2:23-cv-12817-BRM-DRG

HON. BRANDY R. MCMILLION

MAG. DAVID R. GRAND

**BRIEF IN SUPPORT OF
DEFENDANT MICHIGAN
DEPARTMENT OF
EDUCATION'S MOTION TO
STAY**

---

Kassem M. Dakhlallah (P70842)
Hammoud, Dakhlallah &
Associates, PLLC
Attorney for Plaintiffs
6050 Greenfield Rd., Ste. 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Jennifer L. McManus (P65976)
Fagan McManus, P.C.
Attorney for Plaintiffs
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Brandon S. Corcoran (P85673)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational
Service Agency
500 Woodward#2800
Detroit, MI 48226
(313) 672-6946
corcoranb@millerjohnson.com

Robert A. Dietzel (P67567)
Erin H. Walz (P55484)
Kelly S. Bowman (P87014)
Thrun Law Firm, P.C.
Attorneys for Defendant
Hamtramck Public Schools
2900 West Road, Suite 400
P.O. Box 2575
East Lansing, MI 48826-2575
(517) 484-8000
rdietzel@thrunlaw.com
ewalz@thrunlaw.com
kbowman@thrunlaw.com

Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Kevin T. Sutton (P65364)
Miller Johnson
Attorney for Defendant Wayne
County Regional Educational
Service Agency
I409 E. Jefferson, Fifth Floor
Detroit, MI 48226
(248) 258-2850
suttonk@millerjohnson.com

**BRIEF IN SUPPORT OF DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S MOTION TO STAY**

Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant Michigan
Department of Education
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  October 7, 2024

# TABLE OF CONTENTS

Page

Table of Contents.......................................................................................i

Index of Authorities.................................................................................ii

Concise Statement of Issue Presented ...............................................v

Controlling or Most Appropriate Authority .............................................v

Statement of Facts...................................................................................1

Argument ................................................................................................2

I.      MDE is likely to prevail on appeal, or at least raises serious
        legal questions, as to the two claims it seeks to certify for
        interlocutory appeal. .......................................................................4

        A.      MDE is likely to succeed on its argument that a
                systemic violation exception to the exhaustion
                requirement does not apply in this case. ..............................5

        B.      MDE is likely to succeed on its argument that
                Plaintiffs failed to state an IDEA claim based on the
                lack of precedent for holding a SEA per se responsible
                for a LEA's alleged failure to provide a FAPE.......................9

II.     MDE will be irreparably harmed without a stay, and a stay
        will not substantially harm Plaintiffs. ..........................................11

III.    There is a significant public interest in granting a stay. ..............15

Conclusion and Relief Requested.............................................................16

Certificate of Service ..............................................................................17

i

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................ 11

*Baker v. Adams Cnty./Ohio Valley Sch. Bd.,*
   310 F.3d 927 (6th Cir. 2002) ............................................................ 3

*Beth V. by Yvonne V. v. Carroll,*
   87 F.3d 80 (3d Cir. 1996) .................................................................. 6

*Clinton v. Jones,*
   520 U.S. 681 (1997) .......................................................................... 2

*D.R. v. Michigan Department of Education,*
   No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017) ......... 7, 8

*Doe v. Arizona Department of Education,*
   *111 F.3d 678 (9th Cir. 1997)* ............................................................ 6

*Ewing Indus. Corp. v. Bob Wines Nursery, Inc.,*
   No. 3:13-CV-931-J-39JBT, 2015 WL 12979096 (M.D. Fla. Feb.
   5, 2015) .......................................................................................... 13

*F.C. v. Tennessee Department of Education,*
   *745 F. App'x 605 (6th Cir. 2018)* ...................................................... 5

*Friendship Materials, Inc. v. Mich. Brick, Inc.,*
   679 F.2d 100 (6th Cir. 1982) ............................................................ 3

*Hoeft v. Tucson Unified Sch. Dist.,*
   967 F.2d 1298 (9th Cir. 1992) ........................................................... 6

*In re DeLorean Motor Co.,*
   755 F.2d 1223 (6th Cir. 1985) ........................................................... 3

ii

*In re Lorazepam & Clorazepate Antitrust Litig.*,
    208 F.R.D. 1 (D.D.C. 2002) ................................................................ 15

*J.S. v. Attica Cent. Schs.*,
    386 F.3d 107 (2d Cir. 2004) .............................................................. 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ........................................................................ 2

*M.O. ex rel. Ondrovic v. Ind. Dep't of Educ.*,
    No. 2:07-CV-175-TS, 2008 WL 4056562 (N.D. Ind. Aug. 29,
    2008) ............................................................................................ 8

*Meyers v. Cincinnati Bd. of Educ.*,
    No. 1:17-cv-521, 2019 WL 451355 (S.D. Ohio Feb. 5, 2019) ............. 13

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*,
    945 F.2d 150 (6th Cir. 1991) ............................................................ 3

*N.M. Ass'n for Retarded Citizens v. State of New Mexico*,
    678 F.2d 847 (10th Cir. 1982) .......................................................... 6

*N.S. v. Tenn. Dep't of Educ., Knox Cnty. Bd. of Educ.*,
    No. 3:16-CV-0610, 2016 WL 3763264 (M.D. Tenn. July 14,
    2016) ............................................................................................ 7

*Nken v. Holder*,
    556 U.S. 418 (2009) ........................................................................ 4

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
    415 U.S. 1 (1974) ........................................................................... 13

*Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*,
    119 F.3d 393 (6th Cir. 1997) .......................................................... 11

*Ullmo v. Gilmour Acad.*,
    273 F.3d 671 (6th Cir. 2001) .......................................................... 10

*W.H v. Tenn. Dep't of Educ.*,
    No. 3:15-1014, 2016 WL 236996 (M.D. Tenn. Jan. 20, 2016) ............. 7

*W.R. v. Ohio Health Department,*
  651 F. App'x 514 (6th Cir. 2016) ........................................................... 5

**Statutes**

20 U.S.C. § 1416 .................................................................................... 9

28 U.S.C. § 1292(b) ............................................................................... 2

28 U.S.C. § 2107 .................................................................................... 2

iv

**CONCISE STATEMENT OF ISSUE PRESENTED**

1. Whether a stay is appropriate in this case where MDE has shown a likelihood of success on the two issues it seeks to certify for appeal, a stay is necessary to prevent irreparable harm to MDE, a stay will not substantially harm Plaintiffs, and a stay will further the public interest.

   Defendant MDE:          Yes.

   Plaintiffs:                   No.


**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

_Authority_:  Fed. R. App. P. 8(a); _Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog_, 945 F.2d 150 (6th Cir. 1991).

## STATEMENT OF FACTS

On September 24, 2024, this Court issued an Opinion and Order denying Defendant Michigan Department of Education's ("MDE") Motion to Dismiss (Op., ECF No. 67.)  MDE filed a timely notice of appeal and motion to certify from this Court's decision denying MDE's motion to dismiss.  (Not., ECF No. 69; Mot. Cert., ECF No. 71.)[1]

In the event this Court grants the Motion to Certify and certifies one or both of the two issues raised for interlocutory appeal, MDE respectfully moves the Court for a stay in this case.  As demonstrated below, a stay is warranted under the circumstances.  MDE has demonstrated a likelihood of success, or at a minimum, it has raised serious legal questions on the merits of the two issues it seeks to certify for appeal.  Moreover, a stay is necessary to prevent irreparable harm to MDE, will not harm Plaintiffs, and will further the public interest.

---

[1] On the same date that MDE now files its motion to stay, Co-Defendant Wayne County Regional Educational Service Agency filed its Motion to Certify and Stay. (ECF No. 72.) Based on discussions with Co-Defendant Hamtramck Public Schools, MDE understands Hamtramck plans to separately file its own motion to certify, and that motion is forthcoming.

1

## ARGUMENT

Neither a notice of appeal nor the certification of an order for interlocutory review automatically stay district court proceedings. *See* 28 U.S.C. § 2107; 28 U.S.C. § 1292(b). Under Federal Rule of Appellate Procedure 8(a), an application for a stay of a district court order pending appeal must ordinarily be made in the first instance in the district court.

This Court has the inherent authority to stay proceedings pending resolution of the certified issues on appeal. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In deciding whether to stay proceedings during the pendency of an appeal, courts "consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction":

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together.").[2]

A flexible approach is appropriate in determining whether to stay a case. To obtain a stay of this Court's order, MDE must demonstrate "at least serious questions going to the merits and irreparable harm which decidedly outweighs" the harm that will be inflicted on others if a stay is granted. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985); *see also Baker v. Adams Cnty./Ohio Valley Sch. Bd.,* 310 F.3d 927, 928 (6th Cir. 2002). And the degree of likelihood of success on the merits may depend on the strength of the other factors. *DeLorean,* 755 F.2d at 1229 (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.,* 679 F.2d 100, 105 (6th Cir. 1982) (approving a test where the moving party showed a serious question on the merits and irreparable harm outweighed any harm to the non-moving party).

---

[2] MDE is not seeking a stay regarding the notice of appeal on the immunity issue, only if this Court grants the motion to certify.

3

As explained below, each of these factors is met here.  Indeed, a stay is appropriate because this is precisely the type of case where, if the reviewing court takes its time, an appellate decision may come too late for the party seeking review.  *Nken v. Holder,* 556 U.S. 418, 421 (2009).

MDE recognizes a significant overlap between the factors this Court must consider in granting a stay and its previously filed motions, and thus, MDE incorporates by reference the arguments raised in its motion to certify and motion to dismiss.  (Mot. Dis. ECF No. 52; Mot. Cert. ECF No. 71.)

## I.   MDE is likely to prevail on appeal, or at least raises serious legal questions, as to the two claims it seeks to certify for interlocutory appeal.

As addressed in MDE's companion motion to certify (Mot. Cert., ECF No. 71), two issues raised by MDE in its motion to dismiss present controlling questions of law with substantial grounds for disagreement.  MDE has a reasonable likelihood of success on the merits of an appeal on both issues.  Or at the very least, MDE has demonstrated that it presents serious legal questions.

4

A. **MDE is likely to succeed on its argument that a systemic violation exception to the exhaustion requirement does not apply in this case.**

As the Court acknowledged in its Opinion and Order, the Sixth Circuit has not recognized a systemic violation to the Individuals with Disabilities Act's ("IDEA") clear exhaustion requirement. (Op., ECF No. 67, PageID.1336.) In light of the lack of binding case law recognizing the purported exception coupled with the fact that in at least two cases the Sixth Circuit has cast doubt on the exception, MDE has a strong likelihood of success on this issue on appeal.

To start, the Sixth Circuit has cast doubt on the use of this purported exception at least twice. First, in *W.R. v. Ohio Health Department*, the Sixth Circuit affirmed a district court's decision to dismiss a complaint for failure to exhaust administrative remedies under the IDEA based on an allegation of a systemic violation. 651 F. App'x 514, 521 (6th Cir. 2016) (Attached as Ex. A). There, the court reasoned that the plaintiffs' allegation of systemic violations fell "squarely within the provisions of a [free appropriate public education] FAPE []" that *could* be remedied through the IDEA's administrative process. *Id.* Similarly, in *F.C. v. Tennessee Department of Education,*

the Sixth Circuit expressed "doubt that a plaintiff [wa]s exempt from
the IDEA's exhaustion requirement just because [the plaintiff] paint[ed]
the allegations in his complaint as broadly applying to all students."
745 F. App'x 605, 609 (6th Cir. 2018) (citing *Hoeft v. Tucson Unified
Sch. Dist.,* 967 F.2d 1298, 1305 (9th Cir. 1992)) (Attached as Ex. B).
The same is true here.

Second, the out-of-circuit and other district court cases cited by
this Court are distinguishable from the instant case and fail to support
the Court's conclusion.

The out-of-circuit cases relied upon by this Court are based on
allegations involving statewide noncompliance due to State Education
Agency ("SEA") policies and procedures. *Beth V. by Yvonne V. v.
Carroll*, 87 F.3d 80, 83 (3d Cir. 1996); *N.M. Ass'n for Retarded Citizens
v. State of New Mexico*, 678 F.2d 847, 855 (10th Cir. 1982). And yet
another case cited by this Court pertained to claims *only* involving only
a local education agency ("LEA"). *J.S. v. Attica Cent. Schs.*, 386 F.3d
107, 115 (2d Cir. 2004). Further, *Doe v. Arizona Department of
Education* held that allegations pertaining to only one facility are
insufficient to allege a "systematic violation" as to a SEA and affirmed

6

dismissal of IDEA claims against a SEA pending exhaustion.  111 F.3d 678, 682 (9th Cir. 1997).

This Court also relied on three factually distinguishable and non-binding cases from within this circuit.  Two cases involved allegations of statewide noncompliance with the IDEA, which Plaintiffs do not allege in the instant case.  *W.H v. Tenn. Dep't of Educ.*, No. 3:15-1014, 2016 WL 236996, at *4 (M.D. Tenn. Jan. 20, 2016) (Attached as Ex. C); *N.S. v. Tenn. Dep't of Educ., Knox Cnty. Bd. of Educ.*, No. 3:16-CV-0610, 2016 WL 3763264, at *10 (M.D. Tenn. July 14, 2016) (Attached as Ex. D).  And the remaining case, *D.R. v. Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, at *6 (E.D. Mich. Sept. 29, 2017), is also distinguishable from the case at bar. (Attached as Ex. E). The court in *D.R.* addressed claims related to the Flint water crisis; finding that a systemic exception applied because the threat of polluted water could not be exhausted through administrative procedures.  *Id.* at *6.  But in doing so, the court in *D.R.* reiterated that such an exception was not recognized by the Sixth Circuit.  *Id.* at *10.  And, further distinguishable from this case, the claims in *D.R.* focused on the IDEA *procedures*—which the Court found are "incapable of correction in the

individual administrative exhaustion procedure"—rather than the *substantive provision* of a FAPE raised by Plaintiffs here.  *Id.* at *4.  In sum, MDE submits that the cases cited by the Court recognizing the existence of a systemic exception did not involve similar facts or even claims.

This, along with the Sixth Circuit's expression of doubt as to the application of the exception and the split between courts on recognition of the exception in the first place, demonstrate that MDE has a likelihood of success on the merits.

And even if the Sixth Circuit were to adopt the systemic exception set forth by this Court, Plaintiffs' claims still fail because a party cannot "simply assert that their allegations are systemic in order to survive the exhaustion requirement."  *M.O. ex rel. Ondrovic v. Ind. Dep't of Educ.,* No. 2:07-CV-175-TS, 2008 WL 4056562 (N.D. Ind. Aug. 29, 2008) (collecting cases) (Attached as Ex. F).  Here, Plaintiffs provided no factual allegations to establish any systemic, statewide allegations against MDE that could trigger the purported systematic exception. (*See* Am. Compl. ¶¶ 91–121, ECF No. 46, PageID.599 (pleading facts

specific to Hamtramck alone to demonstrate the "Systemic nature of Defendants' Violations").)

While MDE maintains it is likely to succeed on the merits of this claim, at a minimum here, this issue certainly raises a serious question as to the merits of this case and warrants appellate review. The same is true of the Court's rejection of MDE's argument that the issues presented in this lawsuit are not ripe for judicial review due to Plaintiffs' failure to exhaust. (Op., ECF No. 67, PageID.1350–1352.) And when considered in conjunction with the remaining factors set forth below, there should be no doubt that a stay is warranted.

**B.    MDE is likely to succeed on its argument that Plaintiffs failed to state an IDEA claim based on the lack of precedent for holding a SEA per se responsible for a LEA's alleged failure to provide a FAPE.**

Second, as a SEA, MDE has general supervisory and monitoring responsibilities under the IDEA. *See* 20 U.S.C. § 1416. But the IDEA is silent on any cause of action that an individual may bring against a SEA as it relates to the enumerated supervisory responsibilities. Nor has there been a definitive ruling within the Sixth Circuit on this issue.

9

The Court's conclusion that Plaintiffs properly stated a claim against MDE under the IDEA was supported by a lone case from this circuit that did not involve a claim against a SEA.  (Op., ECF No. 67, PageID.1345 (citing *Ullmo v. Gilmour Acad.,* 273 F.3d 671, 679 (6th Cir. 2001).)  *Ullmo* is entirely irrelevant because it does not address a claim against a SEA.  And the language quoted in this Court's Opinion as support is dicta.  (*See* Op., ECF No. 67, PageID.1345.)  But, despite the inapplicability of *Ullmo*, this Court relied on the case to read in statutory requirements that would allow any student to sue a SEA based upon a local district's failure to provide FAPE, even if the SEA had no prior information to indicate that the district could not (or would not) provide the student FAPE.  Not only is this type of per se liability for the SEA not reflected in the relevant statutory scheme, but it ignores that local districts operate *independently* of SEAs.  In order to establish a claim against a SEA, at a minimum, there must be evidence that the SEA failed to comply with a statutory mandate within the IDEA.  Here, Plaintiffs have made no such allegations.

At most, Plaintiffs allege that MDE did not "follow its monitoring and enforcement duties" because Hamtramck and Wayne Regional

10

Educational Service Agency (RESA) allegedly did not implement a

corrective action plan that MDE had issued as a result of a state

complaint.  (*See* Am. Compl., ¶ 118, ECF No. 46, PageID.594.)  But this

single conclusory allegation cannot establish a claim under the Rule

12(b)(6) standard.  Instead, to survive a motion to dismiss, courts are to

*only* consider well-plead facts, and cannot rely on "mere conclusory

statements" or "naked assertions devoid of further factual

enhancement."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

These considerations demonstrate that MDE has "more than a

mere possibility of success" on the merits of its appeal.  *Six Clinics

Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 402 (6th Cir.

1997).  For these reasons, staying the Court's September 24, 2024

Opinion and Order during the pendency of an appeal is appropriate.

\* \* \*

This factor weighs in favor of a stay.

## II.   **MDE will be irreparably harmed without a stay, and a stay will not substantially harm Plaintiffs.**

Requiring all of the parties to litigate this matter through

discovery despite contested issues of whether a systemic violation

exception applies to the exhaustion requirement and whether Plaintiffs

11

have stated a claim under the IDEA would require *all* parties to spend significant funds in attorneys' fees and time on this matter.  Reversal from the Sixth Circuit on any of the issues would dispose of certain claims and possibly parties, requiring reversal of any final judgment in Plaintiffs' favor.  Both parties would be required to incur significant costs of conducting class discovery that would become moot if the Sixth Circuit reversed the exhaustion or failure to state a claim argument under the IDEA.  Or in the possible situation that Plaintiffs' claims are dismissed without prejudice based on ripeness, the parties could be forced to litigate this matter twice.

Further compounding the harm to MDE if a stay is not granted is the scope of this case.  This is not a run-of-the-mill IDEA case; it is a putative class action, and the sheer breadth of the case and statewide effect supports a stay.  If this case proceeds without a stay, extensive, costly discovery will be required.  Discovery in this case will almost certainly require the review and collection of thousands of documents, depositions of numerous witnesses and multiple plaintiffs, and coordination amongst multiple municipalities and state agencies.  These type of "wasteful, unrecoverable, and possibly duplicative costs

are proper considerations" to be balanced among others when considering a stay. *Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, No. 3:13-CV-931-J-39JBT, 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015) (discussing a stay during the pendency of a Rule 23(f) petition and citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)) (Attached as Ex. G).  And there is no indication that a stay during the pendency of an appeal would raise concerns about any witnesses' memories or the loss of information due to the passage of time.

Currently, the proceedings are in their infancy, and speeding straight into discovery would be not only costly but inefficient while the Sixth Circuit is considering whether Plaintiffs exhausted their claims and whether a claim has been stated under the IDEA.  *See, e.g.*, *Meyers v. Cincinnati Bd. of Educ.*, No. 1:17-cv-521, 2019 WL 451355 (S.D. Ohio Feb. 5, 2019) (school district defendants would be irreparably harmed by being forced to litigate and conduct discovery while the issue of immunity is on appeal) (Attached as Ex. H).

Accordingly, a stay of this matter pending appeal would not only save time and expense for the parties, but also the Court.  There is a

strong possibility that this appeal would demarcate and narrow the playing field not only for discovery, but for the ultimate disposition of the case.  A stay pending appeal would also prevent waste of this Court's resources if the Sixth Circuit were to reverse or to clarify the standard in the unsettled areas of law MDE seeks to appeal.

Further, Plaintiffs cannot show that a stay will substantially harm them.  While Plaintiffs may argue that a stay would cause a delay in the ability of this case to proceed as scheduled, even with a stay pending an appeal, Plaintiffs will be permitted a full opportunity to conduct discovery on their claims, if they are successful on appeal. Further, when considered alongside the implications of a class action lawsuit, any alleged prejudice due to delay in this case during the pendency of an appeal is negligible.  Moreover, if this Court addresses the legal issues twice (now and then after the appellate proceedings have concluded), the case would be further delayed and any remedy Plaintiffs could ultimately receive, further delayed.  And, to the extent Plaintiffs might suggest a stay would delay their access to FAPE, this concern is meritless.  Two of the three Plaintiffs no longer attend Hamtramck Public Schools, and there are no allegations the third

14

Plaintiff continues to suffer an ongoing denial of FAPE.  Put plainly,

Plaintiffs cannot show *any* harm, let alone the substantial harm

required to oppose a stay pending appeal.

This factor weighs in favor of a stay.

## III.   There is a significant public interest in granting a stay.

Lastly, there is a public interest in having the Sixth Circuit decide

unsettled legal questions.  *In re Lorazepam & Clorazepate Antitrust

Litig.,* 208 F.R.D. 1, 6 (D.D.C. 2002) ("the public interest really is rooted

in the proper resolution of the important issues raised in [the] case").

This is particularly true here where a stay pending appeal ensures the

proper legal result is reached in this case and could save the parties and

the Court numerous resources in the end.  Moreover, this litigation is of

significant importance; it is a class action comprising potentially

hundreds of students within Hamtramck.  Thus, this factor also weighs

in favor of a stay.

## CONCLUSION AND RELIEF REQUESTED

In the event this Court grants the motion to certify, MDE respectfully requests that this Court enter an order staying the September 24, 2024 Opinion and Order pending final resolution of MDE's Motion to Certify and MDE's appeal in the United States Court of Appeals for the Sixth Circuit. If this Court denies MDE's instant Motion for Stay, MDE requests a temporary stay of 14 days so that it may appeal this Court's denial to the Sixth Circuit Court of Appeals.

Respectfully submitted,

/s/ *Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
MI Dep't of Attorney General
Health, Education & Family
Services Divivion
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
Dated:  October 7, 2024            hendleyt1@michigan.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

/s/ *Bryan W. Beach*
Bryan W. Beach (P69681)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of
Education
MI Dep't of Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
beachb@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

17