UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Y.A., a Minor Child, By
Next Friend Ibrahim Alzandani;
W.A., a Minor Child, By
Next Friend Nadhem Alnajar;
and A.M., a Minor Child, By
Next Friend Abraham Muzib,

    Personally and on behalf of all
    similarly situated persons,

    Plaintiffs,

v.

Hamtramck Public Schools,
Wayne County Regional
Educational Service Agency, and
Michigan Department of Education,

    Defendants.

No. 2:23-cv-12817

Hon. Brandy R. McMillion

---

| Jennifer L. McManus (P65976) | Robert A. Dietzel (P67567) |
|---|---|
| Attorney for Plaintiffs | Kathryn R. Church (P80207) |
| FAGAN MCMANUS, P.C. | Kelly S. Bowman (P87014) |
| 25892 Woodward Avenue | Attorneys for Defendant |
| Royal Oak, Michigan 48067 | Hamtramck Public Schools |
| (248) 542-6300 | THRUN LAW FIRM, P.C. |
| jmcmanus@faganlawpc.com | 2900 West Road, Suite 400 |
| | P.O. Box 2575 |
| | East Lansing, Michigan 48826-2575 |
| | (517) 484-8000 |
| | rdietzel@thrunlaw.com |
| | kchurch@thrunlaw.com |
| | kbowman@thrunlaw.com |

| | |
|---|---|
| Kassem M. Dakhlallah (P70842)<br>Hammond, Dakhlallah & Associates, PLLC<br>Attorney for Plaintiffs<br>6050 Greenfield R., Ste. 201<br>Dearborn, Michigan 48126<br>(313) 551-3038<br>kd@hdalawgroup.com | Brandon S. Corcoran (85673)<br>Miller Johnson<br>Attorney for Defendant Wayne County Regional Educational Service Agency<br>500 Woodward #2800<br>Detroit, Michigan 48226<br>(313) 672-6946<br>corcoranb@millerjohnson.com |
| Bryan W. Beach (P69681)<br>Neil A. Giovanatti (P82305)<br>Ticara D. Hendley (P81166)<br>Assistant Attorneys General Health, Education & Family Services Division<br>P.O. Box 30758<br>Lansing, Michigan 48909<br>(517) 335-7603<br>beachb@michigan.gov<br>giovanattin@michigan.gov<br>hendleyt1@michigan.gov | Kevin T. Sutton (P65364)<br>Miller Johnson<br>Attorney for Defendant Wayne County Regional Educational Service Agency<br>1409 E. Jefferson, Fifth Floor<br>Detroit, Michigan 48226<br>(248) 258-2850<br>suttonk@millerjohnson.com |

**DEFENDANT HAMTRAMCK PUBLIC SCHOOLS'**
**MOTION TO CERTIFY AND TO STAY PROCEEDINGS PENDING APPEAL**

On September 24, 2024, this Court entered an order ("Order") denying Defendant Hamtramck Public Schools' ("HPS") Renewed Motion to Dismiss, holding that Plaintiffs are exempt from the Individuals with Disabilities Education Act's ("IDEA") exhaustion requirement because their systemic allegations render exhausting administrative remedies futile. (ECF No. 67). This Order involves dispositive legal questions of novel first impression in the Sixth Circuit that should be fully reviewed before requiring the parties to undergo the time and expense of continued litigation. For the reasons more fully stated in the attached brief, HPS asks this Court to enter an amended order certifying the following question for interlocutory appeal to the Sixth Circuit Court of Appeals: Are Plaintiffs exempt from the IDEA's exhaustion requirement because they pled systemic allegations, thereby rendering administrative exhaustion futile?

The Parties held a conference on October 4, 2024, and HPS sought concurrence in this Motion to Certify from opposing counsel pursuant to LR 7.1(a). Counsel for HPS explained the nature of the motion and its legal basis and requested concurrence. Concurrence was denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THRUN LAW FIRM, P.C.<br>Attorneys for Hamtramck Public Schools |
| Dated:  October 11, 2024 | By: /s/Robert A. Dietzel<br>Robert A. Dietzel (P67567)<br>THRUN LAW FIRM, P.C.<br>2900 West Road, Suite 400<br>P.O. Box 2575<br>East Lansing, Michigan 48826-2575<br>(517) 484-8000<br>rdietzel@thrunlaw.com |

THRUN
LAW FIRM, P.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Y.A., a Minor Child, By<br>Next Friend Ibrahim Alzandani;<br>W.A., a Minor Child, By<br>Next Friend Nadhem Alnajar;<br>and A.M., a Minor Child, By<br>Next Friend Abraham Muzib,<br><br>    Personally and on behalf of all<br>    similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>Hamtramck Public Schools,<br>Wayne County Regional<br>Educational Service Agency, and<br>Michigan Department of Education,<br><br>    Defendants. | No. 2:23-cv-12817<br><br>Hon. Brandy R. McMillion |

| | |
|---|---|
| Jennifer L. McManus (P65976)<br>Attorney for Plaintiffs<br>FAGAN MCMANUS, P.C.<br>25892 Woodward Avenue<br>Royal Oak, Michigan 48067<br>(248) 542-6300<br>jmcmanus@faganlawpc.com | Robert A. Dietzel (P67567)<br>Kathryn R. Church (P80207)<br>Kelly S. Bowman (P87014)<br>Attorneys for Defendant<br>Hamtramck Public Schools<br>THRUN LAW FIRM, P.C.<br>2900 West Road, Suite 400<br>P.O. Box 2575<br>East Lansing, Michigan 48826-2575<br>(517) 484-8000<br>rdietzel@thrunlaw.com<br>kchurch@thrunlaw.com<br>kbowman@thrunlaw.com |

THRUN LAW FIRM, P.C.

| | |
|---|---|
| Kassem M. Dakhlallah (P70842)<br>Hammond, Dakhlallah & Associates, PLLC<br>Attorney for Plaintiffs<br>6050 Greenfield R., Ste. 201<br>Dearborn, Michigan 48126<br>(313) 551-3038<br>kd@hdalawgroup.com | Brandon S. Corcoran (85673)<br>Miller Johnson<br>Attorney for Defendant Wayne County Regional Educational Service Agency<br>500 Woodward #2800<br>Detroit, Michigan 48226<br>(313) 672-6946<br>corcoranb@millerjohnson.com |
| Bryan W. Beach (P69681)<br>Neil A. Giovanatti (P82305)<br>Ticara D. Hendley (P81166)<br>Assistant Attorneys General Health, Education & Family Services Division<br>P.O. Box 30758<br>Lansing, Michigan 48909<br>(517) 335-7603<br>beachb@michigan.gov<br>giovanattin@michigan.gov<br>hendleyt1@michigan.gov | Kevin T. Sutton (P65364)<br>Miller Johnson<br>Attorney for Defendant Wayne County Regional Educational Service Agency<br>1409 E. Jefferson, Fifth Floor<br>Detroit, Michigan 48226<br>(248) 258-2850<br>suttonk@millerjohnson.com |

**DEFENDANT HAMTRAMCK PUBLIC SCHOOLS'
BRIEF IN SUPPORT OF ITS MOTION TO CERTIFY AND TO STAY
PROCEEDINGS PENDING APPEAL**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................ii, iii

TABLE OF EXHIBITS................................................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY.................................v

ARGUMENT..................................................................................................................1

   I.   This Court should certify its Order for interlocutory appeal because it involves a controlling question of law about which substantial grounds for differences of opinion exist, and immediate appeal is likely to materially advance the termination of this litigation..................................................................................1

      A.  The Order involves the Individuals with Disabilities Education Act's exhaustion requirement, the application of which presents a controlling question of law............................................2

      B.  The Order acknowledges that substantial grounds for a difference of opinion exist as to application of the Individuals with Disabilities Education Act's administrative exhaustion exceptions..................................................................................4

      C.  An immediate appeal is likely to materially advance the ultimate termination of this litigation..........................................................7

   II.  This Court should stay further action until opportunities for interlocutory appeal are exhausted...................................................................8

CONCLUSION AND RELIEF REQUESTED...........................................................8

# INDEX OF AUTHORITIES

**Cases**

*Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912 (6th Cir. 2000)................................3, 5

*D.R. v. Mich. Dep't of Educ.*, No. 16-13694, 2017 WL 4348818
    (E.D. Mich. Sept. 29, 2017)..........................................................................6, 7

*Endrew F. v. Douglas Cnty. Sch. Dist.*, 580 U.S. 386 (2017).............................................2

*F.C. v. Tenn. Dep't of Educ.*, 745 F. App'x 605 (6th Cir. 2018).............................2, 3, 4

*F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638 (6th Cir. 2014)............................5

*Flint ex rel. Flint v. Ky. Dep't. of Corrs.*, 270 F.3d 340 (6th Cir. 2001).........................3

*In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169 (6th Cir. 1992)...............................3

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002).......................................................3

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013).........................................................4

*In re Trump*, 874 F.3d 948 (6th Cir. 2017).......................................................................2

*J.G. ex rel. C.G. v. Knox Cnty.*, No. 1:19-cv-63, 2019 WL 4451203
    (E.D. Tenn. Sept. 17, 2019)...............................................................................5

*Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695 (6th Cir. 2015)..................................7

*Perez v. Sturgis Pub. Schs.*, 598 U.S. 142 (2023)..........................................................5, 6

*W.R. v. Ohio Health Dep't*, 651 F. App'x 514 (6th Cir. 2016)....................................2, 4

**Statutes**

20 U.S.C. § 1415(b)(6)(A).................................................................................................2

20 U.S.C. § 1415 (f)...........................................................................................................2

20 U.S.C. § 1415 (g)..........................................................................................................2

20 U.S.C. § 1415 (l)...........................................................................................................2

28 U.S.C. § 1292(b) ............................................................................................2, 7, 8

**Court Rules**

Fed. R. App. P. 5(a)(3) ..................................................................................................2

## TABLE OF EXHIBITS

Exhibit A   *W.R. v. Ohio Health Dep't*, 651 F. App'x 514 (6th Cir. 2016)

Exhibit B   *F.C. v. Tenn. Dep't of Educ.*, 745 F. App'x 605 (6th Cir. 2018)

Exhibit C   *J.G. ex rel. C.G. v. Knox Cnty.*, No. 1:19-cv-63, 2019 WL 4451203 (E.D. Tenn. Sept. 17, 2019)

Exhibit D   *D.R. v. Mich. Dep't of Educ.*, No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017)

CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 1292(b)

Fed. R. App. P. 5(a)(3)

*In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169 (6th Cir. 1992)

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)

*Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695 (6th Cir. 2015)

# ARGUMENT

The parties are on the verge of time-consuming and expensive litigation that will disrupt the operations of a Michigan public school district that is already facing staggering staff shortages. The expense of litigation will be extraordinary. Yet dispositive legal questions of first impression in the Sixth Circuit remain about which there are substantial differences of opinion, and immediate appeal may materially advance the termination of litigation.

Furthermore, the Order is already pending review by the Sixth Circuit Court of Appeals. Defendant Michigan Department of Education ("MDE") filed its notice of appeal as of right on October 2, 2024 for the Sixth Circuit to review this Court's Order denying MDE sovereign immunity under the Eleventh Amendment. (ECF No. 69).

This Court should stay further action and enter an amended order certifying for interlocutory appeal its Opinion and Order Denying Motions to Dismiss issued on September 24, 2024 ("Order").

**I.   This Court should certify its Order for interlocutory appeal because it involves a controlling question of law about which substantial grounds for differences of opinion exist, and immediate appeal is likely to materially advance the termination of this litigation.**

District courts may certify an order for interlocutory appeal if: (1) the order involves a controlling question of law to which there is (2) substantial ground for

difference of opinion and (3) an immediate appeal may materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). If these three elements are satisfied, a "district court may amend its order to include the required permission or statement." Fed. R. App. P. 5(a)(3).

> A. *The Order involves the Individuals with Disabilities Education Act's exhaustion requirement, the application of which presents a controlling question of law.*

Application of the Individuals with Disabilities Education Act's ("IDEA") exhaustion requirement presents a controlling question of law. The exhaustion requirement applies to "any matter relating to the identification, evaluation, or educational placement of [a] child, or the provision of a [FAPE] to such child" and requires that a plaintiff file a due process complaint with an administrative law judge before seeking judicial review. 20 U.S.C. § 1415(b)(6)(A), (f), (g), and (l); *see also Endrew F. v. Douglas Cnty. Sch. Dist.*, 580 U.S. 386, 391-92 (2017). This Court agrees that Plaintiffs did not exhaust their administrative remedies, as none of the named Plaintiffs filed due process complaints. (ECF No. 67, PageID.1334-35). Yet, this Court held that Plaintiffs were exempt from the exhaustion requirement because their systemic allegations render administrative remedies futile.

The Sixth Circuit has not recognized the systemic violations exception and has only narrowly adopted the futility exception. *See W.R. v. Ohio Health Dep't*, 651 F. App'x 514, 521 (6th Cir. 2016) (Exhibit A); *F.C. v. Tenn. Dep't of Educ.*, 745 F. App'x

605, 609 (6th Cir. 2018) (Exhibit B); *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 918 (6th Cir. 2000) (holding that exhaustion is futile "where the administrative process would be incapable of imparting appropriate relief"). Whether, or to what extent, these exceptions apply is a purely legal issue of first impression in the Sixth Circuit. Even if the application of these exceptions necessitates a factual component, the Sixth Circuit has held that "[m]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal." *Flint ex rel. Flint v. Ky. Dep't. of Corrs.*, 270 F.3d 340, 346 (6th Cir. 2001).

"All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992); *see also In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Appellate review of HPS's exhaustion defense is likely to materially affect the outcome of this litigation. If the Sixth Circuit declines to recognize a systemic violations exception to the exhaustion requirement, Plaintiffs' claims must fail as a matter of law. Said differently, HPS's exhaustion defense raises a clear question of law that is dispositive of the entire case. Therefore, the Order involves a controlling question of law that warrants immediate appeal.

> B. *The Order acknowledges that substantial grounds for a difference of opinion exist as to application of the Individuals with Disabilities Education Act's administrative exhaustion exceptions.*

"District courts in this circuit have interpreted 'a substantial ground for difference of opinion' . . . to mean when '(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.'" *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

This Court agreed that the Sixth Circuit has not recognized a systemic violations exception to the IDEA's exhaustion requirement. (ECF No. 67, PageID.1335); *W.R.*, 651 F. App'x at 521; *F.C.*, 745 F. App'x at 609. Because the Sixth Circuit has not recognized the systemic violations exception, this Court was left to rely on nonbinding decisions from other circuits to fit a systemic violations exception into the Sixth Circuit's narrow futility exception. (ECF No. 67, PageID.1335-38) ("[T]he reasoning in the above courts are in line with Sixth Circuit precedent that finds administrative exhaustion would be futile where plaintiffs seek remedies that are unavailable through the administrative process.").

As this Court recognized, the Sixth Circuit has adopted the futility exception, but the exception is intended to be narrow, and the Sixth Circuit has provided minimal guidance on its application – especially as to a purported class action lawsuit. *See J.G. ex rel. C.G. v. Knox Cnty.*, No. 1:19-cv-63, 2019 WL 4451203, at *4 (E.D. Tenn. Sept. 17, 2019) (Exhibit C); *Covington*, 205 F.3d at 917 ("Exhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights.").

This Court cited *F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638 (6th Cir. 2014), to suggest that administrative exhaustion is futile when Plaintiffs seek remedies that are unavailable through the administrative process. But even in *F.H.*, the Sixth Circuit delivered a narrow, fact-specific holding that provided minimal guidance for this case. In *F.H.*, the Sixth Circuit was "not persuaded that Appellants' alleged injuries . . . relate to the provision of a FAPE. . . . Appellants allege that F.H. was verbally, physically, and even sexually abused by his aides. These injuries are non-educational in nature and cannot be remedied through the administrative process." *Id.* at 644. Here, however, Plaintiffs' Complaint expressly alleges purported IDEA violations, including alleged violations of FAPE. (Am. Compl. ¶¶ 223-256).

This Court also relied on *Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 145, 150 (2023), a recent U.S. Supreme Court case which held that the plaintiff was not required to exhaust administrative remedies because he only sought compensatory

damages not available under the IDEA. Again, that narrow holding relates only to remedies not available under the IDEA. Here, Plaintiffs expressly pled IDEA violations and seek remedies available under the IDEA for those violations. (Am. Compl. ¶¶ 223-256, 271).

Additionally, the U.S. Supreme Court's decision in *Perez* supports HPS's motion for certification. The Court expressly declined to provide additional guidance about the futility exception: "The parties pose a number of additional questions they would like us to answer – including whether IDEA's exhaustion requirement is susceptible to a *judge-made futility exception* . . . But today, we have no occasion to address any of those things." *Perez*, 598 U.S. at 151 (emphasis added). Again, whether a systemic violations exception exists within a futility exception that has not been endorsed by the Supreme Court and that is narrowly interpreted in the Sixth Circuit is a novel and controlling question that has not been definitively answered.

In their Amended Complaint, Plaintiffs argue that exhaustion under the IDEA would have been futile *because* Defendants committed four systemic violations of the IDEA. (Am. Compl. ¶¶ 223-256). The issue before this Court is whether a systemic violations exception exists within the context of a narrow futility exception. That question has not been addressed by the Sixth Circuit. *See D.R. v. Mich. Dep't of Educ.*, No. 16-13694, 2017 WL 4348818, at *3 (E.D. Mich. Sept. 29, 2017) (Exhibit D)

("While the Sixth Circuit has not expressly adopted [the "systemic"] exception, *nor explicitly defined the futility exception for systemic claims*, courts around the country have accepted this excuse with varying parameters.") (emphasis added).

Substantial grounds for differences of opinion exist as to the scope of IDEA's administrative exhaustion exceptions and whether a systemic violations exception exists in the Sixth Circuit. For these reasons, HPS requests that this Court certify the question so that it may obtain immediate appellate review to gain clarity on the application of these exceptions to this case.

> C. *An immediate appeal is likely to materially advance the ultimate termination of this litigation.*

This Court has discretion to certify its Order for interlocutory appeal if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[P]ermitting appellate courts to timely resolve disputed, controlling legal questions when doing so might avoid the need for protracted and expensive litigation . . . serves the twin aims of judicial and party economy." *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015). As noted above, HPS's legal arguments are narrow and dispositive. The issues do not require factual development or discovery for resolution. If the Sixth Circuit agrees with HPS's position, any time and expense of discovery and litigation will have been for naught. Certification and immediate appellate review is warranted to avoid the

time and expense of protracted class-action litigation, especially in this case where the expense of litigation will ultimately be borne by the public, including HPS's students and staff.

II.  **This court should stay further action until opportunities for interlocutory appeal are exhausted.**

Certification of this Court's Order for interlocutory appeal does not automatically stay matters in this Court. The Court may, in its discretion, stay those matters pending interlocutory review. 28 U.S.C. § 1292(b). To ensure that the parties and the Court receive the full advantage of interlocutory review, and to avoid what may prove to be unnecessary and burdensome litigation, HPS urges this Court to stay all further action pending interlocutory review.

### CONCLUSION AND RELIEF REQUESTED

HPS raises dispositive legal questions of first impression in the Sixth Circuit about which there are substantial grounds for differences of opinion, and immediate appellate review is likely to terminate this litigation without the need for protracted, expensive, and disruptive litigation. Certification of the Order for interlocutory appeal is warranted.

HPS respectfully asks this Court to certify the question identified above for interlocutory appeal to the Sixth Circuit and to stay further proceedings in this matter until opportunities for interlocutory appeal have been exhausted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THRUN LAW FIRM, P.C.<br>Attorneys for Hamtramck Public Schools |
| Dated:  October 11, 2024 | By: /s/Robert A. Dietzel<br>Robert A. Dietzel (P67567)<br>THRUN LAW FIRM, P.C.<br>2900 West Road, Suite 400<br>P.O. Box 2575<br>East Lansing, Michigan 48826-2575<br>(517) 484-8000<br>rdietzel@thrunlaw.com |