## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

I.A., A MINOR CHILD, BY
NEXT FRIEND, IBRAHIM ALZANDANI,          Case No. 23-cv-12817
N.A., A MINOR CHILD BY                    Hon. Brandy R. McMillion
NEXT FRIEND NADHEM ALNAJAR,              Mag. David R. Grand
AND A.M., A MINOR CHILD BY
NEXT FRIEND ABRAHAM MUZIB,

        Personally and on behalf of all similarly
                 situated persons,

        Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS,
WAYNE COUNTY REGIONAL
EDUCATIONAL SERVICE AGENCY,
AND MICHIGAN DEPARTMENT OF
EDUCATION,

        Defendants.
_____/

## PLAINTIFF'S RESPONSE TO MICHIGAN DEPARTMENT OF EDUCATION'S MOTION TO CERTIFY (ECF NO. 71) AND STAY PROCEEDINGS (ECF NO. 73)

NOW COME PLAINTIFFS, by and through their attorneys, HAMMOUD,

DAKHLALLAH & ASSOCIATES, PLLC and FAGAN McManus, P.C., and for

their Response to Defendant Michigan Department of Education's Motion to Certify

(ECF No. 71) and Motion to Stay Proceedings (ECF No. 73) hereby state as follows:

For the reasons stated in the accompanying Brief in Support, Plaintiffs

respectfully request that this Honorable Court DENY Defendant Michigan

Department of Education's Motion to Certify (ECF No. 71) and Motion to Stay

Proceedings (ECF No. 73).

<div style="margin-left:40%">

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: */s/ Tarik D. Turfe*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Counsel for Plaintiffs
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
(313) 551-3038
tt@hdalawgroup.com

</div>

Dated: October 18, 2024

## **CERTIFICATE OF SERVICE**

I certify that on October 18, 2024, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

<div style="margin-left:40%">

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel Plaintiffs

</div>

Dated: October 18, 2024          tt@hdalawgroup.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

I.A., A MINOR CHILD, BY
NEXT FRIEND, IBRAHIM ALZANDANI,           Case No. 23-cv-12817
N.A., A MINOR CHILD BY                    Hon. Brandy R. McMillion
NEXT FRIEND NADHEM ALNAJAR,               Mag. David R. Grand
AND A.M., A MINOR CHILD BY
NEXT FRIEND ABRAHAM MUZIB,

   Personally and on behalf of all similarly
      situated persons,

   Plaintiffs,

v.

HAMTRAMCK PUBLIC SCHOOLS,
WAYNE COUNTY REGIONAL
EDUCATIONAL SERVICE AGENCY,
AND MICHIGAN DEPARTMENT OF
EDUCATION,

   Defendants.

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO MICHIGAN DEPARTMENT OF EDUCATION'S MOTION TO CERTIFY (ECF NO. 71) AND STAY PROCEEDINGS (ECF NO. 73)

## TABLE OF CONTENTS

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** .........................3

**INDEX OF AUTHORITIES**.........................................................................4

**I.      INTRODUCTION**.............................................................................5

**II.     LAW AND ARGUMENT**.................................................................5

**A.      THIS COURT SHOULD NOT CERTIFY ITS ORDER (ECFNO. 67) FOR INTERLOCUTORY REVIEW** ...............................6

**1.**      Supreme Court Precedent Confirms That Allegations Of Systemic Violations Excuse Administrative Requirements .......................................7

**2.**      Sixth Circuit Precedent Confirms That A Sea Can Be Sued Under Idea ……………………………………………………………………9

**3.**      Immediate Interlocutory Appeal Only Delays The Proceedings**...10**

**III.    CONCLUSION**.............................................................................14

**CERTIFICATE OF SERVICE** ....................................................................15

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Plaintiffs rely on 28 U.S.C. § 1292(b) in support of their Response in Opposition to Defendant's Motion to Certify and Stay.

## <u>INDEX OF AUTHORITIES</u>

### <u>CASES</u>

*Loose v. City of Dearborn Heights*,
   24 Mich. App. 87, 180 N.W.2d 105 (1970) …………………….…..4

*In Re Trump,*
   874 F.3d 948, 951 (6th Cir. 2017)………………………………...5, 6, 11

*Kraus v. Bd of Cty. Rd. Comm'rs for Kent Cty.*,
   364 F.2d 919, 922 (6th Cir. 1996)……………………………….…..6

*Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023)………………7, 8, 11

*D.R. v. Mich. Dep't of Educ.,*
   No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017)………..8

*Ulmo ex. Rel. Ulmo v. Gilmour Acad.*,
   273 F.3d 671, 679 (6th Cir. 2001)………………………………...9, 10, 11

*In re Baker & Getty Fin. Servs., Inc.*,
   954 F.2d 1169, 1172 n.8 (6th Cir. 1992)………………………..…10

### <u>RULES</u>

Fed. R. Civ. P. 24. ………..…………………………………...9, 10, 14, 18, 19

### <u>STATUTES</u>

MCL 38.501……………………………………………..…..….4, 6, 7

28 U.S.C. §1292(b) ………………………………………………….5, 6

MCL 380.1701 et seq.……………………………………………....6

20 U.S.C. § 1412(a)(11).……………………………………………...9

20 U.S.C. §1415(b)(6) and (f).………………………………………10

20 U.S.C. § 1415(i)(2)(A).……………………………………………10

## I.    INTRODUCTION

Defendant Michigan Department of Education ("MDE") erroneously argues that an interlocutory appeal will advance the needs of this case. Similar to its co-defendants, MDE is misplaced in this belief as no legitimate issue exists requiring certification of such issue pursuant to 28 U.S.C. §1292(b) or a stay in the proceedings. For the reasons set forth below, this Court should NOT certify any matter for appeal to the Sixth Circuit, and this Court should NOT stay any portion of this action pending HPS's appeal.

## II.    LAW AND ARGUMENT

MDE and co-defendants Hamtramck Public Schools ("HPS") and Wayne County Regional Educational Service Agency ("WRESA") have all filed the functionally indistinguishable Motions to Certify this Court's Opinion and Order (ECF No. 67) for appeal to the Sixth Circuit. These Motions address the same arguments concerning certification under 28 U.S.C. 1292(b) as further explained by *In Re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). Finally, all three parties ask the Court to stay the instant litigation pending appellate review[1].

---

[1] While HPS (ECF No. 74) and WRESA (ECF No. 72) requested a stay of the district court case in each respective motion, MDE filed its request for a stay as part of a separate motion (ECF No. 73).

## A. THIS COURT SHOULD NOT CERTIFY ITS ORDER (ECF NO. 67) FOR INTERLOCUTORY REVIEW

MDE requests that this Court certify its Opinion and Order (ECF No. 67) for interlocutory appeal, citing to 28 U.S.C. § 1292(b) and *In Re Trump,* 874 F.3d 948, 951 (6th Cir. 2017). Plaintiffs incorporate the three factors cited by the Sixth Circuit in *In Re Trump*. The district court *may* certify an order for interlocutory appeal if (1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal may materially advance the termination of the litigation. *Id.* Underscoring these factors, the Sixth Circuit has found that prior case law suggests this type of review of only appropriate in "exceptional cases". See *In Re Trump*, and *Kraus v. Bd of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1996).

Plaintiffs have brought four causes of action in this matter. First, Plaintiffs alleged that all Defendants caused systemic violations of the Individuals with Disabilities Education Act ("IDEA") ("IDEA claims"). Second, Plaintiffs alleged that under the Rehabilitation Act, Defendants discriminated against Plaintiffs due to their disability by, *inter alia*, failing to provide Plaintiffs with a free appropriate public education ("FAPE") ("§504 Claims"). Third, Plaintiffs allege that under Title II of the Americans with Disabilities Act ("ADA"), Defendants discriminated against Plaintiffs due to their disability ("ADA Claims"). Fourth, Plaintiffs brought a state law claim under MCL 380.1701 *et seq*, including the Michigan

6

Administrative Rules for Special Education ("MARSE") ("State Law Claims"). As this Court is aware, these claims plead various elements and importantly, allegations of damages. MDE's Motion loses sight of such pleading characteristics and consistently ignores the reality that with such dynamic pleadings, interlocutory appeal is not likely to advance any portion of this case.

MDE argues that in its Opinion and Order (ECF No. 67), this Court presented two controlling issues of law ripe for certification on appeal. First: whether allegations of systemic violations excuse Plaintiffs from otherwise being forced to comply with the IDEA's administrative exhaustion requirements. Second: whether a State Education Agency is liable under IDEA.

1. Supreme Court Precedent Confirms That Allegations Of Systemic Violations Excuse Administrative Requirements

After regurgitating their Motion to Dismiss arguments, MDE erroneously argues that this Court relied on persuasive caselaw from other circuits to find that a systemic exception to the administrative exhaustion requirement exists in this case. (ECF No. 71,PageID.1387). That is not the case. Rather, the Court quoted *Luna Perez*, binding Supreme Court precedent that established "a suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed *without exhausting IDEA's administrative processes if the remedy a plaintiff seeks is not one IDEA provides*," (ECF No. 67, PageID.1342) *quoting Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023) (emphasis added).

Even if the Sixth Circuit may not have directly recognized the systemic violations exception to the IDEA's exhaustion requirements outright, or with specific examples directly analogous to this case, other Courts in this Circuit found this position persuasive enough to adopt. See ECF No. 67,PageID. 1335-1336. Furthermore, *D.R. v. Mich. Dep't of Educ.,* No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017) shows that the lower courts within the Sixth Circuit and beyond it *have accepted this excuse with varying parameters*.  Therefore, it is unlikely that reasonable jurists may reach a contradictory conclusion on the application of the futility exception.

Of course, this Court found that Plaintiffs' Counts II (§504 Claims), III (ADA Claims), and IV (State Law Claims) each sought remedies not provided by IDEA, meaning that *Luna Perez* warranted an exception of the administrative exhaustion. (ECF No. 67, PageID.1341-1343). MDE's argument focuses on the exhaustion requirement for IDEA claims, only, and loses sight that the Court denied the application of this requirement to claims with remedies not provided under IDEA. *Id.* MDE therefor presents no controlling issue of law. Similarly, it follows that no difference of opinion can ensue on this point given that the Supreme Court has already cemented the law on this matter. Appeal, and certification for appeal, will not materially advance this matter.

2.  Sixth Circuit Precedent Confirms That A Sea Can Be Sued Under Idea

On the second "issue", MDE again misconstrues this Court's reliance on case law. In its Opinion and Order, this Court sets a clear foundation where the Sixth Circuit "recognized that the language of IDEA suggests that either (or both) the SEA or local educational agency ("LEA") may be held liable for the LEA's failure to provide FAPE. (ECF No. 67, PageID.1345) quoting *Ulmo ex. Rel. Ulmo v. Gilmour Acad.*, 273 F.3d 671, 679 (6th Cir. 2001). MDE contends that the *Ulmo* panel "did not address how (or if) an IDEA claim could be pursued against a SEA because a SEA was not a defendant in that case" (ECF No.71, PageId.1389). This argument does not flow from the ruling of *Ulmo*.

The Sixth Circuit in *Ulmo* clearly established the grounds for the commencement of a civil lawsuit under IDEA against a SEA. "Under the IDEA, the responsibility for ensuring that disabled students receive a free appropriate public education lies with the state educational agency (SEA). 20 U.S.C. § 1412(a)(11) (recognizing the SEA as the primary authority for establishing a state's compliance with the IDEA).". *Ulmo*, 273 F.3d at 679. After establishing that a SEA has clear responsibilities and obligations under IDEA, the *Ulmo* court established the administrative challenges that parents of a disabled students could pursue, against a SEA, under 20 U.S.C. §1415(b)(6) and (f). *Id.* If any person was "aggrieved" by that final decision *at the ultimate conclusion of the administrative*

9

*process*, said person may *bring a civil action in state or federal court* under 20 U.S.C. § 1415(i)(2)(A). *Id.* (emphasis added).

In other words, the *Ulmo* court interpreted IDEA to (1) establish the responsibility of a SEA, (2) establish the administrative appeal mechanism to the SEA, and (3) when such administrative mechanisms fail, establish a *civil action* in state or federal court for appropriate redress. MDE's logic would have this Court, or the Sixth Circuit, interpret (3) to leave "open ended" what party can be sued. However, logic provides that only one party can be hailed into court for a SEA's failure to comply with its statutory requirements and administrative failures under IDEA: the SEA itself.

Therefore, it remains that MDE is without any legitimate "controlling issue of law". Neither of the issues discussed above could "materially affect the outcome of the litigation in the district court" *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). This issue, again, is plainly settled by the Sixth Circuit and needs no further guidance.

3.  Immediate Interlocutory Appeal Only Delays The Proceedings

Without any controlling issues of law, and without any reasonable bases to appeal this Cout's Opinion and Order, MDE's attempt to appeal and stay this case only serves to delay the inevitable discovery that Plaintiffs are entitled to. As stated above, MDE's best day on appeal is its unlikely parsed victory on the application of

the administrative exhaustion requirement. However, such a victory only affects Count I of Plaintiffs' Complaint. Due to the *Luna Perez* holding, Plaintiffs Counts II, III, and IV always remain.

While the application of the administrative exhaustion defense to situations of systemic violations may be a question of law, it is not dispositive on Counts II, III, and IV of Plaintiffs' claims. In fact, this Court found that the administrative exhaustion defense under the IDEA actually does not apply to Plaintiff's Counts II (§504 Claims), III (ADA Claims), and IV (State Law Claims). ECF No. 67, PageID.1341-1343.

This Court applied the same reasoning to Plaintiffs' State Law Claims by analyzing the MARSE rules. Under the MARSE rules, Michigan courts generally recognized a futility exception to exhaustion requirements (ECF No. 67, PageID.1344), meaning that the Court was well within its discretion to apply such a futility exception as it did for the ADA and §504 claims, but not MARSE.

Therefore, the certification by this Court and reversal by the Sixth Circuit, on the issue identified by Plaintiff, will not materially affect the outcome of the case. See *In Re Trump*, 874 F.3d at 951. Under *Ulmo*, the SEA (MDE) will always remain as a defendant in this action. Therefore, appeal stands to provide no material advancement in the issues and only delays discovery and further prejudices members of the class who have already been damaged by Defendants' ineptitudes.

11

## B.  THERE IS NO BASIS FOR A STAY OF PROCEEDINGS

In deciding whether to grant a stay pending appeal, much like the standard for determining whether to issue a preliminary injunction, *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir.2002) (per curiam), the court will consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). All four factors are not prerequisites but are interconnected considerations that must be balanced together. Id.

Here, MDE can satisfy none of the factors.  First, MDE does not have a probability of success on the merits of its appeal.  The arguments in the proposed appeal are a rerun of the arguments in MDE's recently denied Motion to Dismiss. The grounds for denial are rooted in Supreme Court, Sixth Circuit and Eastern District case law, MDE's arguments to the contrary notwithstanding.  This Court just ruled on these arguments mere days ago in a detailed and well-reasoned opinion. MDE's arguments have not changed since then, and neither has the law.  There is virtually no chance of success on appeal.  Certainly, success is not *probable*.

12

Second, there is no irreparable harm to MDE by the denial of a stay.  MDE points only to the litigation that it will need to participate in as support for this contention.  There is no world in which MDE would not be litigating this case, whether now or following appeal.  The special needs children of Hamtramck Public Schools languish without a proper education.  Meanwhile, MDE – an arm of the State whose annual budget for education is Twenty Three Billion Dollars ($23,000,000,000.00)[2] – complains that the litigation could cost some money.  Harm "is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).  Having to provide documents in discovery and the attendant cost, as MDE complains in its Motion, is simply money spent.  That is never irreparable harm in any context.

Third, the plaintiff class will continue to be severely harmed if this Court stays the case.  The special needs children of Hamtramck have done without anything remotely resembling a lawfully-mandated public education for years.  Every additional minute of delay will set them back even further.  Time is critical in this case.  It is the quintessential case of justice delayed is justice denied.  The kids of Hamtramck have one chance to obtain an appropriate childhood education and a stay of this case will continue to deny them that right.

---

[2] See https://www.michigan.gov/whitmer/news/press-releases/2024/07/23/gov-whitmer-signs-historic-fy25-education-budget

Finally, the public interest is not served by a stay.  The public stands to benefit when the law is followed.  By law, the plaintiff class is entitled to an education that they are not receiving.  The public benefits when its citizens are properly educated. The special needs children of Hamtramck are not receiving an appropriate education, which harms the public interest in many obvious ways that MDE does not believe are important enough to meaningfully address in their Motion.

Finally, simply because MDE filed an Appeal on immunity grounds for part of this case does not require this Court to stay this case.  Even MDE's success on that appeal would not resolve most of the issues in this case.  No matter what, this case will proceed to litigation.  Now is the time to do that.

## III.    <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully request that this Court DENY Defendant MDE's Motion to Certify and DENY MDE's request to Stay the proceedings.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: <u>*/s/ Tarik D. Turfe*</u>
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe (P83690)
Counsel for Plaintiffs
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
(313) 551-3038

Dated: October 18, 2024          tt@hdalawgroup.com

14

**LOCAL RULE CERTIFICATION:** I, Tarik D. Turfe, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all texts that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that this document is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel for Plaintiffs
tt@hdalawgroup.com

Dated: October 18, 2024

**CERTIFICATE OF SERVICE**

I certify that on October 18, 2024, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

Respectfully submitted,

By: */s/ Tarik D. Turfe*
Tarik D. Turfe (P83690)
Counsel Plaintiffs
tt@hdalawgroup.com

Dated: October 18, 2024