Nos. 24-0106/0107/0108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jul 3, 2025

KELLY L. STEPHENS, Clerk

In re: WAYNE COUNTY REGIONAL )
EDUCATIONAL SERVICE AGENCY, )
)
Petitioner [24-0106], )
)     O R D E R
)
In re: MICHIGAN DEPARTMENT OF )
EDUCATION, )
)
Petitioner [24-0107], )
)
In re: HAMTRAMCK PUBLIC )
SCHOOLS, )
)
Petitioner [24-0108]. )

Before: SUTTON, Chief Judge; BATCHELDER and RITZ, Circuit Judges.

In these related matters, Defendants Wayne County, Michigan, Regional Educational Service Agency; Michigan Department of Education; and Hamtramck Public Schools separately petition under 28 U.S.C. § 1292(b) for permission to appeal from the district court's order denying their motions to dismiss this suit brought by three school children[*] under the Individuals with Disabilities Education Act ("IDEA"), § 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and Michigan Administrative Rules for Special Education.

---

[*] Y.A., a Minor by Next Friend Ibrahim Alzandani; W.A., a Minor by Next Friend Nadhem Alnajar; and A.M., a Minor by Next Friend Abraham Muzib.

"Our jurisdiction usually encompasses final judgments alone." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (order) (citing *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018)). "But that rule contains 'safety valves,'" including § 1292(b), "which authorizes interlocutory review under specific circumstances." *id.* (quoting *Page Plus of Atlanta v. Owl Wireless, LLC*, 733 F.3d 658, 659–60 (6th Cir. 2013)). A district court can certify one of its orders for § 1292(b) review if it finds three things: (1) that the appeal "involves a controlling question of law," (2) that there is a "substantial ground for difference of opinion" about how to answer that question, and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "If the district court certifies an order, we may exercise our discretion to review it," considering the same three factors. *In re Somberg*, 31 F.4th at 1008 (citing *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (order)). And if we grant permission to appeal, we "may address any issue fairly included within the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

The district court identified multiple questions that might justify interlocutory review, including "whether exhaustion of administrative remedies is required under IDEA when systemic violations are alleged." The circuits that have applied a "systemic-violations exception" to IDEA exhaustion recognize it as a specific instance where the scope and gravity of alleged systemic violations makes it futile to pursue administrative remedies. *See, e.g.*, *Heldman ex rel. T.H. v. Sobol*, 962 F.2d 148, 158–59 (2d Cir. 1992). Thus, the district court's question is more properly framed as, "would exhaustion be futile in light of Plaintiffs' alleged systemic violations," or, more fundamentally, "can futility excuse non-exhaustion in an IDEA case?"

Happily, our jurisdiction under § 1292(b) "is not tied to the particular question formulated by the district court." *Yamaha Motor Corp.*, 516 U.S. at 205. We believe our reframed inquiry is a controlling question of law, *see In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002), that could materially advance the ultimate termination of this litigation, *see In re Somberg*, 31 F.4th at 1008.

We also find substantial ground for difference of opinion in answering that question. As noted, some of our sister circuits already apply a futility exception. There is also precedent theorizing that IDEA exhaustion is susceptible to a futility exception without applying it. *See Honig v. Doe*, 484 U.S. 305, 326–27 (1988); *Covington v. Knox Cnty Sch. Sys.*, 205 F.3d 912, 916–17 (6th Cir. 2000), *amended on denial of reh'g* (May 2, 2000).

More recently, in *Luna Perez v. Sturgis Public Schools*, 3 F.4th 236, 242–43 (6th Cir. 2021), we observed that the IDEA "does not come with a 'futility' exception, and [that] the Supreme Court has instructed us not to create exceptions to statutory exhaustion requirements," but we went on to find that, even if the futility exception existed, it would not apply in the case. The opinion included a lengthy dissent, citing *Honig* and *Covington* as "binding circuit and Supreme Court precedent [that] compels the conclusion that [the plaintiff] ha[d] plausibly alleged that he should be excused from the exhaustion requirement." *Id.* at 249 (Stranch, J., dissenting). The Supreme Court subsequently reversed our holding on appeal, but on other grounds—it found that administrative exhaustion was not required because the plaintiff was seeking relief that the IDEA cannot grant. *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 148 (2023). And although the parties specifically asked the Court to decide "whether IDEA's exhaustion requirement is susceptible to a judge-made futility exception," the Court declined to do so. *Id.* at 151.

As a result, there remains room for debate over whether courts may—and whether we do— apply a futility exception to IDEA exhaustion. All three § 1292(b) factors therefore favor interlocutory review of that question. We ask that the parties additionally brief the question posed by the Michigan Department of Education, that is, whether a state education agency may be held liable under the IDEA, and if so under what circumstances. Although that question is logically subsequent to the key question certified in this order (whether the IDEA's exhaustion requirement contains a futility exception), we believe it to be prudent for the parties to brief both issues now and thus avoid the risk that additional litigation will be required to finally resolve the defendants' motions to dismiss.

Nos. 24-0106/0107/0108

-4-

Accordingly, the petitions for permission to appeal are **GRANTED**.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_

Kelly L. Stephens, Clerk